**HUESTON HENNIGAN LLP**
John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Yahor Fursevich, State Bar No. 300520
yfursevich@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:      (213) 788-4340
Facsimile:      (888) 775-0898

Attorneys for Plaintiff
Palantir Technologies Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARC L. ABRAMOWITZ, in his individual capacity and as trustee of the MARC ABRAMOWITZ CHARITABLE TRUST NO. 2, KT4 PARTNERS LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:19-cv-06879-BLF<br><br>**PLAINTIFF PALANTIR TECHNOLOGIES INC.'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Date:          February 13, 2020<br>Time:          9:00 a.m.<br>Courtroom    3 (5th Floor)<br>Judge:         Hon. Beth L. Freeman |

1    **I.      INTRODUCTION**

2          Over three years ago, Palantir initiated this litigation against Defendants for stealing its

3    trade secrets and using them to launch a competing business.  But despite Palantir's efforts to move

4    this case toward resolution, Defendants have blocked Palantir from obtaining any discovery to date.

5    For example, after the state court accepted Palantir's trade secret disclosure, and directed discovery

6    to move forward expeditiously, Defendants refused to conduct any discovery for months because of

7    the possibility that this case may be removed to federal court.  And once in this Court, Defendants

8    attempted to force a stay by refusing to promptly participate in a conference under Federal Rule of

9    Civil Procedure 26(f) and precluding Palantir from serving any discovery requests.  As a result of

10   Defendants' refusal, Palantir was forced to seek intervention from the Magistrate Judge, who

11   ordered Defendants to promptly participate in the Rule 26(f) conference.

12         In their latest effort to delay or avoid discovery, Defendants have now filed this Motion to

13   Stay pending a ruling on their motion to dismiss.  But "[t]he Federal Rules of Civil Procedure do

14   not provide for automatic or blanket stays of discovery when a potentially dispositive motion is

15   pending." *Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal.

16   Nov. 4, 2016) (internal citation omitted).  Staying discovery is an extraordinary measure, and "[a]

17   party seeking a stay of discovery carries the heavy burden of making a strong showing why

18   discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)

19   (quotation marks omitted).  Defendants cannot meet their "heavy burden" for two reasons:

20         *First*, before discovery can be stayed, Defendants must establish that Palantir's claims are

21   frivolous and that their motion to dismiss will dispose of this case in its entirety.  Defendants

22   cannot do so here.  As explained in Palantir's opposition to the motion to dismiss, Defendants'

23   motion is meritless because, among other reasons, it asks the court to weigh in on numerous issues

24   of fact that cannot be resolved at this stage of the proceedings.  Consequently, because at least one,

25   and likely all, of Palantir's claims will survive Defendants' motion to dismiss (indeed, most of

26   Palantir's claims have already survived Defendants' demurrer in state court), a discovery stay is

27   improper.  *See Optronic Techs., Inc. v. Ningbo Sunny Elec. Co*., 2018 WL 1569811, at *1 (N.D.

28   Cal. Feb. 16, 2018) (denying motion to stay where defendants cited nothing "outside of their own

- 1 -

1   opinion of the Amended Complaint's deficiencies"); *Anderson v. SeaWorld Parks & Entm't, Inc.*,

2   2017 WL 6448206, at *2 (N.D. Cal. Dec. 18, 2017) (denying motion to stay because "the Court

3   cannot say with confidence that . . . there are no material facts in dispute").

4       Regardless, even assuming that Defendants' motion to dismiss were granted in its entirety,

5   a discovery stay would still be improper because Palantir would be entitled to an opportunity to

6   cure any deficiencies in its complaint.  Leave to amend would be particularly appropriate here

7   because the state court overruled Defendants' demurrer to Palantir's current state law claims, and

8   Palantir asserted its RICO claim for the first time in the operative Third Amended Complaint

9   ("TAC").  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (leave

10  to amend should "be freely given").  Accordingly, Defendants' motion to dismiss would not

11  dispose of this entire case.  *See Singh*, 2016 WL 10807598, at *2 ("[E]ven if Defendant were

12  correct that Plaintiff's claims must be dismissed as alleged, the Court would consider whether leave

13  to amend should be granted, rendering [Defendant's] motion not dispositive.");  *Nat'l Union Fire*

14  *Ins. Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc.*, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18,

15  2010) ("[Defendant] [incorrectly] assumes that even if the district court finds that (some or all of)

16  the claims are deficient, that leave to amend any of them would not be granted.  Therefore, the

17  court finds that the motion to dismiss is not 'potentially dispositive' at this juncture.").

18      *Second*, to justify a discovery stay, Defendants must establish with specific facts that

19  conducting discovery while their motion to dismiss is pending would impose an undue burden.  But

20  instead of presenting such facts here, Defendants assert in a conclusory manner that they

21  "anticipate that Palantir will pursue a vexatious discovery strategy aimed at maximizing the

22  litigation expenses."  (Mot. at 5–6.)  Such conclusory assertions cannot satisfy Defendants' burden

23  as a matter of law.  *See Singh*, 2016 WL 10807598, at *2  ("Google fails to identify any discovery

24  burdens, and offers no particular or specific facts to support its assertion that a stay would be

25  necessary to spare the parties or the Court from the 'burden' of discovery.");  *Smith v. Levine*

26  *Leichtman Capital Partners, Inc.*, 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011) ("The

27  expense of discovery alone does not amount to good cause to stay discovery . . . .").

28      For all these reasons, and those set forth below, the Court should deny Defendants' Motion.

## II.    BACKGROUND

On September 1, 2016, Palantir initiated this action in the California Superior Court, alleging that Defendants engaged in a multi-year scheme to defraud Palantir, steal its trade secrets, and then use those trade secrets to set up competing businesses.  In the three years of litigation that followed, the state court (among other things) overruled Defendants' demurrer to Palantir's claims for trade secret misappropriation and breach of contract, accepted Palantir's trade secret disclosure under California Code of Civil Procedure § 2019.210, and directed the parties to conduct discovery with an eye toward a trial date in June 2020.

Despite Palantir's efforts to move this action forward, Defendants have blocked it from obtaining any discovery to date.  Once the state court accepted Palantir's trade secret disclosure and lifted the automatic discovery stay under § 2019.210, it instructed the parties at a June 4, 2019 case management conference that discovery should proceed expeditiously.  Palantir served discovery requests almost immediately thereafter.  Three weeks later, Palantir also filed a motion for leave to amend the complaint to add a federal RICO claim against all Defendants.

Rather than engage in discovery, however, Defendants asserted that they would not provide any substantive responses on any of Palantir's claims until the state court ruled on Palantir's motion for leave to amend.  According to Defendants, no discovery could take place due to the possibility of removal to federal court if that motion were granted.  In light of this unilateral discovery stay, Palantir filed a motion to compel discovery responses and for sanctions.  Days before the hearing on Palantir's motion to compel, the state court granted Palantir's motion for leave to amend, and Defendants removed the case to this Court on October 22, 2019.  All in all, Defendants' unilateral discovery stay in state court has already delayed discovery by four months.  To date, Palantir has not received a single document, a single response to an interrogatory, or a single deposition in this case.

Once in this Court, Defendants continued their attempts to delay discovery and the resolution of this action.  After Defendants filed their motion to dismiss on October 29, 2019, they refused to promptly participate in an initial case conference under Federal Rule of Civil Procedure 26(f) without offering any legitimate reasons for that refusal.  Because Palantir could not serve

1   discovery until the Rule 26(f) conference had occurred, Defendants effectively sought to help

2   themselves to yet another months-long stay of discovery.  Palantir was thus forced to file a motion

3   with the Magistrate Judge requesting the Court compel Defendants to hold a Rule 26(f) conference.

4   On December 4, 2019, Magistrate Judge Cousins granted Palantir's request and ordered Defendants

5   to participate in the conference by December 17.

6          On December 9, 2019, before the parties conducted their Rule 26(f) conference and before

7   any discovery was propounded, Defendants filed this Motion to Stay.  Since then, on December 13,

8   2019, the parties conducted their Rule 26(f) conference, and Palantir served a narrow set of

9   requests for production and interrogatories.

10  **III.    ARGUMENT**

11         "Under Ninth Circuit law, a party seeking a stay of discovery carries the heavy burden of

12  making a strong showing why discovery should be denied."  *Power Integrations, Inc. v. Park*, No.

13  16-CV-02366-BLF, 2016 WL 10859441, at *1 (N.D. Cal. Dec. 2, 2016) (citations omitted).  This

14  heavy burden "is not satisfied by superficial statements or vague articulations demonstrating

15  nothing more than the traditional burdens of litigation."  *Optronic Techs., Inc. v. Ningbo Sunny*

16  *Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018).  Nor is that burden satisfied by the

17  mere filing of a motion to dismiss; "[i]f it was, every case with a pending second-round motion to

18  dismiss—the large majority of federal actions—would be stayed at some point.  That sort of

19  inefficient and chaotic system is not contemplated by the Federal Rules . . . ."  *Id.* at *2; *see also*

20  *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990)  ("Had the Federal Rules

21  contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the

22  Rules would contain a provision to that effect.  In fact, such a notion is directly at odds with the

23  need for expeditious resolution of litigation.").

24         Instead, discovery may be stayed only when the Court "is convinced that the plaintiff will

25  be unable to state a claim for relief" because "a pending motion [is] potentially dispositive of the

26  entire case" and "can be decided absent additional discovery."  *Power Integrations,* 2016 WL

27  10859441, at *1 (citations omitted).   In the context of motions brought under Rule 12(b)(6), this

28  means that the stated claims for relief must be "utterly frivolous, or filed merely in order to conduct

1  a 'fishing expedition' or for settlement value." *Gray*, 133 F.R.D. at 40.  In other words, a Rule

2  12(b)(6) motion "could be dispositive of the entire action, *if* granted in its entirety and *if* the court

3  decides that further leave to amend should not be permitted. But those are big 'ifs.'" *Optronic*,

4  2018 WL 1569811, at *1 (emphases in original).

5       Even when a defendant demonstrates that a pending motion to dismiss is likely to be

6  granted in its entirety without leave to amend, a discovery stay is still improper in the absence of

7  good cause under Rule 26(c)(1).  *See Smith v. Levine Leichtman Capital Partners, Inc.*, 2011 WL

8  13153189, at *2 (N.D. Cal. Feb. 11, 2011).  In this context, good cause requires a specific showing

9  that discovery would impose an undue burden going beyond the traditional litigation costs.  *Id.*

10  ("The expense of discovery alone does not amount to good cause to stay discovery . . . .").

11  "[S]tereotyped or conclusory statements" are insufficient to satisfy this requirement.  *Id.* at *1

12  (citations omitted).

13       Here, Defendants cannot come close to establishing (i) that Palantir's claims are so

14  frivolous that their pending motion to dismiss will dispose of the entire case, or (ii) that they will

15  suffer undue burden in the absence of a discovery stay.

16       **A.   Defendants Cannot Show That Their Motion Will Dispose of the Entire Case**

17            1.   Defendants' Motion to Dismiss is Without Merit

18       Despite the fact that the state court has already rejected Defendants' attempt to dismiss

19  Palantir's trade secret and breach of contract claims, Defendants argue that their motion to dismiss

20  will result in the complete disposition of this action.  (Mot. at 2 –4.)  But Defendants offer little

21  more "outside of their own opinion of the [Third] Amended Complaint's deficiencies" and do not

22  even attempt to explain "why the [Third] Amended Complaint is utterly frivolous, or filed merely

23  in order to conduct a fishing expedition' or for settlement value." *Optronic*, 2018 WL 1569811, at

24  *1 (citations omitted).  As Palantir explained in detail in its opposition to Defendants' motion to

25  dismiss, each of its claims is viable and meritorious.  Although Palantir will not repeat all of the

26  reasons for rejecting Defendants' motion here, some of its most glaring deficiencies can be

27  summarized as follows:

28

- <u>RICO Claim</u>:  While Defendants assert that Palantir has insufficiently alleged injury or the existence of a RICO enterprise, they ignore or mischaracterize Palantir allegations.  Palantir has alleged concrete damages from Defendants' fraudulent RICO scheme both in the form of the profits Defendants gained at Palantir's expense and the costs they imposed on Palantir, including by forcing it to initiate several legal proceedings to mitigate the harm from Defendants' misconduct.  (Opp. to MTD (Dkt. 38) at 6–8.)  Palantir has also alleged that Defendants formed an "association-in-fact" RICO enterprise that made numerous misrepresentations and omissions—both to Palantir and in patent applications to the government—to carry out its multi-year wire fraud scheme.  (*Id.* at 8–20.)  This is sufficient to plead a valid RICO claim at this stage of the proceedings.

- <u>Breach of Contract and Implied Covenant Claims</u>:  Although Defendants incorrectly argue that the information they stole from Palantir was not covered by the confidentiality agreements they are alleged to have breached, their arguments require the Court to weigh in on several disputed issues of fact.  Determinations as to precisely what information Defendants stole, when they stole it, and under what circumstances cannot be made on a motion to dismiss.  (*Id.* at 21–23.)

- <u>Trade Secrets Misappropriation Claim</u>:  Defendants assert that Palantir's trade secret claim is deficient because Palantir did not use "reasonable efforts" in maintaining the confidentiality of its trade secrets.  But even assuming that the trade secret information was not covered by the confidentiality agreements with Defendants (it was), Palantir has alleged facts showing that Defendants were independently obligated to keep it secret.  The law is clear that whether a party undertook reasonable efforts to maintain the secrecy of a trade secret is a question of fact that cannot be resolved on a motion to dismiss.  (*Id.* at 25.)

Defendants therefore cannot show that their motion to dismiss will dispose of the entire case or that any of Palantir's claims are frivolous.  Indeed, many of the issues at the heart of Palantir's claims require factual and credibility determinations that can only be made after

- 6 -

1   discovery takes place.  Courts within this district routinely deny motions to stay under analogous

2   circumstances.   *See, e.g.*, *Anderson v. SeaWorld Parks & Entm't, Inc.*, 2017 WL 6448206, at *2

3   (N.D. Cal. Dec. 18, 2017) (denying motion to stay because "the Court cannot say with confidence

4   that . . . there are no material facts in dispute"); *Garcia v. Enter. Holdings, Inc.*, 2014 WL 4623007,

5   at *3 (N.D. Cal. Sept. 15, 2014) (denying motion to stay when "the Court cannot conclude that the

6   pending motion, though it challenges the sole claim in the operative complaint, will be potentially

7   dispositive of the entire case"); *Malek v. Green*, No. 17-cv-00263-BLF (N.D. Cal. Mar. 30, 2017)

8   (Dkt. No. 24 at 3) (denying motion to stay discovery because issues raised on the dispositive

9   motion were "subjects of reasonable dispute, such that it cannot be confidently said that Defendants

10  will succeed in ending the action or that their arguments are entirely meritorious"); *Svenson v.*

11  *Google, Inc.*, No. 13-cv-04080-BLF (N.D. Cal. Nov. 26, 2014) (Dkt. No. 100 at 2) (denying motion

12  to stay because the issues presented on a motion to dismiss were not "straightforward"); *Power*

13  *Integrations*, 2016 WL 10859441, at *2 (denying motion to stay because issues presented on the

14  motion were "the subjects of reasonable dispute").

15       None of the three cases Defendants cite for the contrary proposition support a discovery

16  stay in this case.  For example, *Yiren Huang v. Futurewei Technologies, Inc.*, 2018 WL 1993503

17  (N.D. Cal. Apr. 27, 2018), involved a motion to transfer venue under 28 U.S.C. § 1404—not a

18  motion to dismiss under Rule 12(b)(6)—and there was no dispute that an agreement between the

19  parties required the lawsuit to be brought in Texas.  *Id.* at *4.  Given the reasonably probable

20  transfer of the action, the court found good cause to stay discovery because it determined that the

21  case would likely be consolidated with related actions in Texas and "coordinating discovery in the

22  consolidated action will serve judicial economy and efficiency . . . ."  *Id.*  Such circumstances are

23  not present here.

24       The other two cases Defendants rely on were class actions with expansive complaints that

25  were overbroad on their face.  In *Bush v. Vaco Tech. Serv., LLC*, No. 17-cv-05605-BLF (N.D. Cal.

26  February 26, 2018) (Dkt. No. 38 at 2), the court agreed to stay discovery because it had already

27  informed the parties that the pending motion to dismiss would be granted since the allegations in

28  the complaint were grossly overbroad.  Staying discovery therefore made sense because any

1    discovery requests would be too "oppressive" and "based on overbroad allegations that will not

2    proceed."  *Id.*  Similarly, in *In re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, at *2 (N.D. Cal.

3    Aug. 18, 2017), a discovery stay was granted because the original complaint was "sprawling," *In re*

4    *Nexus 6p Prod. Liab. Litig.*, 2018 WL 3036734, at *2 (N.D. Cal. June 19, 2018), with ninety-five

5    pages and twenty-two counts alleging numerous violations of state and federal law, and there was a

6    strong probability that the motion to dismiss would obviate the need to conduct discovery on many

7    of those allegations.

8           Unlike in these cases, Palantir's complaint is neither frivolous nor "sprawling" or

9    "overbroad" on its face.  Each of Palantir's claims is based on the same set of core facts concerning

10   Defendants' scheme to misappropriate its trade secrets and set up competing businesses.

11   Defendants' motion would therefore not narrow discovery as long as at least one of Palantir's

12   claims survives.  As discussed above, it is reasonably likely that all claims—and certainly some

13   claims—will survive Defendants' motion (as they have previously).

14                 2.     <u>Defendants Cannot Show That Palantir Would Be Denied Leave to Amend</u>

15          Regardless, even assuming that Defendants' motion would be granted in its entirety,

16   Defendants would still have to show that Palantir's claims cannot be cured through amendment

17   before a discovery stay can be imposed.  As this Court explained in denying a motion to stay under

18   similar circumstances, "[E]ven if Defendant were correct that Plaintiff's claims must be dismissed

19   as alleged, the Court would consider whether leave to amend should be granted, rendering

20   [Defendant's] motion not dispositive."  *Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL

21   10807598, at *2 (N.D. Cal. Nov. 4, 2016); *Optronic*, 2018 WL 1569811, at *1 (denying motion to

22   stay because it was "possible" that "leave to amend [would be] permitted"); *Nat'l Union Fire Ins.*

23   *Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc.*, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010)

24   ("[Defendant] [incorrectly] assumes that even if the district court finds that (some or all of) the

25   claims are deficient, that leave to amend any of them would not be granted.  Therefore, the court

26   finds that the motion to dismiss is not 'potentially dispositive' at this juncture.").

27          Defendants have not even attempted to argue that Palantir would not be entitled to leave to

28   amend if any of its claims were found to be deficient.  Leave to amend would be particularly

1   appropriate here because Palantir has **never** amended its complaint in response to a demurrer or a

2   motion to dismiss.  As noted above, the state court overruled Defendants' demurrer as to Palantir's

3   current state law claims, and Palantir asserted its RICO claim for the first time in the TAC.  If the

4   TAC is found deficient, Palantir should be given an opportunity to cure the deficiency through

5   amendment.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

6   (leave to amend should "be freely given").  Accordingly, Defendants' motion to dismiss cannot be

7   "dispositive" of the entire case as a matter of law.  *See Singh*, 2016 WL 10807598, at *2; *Nat'l*

8   *Union Fire*, 2010 WL 3746290, at *1.

9           **B.     Defendants Cannot Show They Will Suffer an Undue Burden From Discovery**

10          Even if Defendants could somehow establish that their motion will dispose of the entire

11  case (and they cannot), a discovery stay would still be improper because Defendants have failed to

12  show that they will suffer undue burden from discovery.  *See Smith*, 2011 WL 13153189, at *2.

13  All they have done is assert in the most conclusory fashion that "Defendants anticipate that Palantir

14  will pursue a vexatious discovery strategy aimed at maximizing the litigation expenses" and that

15  "[t]he potential service of voluminous discovery . . . would require substantial resources that are

16  vastly disproportionate to the needs of the case."  (Mot. at 5–6.)  These assertions cannot constitute

17  "good cause" to stay discovery for two independent reasons:

18          *First*, it is well settled that "[t]he expense of discovery alone does not amount to good cause

19  to stay discovery."  *Smith*, 2011 WL 13153189, at *2; *see also Optronic*, 2018 WL 1569811, at *2

20  ("[The good cause standard] is not satisfied by superficial statements or vague articulations

21  demonstrating nothing more than the traditional burdens of litigation.").  Rather, to satisfy the good

22  cause requirement, Defendants must offer some "particular or specific facts to support [their]

23  assertion that a stay would be necessary to spare the parties or the Court from the 'burden' of

24  discovery."  *Singh*, 2016 WL 10807598, at *2.  Defendants have not presented such facts here and

25  have instead asked the Court to trust their word that "Palantir will pursue a vexatious discovery

26  strategy."  Such "stereotyped or conclusory statements" cannot constitute "good cause" as a matter

27  of law.  *Gray*, 133 F.R.D. at 40.

28

- 9 -

1      *Second*, Defendants are simply wrong that Palantir will seek broad and disproportionate

2  discovery aimed at increasing their litigation costs.  Indeed, any concerns about the breadth of

3  discovery requests are more properly addressed by "a conference among the parties to establish a

4  discovery plan, along with any necessary motions regarding discovery efforts," not by a discovery

5  stay.  *In re Valence Tech. Sec. Litig.*, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994).

6  Accordingly, Defendants' conclusory assertions about some unspecified discovery burden cannot

7  justify a stay in these circumstances.

8      By contrast, Palantir will continue to suffer significant prejudice if discovery is delayed any

9  longer.  Since "memories fade and witnesses become unavailable over time," additional delays

10  would harm Palantir "[g]iven the glacial pace of the case so far."  *Roule v. Petraeus*, 2012 WL

11  2367873, at *5 (N.D. Cal. June 21, 2012).  This case has been pending for ***over three years*** without

12  discovery, and allowing discovery to proceed "would promote the court's interest, as well as that of

13  the public, in judicial efficiency and timely resolution of litigation."  *San Francisco Tech. v. Kraco*

14  *Enterprises LLC*, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011) (allowing discovery to proceed

15  to expedite a case that had "been pending for over one year").  In light of these factors, together

16  with Defendants' failure to articulate any specific facts to support their assertions of undue burden,

17  no discovery stay is justified here.

18  **IV.   CONCLUSION**

19      For the foregoing reasons, Defendants' motion to stay should be denied and Defendants

20  should be ordered to fully comply with their discovery obligations.

21

22  Dated: December 23, 2019            HUESTON HENNIGAN LLP

23

24

25                  By:  _____

26                      Moez M. Kaba
                    Attorneys for Plaintiff
                    Palantir Technologies Inc.

27

28