# HUESTON HENNIGAN LLP

February 24, 2020

Magistrate Judge Nathanael Cousins
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re:   *Palantir Technologies, Inc. v. Marc Abramowitz, et al.*, No. 5:19-cv-06879-BLF

Dear Magistrate Judge Cousins:

Plaintiff Palantir Technologies Inc. ("Palantir") respectfully requests an order compelling Defendants to provide substantive responses to Palantir's First Set of Interrogatories within seven days of the Court's order. Defendants' primary objection to providing substantive responses is that doing so is "premature" because Palantir has purportedly failed to submit a trade secret disclosure compliant with California Code of Civil Procedure § 2019.210. Before this action was removed, however, the state court overruled Defendants' objection under § 2019.210 and accepted Palantir's disclosure. That order must be "treated as though it had been validly rendered in [these] federal proceedings." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010). Accordingly, Defendants' objection is meritless and Defendants' efforts to continue to help themselves to a stay of discovery (after the Court already denied their request) should be rejected.

## I.   Background

On September 1, 2016, Palantir initiated this action in California Superior Court, alleging that Defendants have misappropriated Palantir's trade secret technology by obtaining it from Palantir pursuant to confidentiality obligations, seeking to patent it in several patent applications, and then using the patent applications as a foundation for various business ventures. While this case was pending in state court, Defendants refused to produce any discovery to Palantir. They claimed, among other things, that discovery should be stayed because Palantir had failed to submit a trade secret disclosure compliant with California Code of Civil Procedure § 2019.210. On May 7, 2019, after lengthy motion practice, the state court overruled Defendants' objection under § 2019.210, accepted Palantir's disclosure, and directed discovery to proceed (the "State Court Order"). (Dkt. 5 at 416–20.)

After the case was removed to this Court, Defendants continued to refuse to produce any discovery to Palantir. Defendants first refused to engage in a timely Rule 26(f) conference, in effect helping themselves to a unilateral discovery stay. Palantir was forced to file a motion to compel Defendants' participation, which the Court granted on December 3, 2019. (Dkt. No. 40.) Less than a week later, Defendants filed a motion to stay discovery pending their motion to dismiss. (Dkt. 45.) On January 30, 2019, the Court denied Defendants' motion to stay, once again making clear that discovery is open.[1] (Dkt. 55.)

In light of the Court's rulings, Palantir demanded that Defendants provide responses to its discovery requests, which seek the most basic information relevant to Palantir's claims, such as information regarding Defendants' disclosure and use of Palantir's trade secrets. But despite the Court's denial of their motion to

---

[1] On February 13, 2020, the Court granted Defendants' motion to dismiss, directing Palantir to clarify, primarily, some of its RICO allegations. The Court also stated, however, "You can be pretty sure the case will get past the pleading stage. I'm really focused on whether the RICO claim can get past. But the trade secret claim, at least against Mr. Abramowitz, I think is in pretty good shape, frankly." Indeed, the Court set trial and summary judgment dates for this matter, and Palantir is entitled to obtain discovery to prepare for these deadlines.

**HUESTON HENNIGAN LLP**

stay, Defendants have continued to refuse to provide any discovery to Palantir.  Now, Defendants assert that discovery is "premature" under § 2019.210—the same objection the state court already overruled—and object to the "scope" of Palantir's requests.  (Notably, Defendants did not make these arguments when they unsuccessfully moved to stay discovery.)

On January 22 and February 14, the parties participated in telephonic meet-and-confer conferences concerning Defendants' objections, and exchanged multiple emails on the topic.  Once it became clear that the parties would not be able to resolve their dispute over Defendants' objections, Palantir twice asked Defendants to agree to a briefing schedule for a joint statement.  Defendants refused to do so, stating that "they need more information regarding the new complaint that Palantir will file," without explaining how this information had any relevance to the briefing schedule of the joint statement.

## II. Defendants' Objection Under California Code of Civil Procedure Section 2019.210 is Meritless

Defendants have objected to each of Palantir's discovery requests "on the ground that it calls for a response prior to Plaintiff's submission of a disclosure that satisfies California Code of Civil Procedure § 2019.210."  This objection is meritless.  As described above, the state court already overruled Defendants' objection and accepted Palantir's § 2019.210 disclosure.  (Dkt. 5 at 16–20.)  That order must be now "treated as though it had been validly rendered in [these] federal proceedings."  *Carvalho*, 629 F.3d at 887; *see also Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, 301 F.R.D. 337, 345 (N.D. Cal. 2014).  Defendants' refusal to produce discovery based on an already overruled objection is therefore unjustified and inexcusable.

In the meet-and-confer discussions, Defendants asserted that Palantir's position is "erroneous" because Judge Freeman noted during the case management conference that "there's nothing that prevents you from litigating orders from state court," including the State Court Order.  Palantir does not dispute that this Court has the power to reexamine or modify any interlocutory orders, including state court orders after removal.  *See* Fed. R. Civ. P. 54(b).  But in this District, any request for reexamination of an interlocutory order must comply with the requirements of Civil Local Rule 7–9.  *See Liao v. Ashcroft*, 2009 WL 1033393, at *1 (N.D. Cal. Apr. 16, 2009).  Judge Freeman did not suggest that Defendants are exempt from those requirements or that they may ignore state court orders entered before removal.  Defendants still have not sought reconsideration of the State Court Order,[2] and this Court has not vacated or modified that order.  Thus, Defendants must comply with their discovery obligations and respond to Palantir's requests.

## III. Defendants' Remaining Objections to Palantir's Interrogatories Are Meritless

When Palantir asked Defendants whether they intended to stand on any other boilerplate objections to its interrogatories, Defendants asserted only that they would not provide any substantive responses until their "scope" objections to Palantir's document requests are resolved because "[Defendants] are permitted to refer to documents produced in discovery in response to [Palantir's] interrogatories."  This position is baseless.  It is Defendants' obligation to provide full, substantive responses to Palantir's interrogatories, and if there are documents to which Defendants wish to refer in their responses, then they must provide those documents to Palantir (which Palantir requested in one of its Requests for Production).

---

[2] Defendants cannot satisfy Local Rule 7–9.  Among other things, Defendants cannot "specifically show reasonable diligence" in seeking reconsideration since it has now been ***four months*** since removal, and Defendants still have not sought leave to file a motion for reconsideration.  *See, e.g.*, *York v. Bank of Am.*, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2, 2016) (holding that 35 days was a "lengthy delay" that showed a lack of reasonable diligence).

5670206

**HUESTON HENNIGAN LLP**

Sincerely,

*/s/ Yahor Fursevich*

Yahor Fursevich
Attorneys for Plaintiff

5670206