# HUESTON HENNIGAN LLP

February 24, 2020

Magistrate Judge Nathanael Cousins
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re:   *Palantir Technologies, Inc. v. Marc Abramowitz, et al.*, No. 5:19-cv-06879-BLF

Dear Magistrate Judge Cousins:

Plaintiff Palantir Technologies Inc. ("Palantir") respectfully requests an order compelling Defendants to produce all documents in response to Palantir's First Set of Requests for Production within seven days of the Court's order. The documents Palantir has requested concern the core issues in this action, including Defendants' use and commercialization of Palantir's trade secrets and Defendants' contention that they "invented" those trade secrets. But Defendants have refused to produce any such documents primarily because they claim Palantir has not submitted a valid trade secret disclosure under California Code of Civil Procedure § 2019.210. As Palantir has explained in the concurrently filed letter brief to compel interrogatory responses, that objection is meritless.

The only other objections Defendants have asserted to Palantir's document discovery requests are based on the "scope" of those requests. As an initial matter, many of the responsive documents are ***not*** subject to the parties' dispute over scope. Defendants must immediately produce all such documents.[1] Indeed, Defendants have already produced some (though not all) responsive documents in other litigations between the parties, and there is no reason to withhold such documents here.[2]

As to the remaining documents, Palantir has offered to address Defendants' concerns by proposing (i) search terms to identify responsive information, and (ii) reasonable date-range limitations. Defendants have refused, however, to meaningfully engage with Palantir on these proposals.

Search Terms. Courts in this district have repeatedly held that the parties should confer on search terms to address any concerns regarding overbreadth of documents requests. *Thompson v. C & H Sugar Co., Inc.,* 2014 WL 595911, at *6 (N.D. Cal. Feb. 14, 2014). Defendants have refused to even address Palantir's

---

[1] For example, two of the seven requests at issue ask for "all documents concerning, referenced in, or supporting [Defendants' interrogatory responses]" and "all documents [Defendants] intend to rely upon in support of [their] defenses." Neither of these two requests can be interpreted as calling for documents outside the scope of this case. As to the other requests, Defendants are obligated to reasonably interpret the requests and produce responsive documents. *In re Pioneer Corp.*, 2019 WL 5401015, at *6 (C.D. Cal. Jan. 9, 2019) ("A responding party must apply a reasonable interpretation to a discovery request."); *In re Rivera,* 2017 WL 5163695, at *6 (C.D. Cal. Apr. 14, 2017) ("[E]ven if the discovery requested was overbroad, Rivera had an obligation at a minimum to respond to the requests to the extent that they sought non-objectionable information or documents.").

[2] For instance, the court in *KT4 Partners LLC et al. v. Palantir Techs., Inc.*, N17C-12-212 EMD CCLD (Del. Super. Ct. Dec. 14, 2017), has allowed the parties to conduct limited discovery into Palantir's misappropriation allegations in this case. Similarly, in connection with a patent dispute between the parties in Germany, Judge Corley has ordered Defendants to produce documents concerning some of the patent applications at issue in this action. *See Palantir Techs., Inc. v. Abramowitz,* 2019 WL 6251338 (N.D. Cal. Nov. 22, 2019). The documents Defendants produced in those proceedings are subject to protective orders in those cases. Nevertheless, all those documents should be produced in this case and can be done so without any burden on Defendants.

search terms—which Palantir first sent them on February 4—until after their March 16 deadline to respond to a different (second) set of discovery requests Palantir has recently served. This position is meritless. It is Defendants' obligation to promptly produce all documents responsive to Palantir's requests for which the response deadline has passed. *See* Fed. R. Civ. P. 34(b). To fully comply with that obligation, Defendants should run Palantir's proposed searched terms. To the extent Defendants' believe any of those search terms are not reasonably likely to lead to discovery of admissible evidence, they should (i) identify such terms, (ii) explain why they think the terms are improper, (iii) run all of the remaining terms, and (iv) propose terms of their own. If *other* search terms become necessary to identify information to *other* requests for which the response deadline has not yet passed, the parties should confer about those terms in due course.

Date Ranges. Palantir has proposed to tie the start dates for its documents requests to the years in which Palantir started working on each type of the technology it claims Defendants have misappropriated.[3] Documents created after those dates may show that (i) Defendants obtained information about the technology from Palantir, and (ii) that Defendants had no information about the technology in their possession before that time (thus contradicting their claim that Abramowitz is the true inventor of the technology). In response, Defendants have insisted on a January 2013 starting date for all requests, regardless of the type of technology they target, because some of the examples of communications between Defendants and Palantir listed in Palantir's complaint occurred in early and mid-2014. But as Defendants are well aware, they communicated with Palantir and visited Palantir's offices on many occasions before 2014. (*See* TAC ¶¶ ("Between 2010 and 2015, Abramowitz visited Palantir's offices on some 60 occasions. . . .").) The fact that Palantir has not listed every date of each of those communications and office visits in the complaint does not somehow make Palantir's proposed date range improper. *See Microsoft Corp. v. Hertz*, 2006 WL 1515602, at *2 (W.D. Wash. May 24, 2006) ("That some of Plaintiff's requests may have requested information beyond the scope of the allegations in its complaint is simply irrelevant if the requests are 'reasonably calculated to lead to the discovery of admissible evidence.'"). Accordingly, because documents in Defendants' possession that post-date the development of the technology at issue may reveal that Defendants obtained information about that technology from Palantir and that Defendants had not developed the technology before Palantir did, Palantir's proposed date ranges are proper.

As to end date for proposed discovery, Palantir has proposed the time period to conclude with the present date. As Palantir has alleged, Defendants have attempted to launch business ventures to profit off of Palantir's technology, and Defendants have provided no reason to believe that they have now stopped engaging in such commercial activities. Although Defendants have claimed in meet-and-confer discussions that it is Palantir's obligation to prove that they are continuing to use Palantir's information before it can obtain discovery after the date of the filing of this action, this logic is backward since Defendants, not Palantir, are in possession of discovery concerning their commercial activities.

In sum, Palantir respectfully requests the Court to order Defendants to produce documents responsive to Palantir's First Set of Requests for Production within seven days of the Court's order using Palantir's proposed search terms and date ranges. To the extent Defendants believe any of Palantir's proposed search terms are not reasonably calculated to lead to the discovery of admissible evidence, Defendants should immediately identify those terms to Palantir and explain why they believe those terms are improper.

---

[3] Thus, for document requests targeting the Healthcare Technology (*see* TAC ¶¶ 32–34), the starting date would be January 1, 2010, and for Cyber Technology and Natural Resources Technology (*id.* ¶¶ 35–39), the starting date would be January 1, 2013. Importantly, Judge Corley has accepted this approach for discovery in connection with the patent proceedings. *See Palantir Techs., Inc. v. Abramowitz*, 2019 WL 6251338, at *7 (N.D. Cal. Nov. 22, 2019).

**HUESTON HENNIGAN LLP**

Sincerely,

Yahor Fursevich
Attorneys for Plaintiff