SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

February 27, 2020

Magistrate Judge Nathanael M. Cousins
San Jose Federal Courthouse, Courtroom 5, 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    *Palantir Technologies Inc. v. Marc Abramowitz, et al.*, No. 5:19-cv-06879-BLF

Dear Magistrate Judge Cousins:

    Palantir's letter brief (Dkt. 67) regarding Defendants' objections to Palantir's first set of interrogatories contains multiple misleading statements. Due to space limitations, this letter will only address some of them. At bottom, however, Palantir only makes one argument: that Defendants cannot object to Palantir's Second Amended Trade Secret Disclosure ("Disclosure") under CCP § 2019.210 because the state court already accepted the Disclosure before removal. Because Judge Freeman has already stated that Defendants <u>can</u> challenge the Disclosure, Palantir's motion should be denied. Defendants respectfully submit that the Court should set a schedule for briefing the adequacy of the Disclosure. In that briefing, Defendants will describe Palantir's changing and inconsistent positions in struggling to comply with Section 2019.210.

    At the case management conference on February 13, Judge Freeman and the parties discussed Palantir's Disclosure. Counsel for Defendants informed the Court that, prior to removal, the state court described Palantir's Disclosure as "very broad," which would lead to "very, very broad discovery." Dkt. 64 at 36. Upon hearing this report, Judge Freeman stated:

> I don't think anything prevents you from challenging the 2019.210 disclosure here. I will be referring it to the Magistrate Judge assigned to the case, but that Judge will be advised that the state court has already approved it. You know, there's nothing that prevents you from litigating orders from the state court.

*Id.* Judge Freeman also expressed concerns about the effect a broad trade secret disclosure would have on this case's schedule: "[E]ven February of 2022 [the trial date in this case] is going to come upon you very quickly, if it's too broad. So that does concern me." *Id.* After the conference, Defendants served their responses and objections to Palantir's first sets of discovery requests, objecting, in part, on the basis of Section 2019.210. The next day, February 14, the parties had their first meet and confer on that objection. During the call, Palantir informed Defendants that it would not amend its Disclosure. On February 21, Defendants emailed Palantir, stating that Defendants were standing on their Section 2019.210 objection. Defendants stated that their objections to the Disclosure were set forth in, among other things, their state court Petition for Writ of Mandate, which challenged the state court order before the Court of Appeal and was pending at the time of removal.

    Defendants' email also addressed several additional issues with the Disclosure. ***First***, Defendants informed Palantir that its "trade secrets" had transformed since Palantir's current counsel joined the case. In state court, Palantir's prior counsel abandoned any trade secret claim over Palantir's use cases, customer lists, or business plans. The Disclosure makes no mention of

February 27, 2020
Page 2

such "trade secrets."  But Palantir has now changed its tune:  Palantir's case management statement and Third Amended Complaint ("TAC") state that Palantir's trade secrets include its "business plans, use cases, and customer lists."  TAC ¶ 38; Dkt. 56 at 2:18-20.  ***Second***, Defendants noted that Palantir's counsel appeared to amend Palantir's Disclosure during the February 13 hearing.  Palantir's counsel described Palantir's supposed trade secrets as not being any "specific technology," but as "the application of these principles [of data analysis] to different sectors."  Dkt. 64 and 14.  This is not how Palantir has ever described its "trade secrets" in the past, and for good reason:  general "principles" of data analysis cannot constitute a protectable trade secret.  ***Finally***, Defendants pointed out that each of Palantir's 23 "trade secrets" incorporates by reference the time period at issue in the complaint.  But this Court dismissed the TAC (Dkt. 63)—meaning that Palantir's trade secrets are not pegged to any time period.  Moreover, Palantir's counsel has suggested that the time period at issue will change in the Fourth Amended Complaint ("FAC"), which could have serious consequences because the alleged trade secrets have to be evaluated at the time of the alleged misappropriation.

In their February 21 email, Defendants also agreed to brief the dispute regarding Section 2019.210, but believed, in light of the above issues, that further information was needed before setting an appropriate schedule.  Defendants asked Palantir:  (1) to confirm that it would abandon any claim based on "business plans, use cases, and customer lists"; (2) to provide the dates that would be at issue in the FAC; and (3) to confirm whether the FAC would make any other changes to Palantir's "trade secrets."  Palantir never responded and instead filed its letter briefs.

Palantir's first letter brief advances only a single argument:  that the Disclosure's validity has been resolved by the state court.  Dkt. 67 at 2.  But Judge Freeman has already rejected that argument.  Palantir tries to sidestep Judge Freeman's statements by claiming that, when she stated that nothing "prevents you from challenging the 2019.210 disclosure here," she really meant Defendants must move for reconsideration under Local Civil Rule 7-9.  Defendants submit that Judge Freeman's words were clear and permit Defendants to challenge the Disclosure.  Defendants are now doing so by objecting in discovery and bringing the issue to the Court, which is the proper way to raise the issue.

Moreover, Palantir is wrong on the law:  a motion for reconsideration is not required. The only authority that Palantir cites on this issue is a federal civil rights case that says nothing about the necessary procedures after removal.  *Liao v. Ashcroft*, 2009 WL 1033393, at *1 (N.D. Cal. Apr. 16, 2009).  As Defendants have explained in their Motion for an Anti-Suit Injunction, which is set for a March 19 hearing, this Court has the inherent authority to reconsider prior orders, and a motion for reconsideration should not be required where a state court order is not law of the case.  Dkt. 54 at 10-11; Dkt. 65 at 3-6.  Here, the state court order is not law of the case.  ***First***, the order was being challenged before the Court of Appeal at the time of removal, which should negate any law of the case effect.  Dkt. 54 at 11.  ***Second***, circumstances have changed since the state court's order.  *Galen v. Redfin Corp.*, 2015 WL 7734137, at *4 (N.D. Cal. Dec. 1, 2015).  Palantir has resurrected abandoned categories of trade secrets, and the TAC has been dismissed, rendering the Disclosure untethered to any time period.  ***Third***, the state court's decision is "clearly erroneous."  *Id.*  Because Palantir mounts no substantive defense of its Disclosure, Defendants submit that this issue should be addressed with additional briefing.  In that briefing, Defendants will show that every purported trade secret was inadequately disclosed.

February 27, 2020
Page 3

        Respectfully submitted,

        */s/ Jack P. DiCanio*

        Jack P. DiCanio
        *Counsel for Defendants*