SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

February 27, 2020

Magistrate Judge Nathanael M. Cousins
San Jose Federal Courthouse, Courtroom 5, 4th Floor
280 South 1st Street
San Jose, CA 95113

  Re: *Palantir Technologies Inc. v. Marc Abramowitz, et al.*, No. 5:19-cv-06879-BLF

Dear Magistrate Judge Cousins:

  Palantir's letter brief (Dkt. 68) regarding Defendants' objections to Palantir's proposed date range and search terms mischaracterizes the parties' meet and confer process. The actual history, reflected in the parties' written communications and meet and confer transcript, shows that Palantir unilaterally terminated the meet and confer process in an attempt to get overbroad, disproportionate discovery from this Court while refusing to provide Defendants with critical information on the scope of their forthcoming Fourth Amended Complaint ("FAC"). Because Palantir has sought premature relief based on an overbroad search protocol, Palantir's motion should be denied.

  Palantir first served discovery requests on January 14. Defendants responded on February 13, objecting on the bases of Section 2019.210 and that the requests were overbroad and disproportionate to the needs of the case. The next day, the parties met and conferred regarding these objections, but were unable to reach an agreement. In a February 21 email, Defendants reiterated their objections to Palantir's discovery requests: Defendants argued their Section 2019.210 objection should be resolved before discussing a search protocol, and any discussion regarding Defendants' other objections was therefore premature. Defendants also sought additional information needed to help resolve the Section 2019.210 objection. Rather than engage with Defendants, Palantir immediately filed two letter briefs.

  Palantir's second letter brief raises three arguments: Palantir requests documents within the "scope" of this case, claims Defendants have refused to engage with Palantir's proposed search terms, and asserts Palantir's proposed date range is proper. These arguments fail.

  **Section 2019.210**. Palantir's arguments overlook a key threshold issue: Under CCP § 2019.210, a trade secrets plaintiff is not entitled to any discovery until it has described its trade secrets with reasonable particularity. *See Poynt Corp. v. Innowi, Inc.*, No. 18-CV-05814-BLF, 2019 WL 935499, at *3 (N.D. Cal. Feb. 26, 2019). As is discussed in Defendants' other letter brief, Judge Freeman expressly stated that Defendants could challenge Palantir's Section 2019.210 disclosure. Defendants have done so, and Palantir is not entitled to any discovery until it complies with Section 2019.210. If and when Palantir complies with Section 2019.210, Defendants will meet and confer with Palantir regarding Defendants' other objections, which will likely be resolved in large part with an appropriate search protocol.

  **Search Terms.** Palantir's argument that Defendants have refused to meet and confer over Palantir's search terms misstates the record. Defendants' position is that any discussion of search protocol is premature while the Section 2019.210 issue is unresolved. But any discussion

February 27, 2020
Page 2

of a search protocol is premature for another reason: Palantir recently served a second set of discovery, which is far broader than the first set and includes 17 new requests for production. In its opposition to Defendants' motion to stay discovery, Palantir described its first set of requests as "narrow"—apparently in an effort to convince the Court that discovery would impose little burden on Defendants. Dkt. 50 at 4. But Palantir served its second set of requests almost immediately after the Court denied the motion to stay discovery—showing that Palantir never intended to propound "narrow" requests. As Defendants have explained to Palantir, it is unduly burdensome and unreasonable to engage in multiple, piecemeal discussions over Palantir's proposed search terms. Instead, the parties should engage in one set of negotiations concerning all of Palantir's requests after Defendants respond to Palantir's second set of requests on March 16.

Moreover, Palantir's search terms are overbroad. Palantir has proposed over 150 individual terms. And the terms themselves are remarkably overbroad and include common words like "royalty," "license," "patent," "intellectual property," "IP," and "pharma." In fact, over the hundreds of thousands of documents that Defendants have collected, Palantir's search terms hit on <u>almost every document.</u> This result shows that collectively Palantir's search terms are not targeted at any specific "trade secret," but are instead a fishing expedition designed at getting information to resuscitate Palantir's dismissed TAC. The touchstone of discovery is proportionality—terms that hit on almost every single document collected cannot be proportional to the needs of any case, and certainly are not proportional to the needs of this one.

**Date Range**. Palantir's argument that the "appropriate" date range should span from January 1, 2010 to the present is unmoored from the facts and directly contradicts Palantir's prior representations. First, Palantir has no reasonable basis to seek discovery stretching back to 2010. As Judge Freeman recognized in her Order dismissing the TAC, Palantir made no allegations of misappropriation prior to 2014. Dkt. 63 at 3. And Palantir has confirmed that this is true. In ongoing litigation in Delaware, Palantir's allegations of misappropriation by Mr. Abramowitz are the subject of discovery. In that case, Palantir expressly represented that its supposed "investigation into Mr. Abramowitz's [alleged] misconduct has not revealed that he [supposedly] misappropriated Palantir's technology before January 2013." Palantir has given no reason for this about-face and why discovery needs to extend any earlier than January 2013. Moreover, Palantir has given no reason for why it could possibly need discovery to the present day other than claiming that it needs to learn whether Defendants are operating a supposed "competing business." But Palantir has literally <u>no basis</u> for alleging that Defendants are operating such a business. Defendants asked Palantir to provide such a basis during a recent meet and confer call and Palantir's counsel was unable to answer. Still, Defendants would be willing to conduct a limited search designed solely to show that there is no "competing business." Otherwise, the presumptive date range should end on September 1, 2016, the date that Palantir filed suit in this case. Of course, both parties may have specific issues that require a broader range, but a broader range should be justified by a showing of good cause. Here, Palantir has made no such showing.

For these reasons, Palantir's motion should be denied.

February 27, 2020
Page 3

        Respectfully submitted,

        */s/ Jack P. DiCanio*

        Jack P. DiCanio
        *Counsel for Defendants*