PAGES 1 - 19

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE NATHANAEL M. COUSINS

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO. 19-6879 BLF |
| ) | |
| MARC L. ABRAMOWITZ, ET AL., ) | |
| ) | SAN JOSE, CALIFORNIA |
| DEFENDANTS. ) | WEDNESDAY, MARCH 4, 2020 |
| ) | |
| _____) | |

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  1:13PM - 1:19PM AND 2:27PM - 2:44PM**

**APPEARANCES:**

**FOR PLAINTIFF**         HUESTON HENNIGAN LLP
                          523 WEST 6TH STREET, SUITE 400
                          LOS ANGELES, CA 90014
                   **BY:  YAHOR FURSEVICH, ESQUIRE**


**FOR DEFENDANT**         SKADDEN ARPS SLATE MEAGHER & FLOM LLP
                          525 UNIVERSITY AVENUE
                          PALO ALTO, CA 94301FIRM
                   **BY:  JACK PATRICK DICANIO, ESQUIRE**
                         **NIELS JON MELIUS, ESQUIRE**

                          WILLIAMS & CONNOLLY
                          725 TWELFTH STREET, NW
                          WASHINGTON, DC 20005
                   **BY:  BARRY STEVEN SIMON, ESQUIRE**
                          (VIA COURTCALL)


*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
                  *RETIRED OFFICIAL COURT REPORTER, USDC*

```
 1   WEDNESDAY, MARCH 4, 2020                              1:13 P.M.
 2   (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO
 3   IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER
 4   ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)
 5                              ---O0O---
 6              ELECTRONICALLY RECORDED PROCEEDINGS
 7        THE CLERK:   CALLING CIVIL 19-6879, PALANTIR
 8   TECHNOLOGIES VERSUS ABRAMOWITZ, ET AL.
 9        MR. FURSEVICH:   GOOD MORNING, YOUR HONOR.  MY NAME IS
10   YAHOR FURSEVICH.  I'M APPEARING ON BEHALF OF PALANTIR
11   TECHNOLOGIES.
12        THE COURT:   WELCOME.
13        MR. DiCANIO:   GOOD AFTERNOON, YOUR HONOR.  JACK
14   DICANIO AND NIELS MELIUS ON BEHALF OF THE DEFENDANTS.
15        I BELIEVE WE ALSO HAVE MR. SIMON FROM WILLIAMS &
16   CONNOLLY ON THE TELEPHONE.
17        THE COURT:   LET'S SEE IF WE DO.
18        MR. SIMON:   GOOD AFTERNOON, YOUR HONOR.  AND I
19   APPRECIATE THE OPPORTUNITY TO PARTICIPATE BY TELEPHONE.
20        THE COURT:   YOU'RE WELCOME.  GOOD AFTERNOON.
21        ALL RIGHT.  THIS IS OUR FIRST MEETING ALL TOGETHER, I
22   BELIEVE, ON THE DISCOVERY IN THIS CASE, ALTHOUGH IT'S BEEN
23   GOING ON FOR MANY YEARS THROUGH MANY DISPUTES.  YOU'VE GOT TWO
24   SETS OF DISPUTES BUT FOUR THINGS SUBMITTED IN TOTAL BEFORE ME
25   TODAY.
```

1       BEFORE I GIVE MY ASSESSMENT OF THEM, TELL ME IF
2  ANYTHING'S BEEN RESOLVED, IF ANYTHING IS EXPANDED OR REDUCED OR
3  CHANGED FROM WHAT I HAVE ON PAPER.
4       **MR. DiCANIO:**  NO, YOUR HONOR.
5       **MR. FURSEVICH:**  THAT'S CORRECT.
6       **THE COURT:**  ALL RIGHT.  THEN I'LL GIVE YOU MY VIEWS,
7  AND THEN WE'LL HAVE FURTHER PROCEEDINGS.
8       I'M FAMILIAR WITH THE DOCKET, AND THIS CASE WAS MINE
9  TEMPORARILY, AND WHAT I SEE IS THERE'S LOTS IN DISPUTE.  AND
10 THERE'S EITHER A UNWILLINGNESS OR AN INCOMPETENCE TO WORK
11 THINGS OUT AND TO AGREE TO SOLUTIONS.  I DON'T THINK IT'S
12 INCOMPETENCE.  I THINK BOTH SIDES HAVE EXCELLENT ATTORNEYS WHO
13 KNOW WHAT YOU'RE DOING.  SO IT'S MORE OF AN UNWILLINGNESS TO
14 GET PAST THESE ISSUES AND FIND REASONABLE COMPROMISES.  THAT'S
15 THE ISSUE BEFORE THE COURT.  SO I WANT TO MAKE SURE THERE'S A
16 FULL OPPORTUNITY FOR YOU TO WORK THEM OUT BEFORE I RULE ON
17 THEM.  I'M GOING TO ORDER YOU TO CONFER FURTHER IN A CONFERENCE
18 ROOM RIGHT NOW.
19      TOPICS THAT YOU SHOULD INCLUDE IN YOUR CONVERSATION
20 ARE, ONE, DO YOU WISH TO HIRE A SPECIAL MASTER TO DO DISCOVERY
21 IN THIS CASE WITH YOU.  THAT IS SOMETHING YOU SHOULD DISCUSS
22 TOGETHER, AND I WOULDN'T BE LIKELY TO ORDER IT UNLESS YOU
23 THOUGHT IT WAS A GOOD IDEA.  BUT IF YOU ARE GOING TO NEED A
24 JUDICIAL OR THIRD PARTY TO INTERVENE ON EVERY DISCOVERY ITEM IN
25 THE CASE, IT MIGHT BE EFFICIENT FOR YOU TO HAVE SOMEONE ON CALL

```
 1   TO WORK WITH YOU ALL THE TIME TO HELP YOU.  I DON'T THINK
 2   THAT'S NECESSARY, BUT IF YOU PLAN TO COME BACK TO COURT FOR
 3   EVERY DISPUTE LIKE THIS, IT MIGHT BE GOOD IDEA; OTHERWISE,
 4   WE'LL BE HERE ON AT LEAST A WEEKLY BASIS, MAYBE TWICE A WEEK,
 5   THROUGHOUT THE REST OF THE CASE, WHICH COULD BE OVER MANY
 6   YEARS, AND THAT'S GOING TO GET EXPENSIVE.
 7            SO IF YOU WANT THAT ASSISTANCE AND WANT THAT LEVEL OF
 8   EXPERTISE AND ATTENTION, YOU MIGHT TALK ABOUT WHETHER IT'S IN
 9   YOUR JOINT INTEREST TO HAVE IT.
10            THE *WERIDE* CASE THAT IS COMING LAST ON THE CALENDAR
11   DOES HAVE A SPECIAL MASTER APPOINTED, MARTIN QUINN, AND THERE'S
12   MANY OTHER SPECIAL MASTERS BEYOND MR. QUINN, BUT HE'S DONE AN
13   EXCELLENT JOB ASSISTING THEM IN A TIME AND COST EFFECTIVE
14   MANNER TO RESOLVE THEIR MANY DISCOVERY DISPUTES.
15            SO THERE ARE CASES WHERE THAT'S -- THE PARTIES HAVE
16   EITHER AGREED OR IT'S BEEN FOISTED UPON THEM TO HAVE SOMEONE TO
17   ASSIST THEM.  AND, OF COURSE, THERE ARE MANY DETAILS THAT COULD
18   BE WORKED OUT AS PART OF THE SPECIAL MASTER SYSTEM.
19            SO TOPIC ONE IS:  DO YOU WANT A SPECIAL MASTER.  IF
20   NOT, TOPIC TWO IS:  CAN YOU AGREE TO SOME PARAMETERS FOR
21   DISCOVERY IN THIS CASE.  AND THERE'S MANY DETAILS THERE, THE
22   TIME AND SEQUENCING OF DISCOVERY -- MY COMMENTS HERE ARE GOING
23   BOTH DIRECTIONS; YOU BOTH WANT THINGS FROM EACH OTHER, SO I'M
24   NOT LOOKING AT ONE SIDE MORE THAN OR THE OTHER -- BUT THE
25   SEQUENCING OF EVENTS, DOCUMENTS, DEPOSITIONS, INTERROGATORIES,
```

1    OTHER DISCOVERY.
2              RIGHT NOW, FROM WHERE I SIT, YOU DON'T HAVE MUCH OF A
3    PLAN, YOU'RE JUST SNIPING AT EACH OTHER ON LITTLE DETAILS, AND
4    I WOULD LIKE TO END TODAY WITH A PLAN WHEN YOU ARE GOING TO DO
5    THINGS WHERE -- SO YOU HAVE SOME COMMON EXPECTATION OF HOW IT'S
6    GOING TO GO.  ONCE YOU'VE GOT A PLAN, I'D LIKE TO HEAR WHAT THE
7    PLAN IS AND WORK WITH YOU TO THEN ENFORCE THE PLAN.
8              ONLY AFTER YOU'VE GONE THROUGH THOSE STEPS, DO I WANT
9    TO HEAR ABOUT THE INDIVIDUAL DETAILS IN THESE DISCOVERY BRIEFS
10   BECAUSE I DON'T REALLY THINK IT'S NECESSARY FOR ME TO RESOLVE
11   THEM FOR YOU, BUT IF IT BECOMES NECESSARY, THEN I'LL DO THAT,
12   AND THE RESULT PROBABLY WILL NOT BE ONE THAT IS VERY MUCH OF A
13   COMPROMISE IN YOUR CLIENTS' INTEREST.  IT WILL BE LESS HELPFUL
14   FOR YOUR CLIENTS THAN WHAT YOU CAN WORK OUT TOGETHER FROM MY
15   ADVICE.  YOU CAN DECIDE THAT FIRST TALKING TO EACH OTHER.
16             SO WITH THAT LONG-WINDED INTRODUCTION, PLEASE CONFER
17   FURTHER IN THE CONFERENCE ROOM, STRAIGHT OUT THE DOOR TO THE
18   LEFT, AND I'LL RECALL YOU AS SOON AS WE'RE DONE WITH THE OTHER
19   MATTERS BEFORE THE COURT.  THANK YOU VERY MUCH.
20             **MR. FURSEVICH:**  THANK YOU.
21             **MR. DiCANIO:**  THANK YOU, YOUR HONOR.
22             (PROCEEDINGS RECESS AT 1:19 P.M. AND RESUMED AT
23              2:27 P.M.)
24             **THE CLERK:**  CALLING CIVIL 19-6879, PALANTIR
25   TECHNOLOGIES VERSUS ABRAMOWITZ.

1          **THE COURT:**  ALL RIGHT.  PREVIOUS COUNSEL ARE ALL HERE
2   AGAIN.
3          SO UPDATE ME AS TO WHAT, IF ANY, DECISIONS YOU'VE
4   MADE.
5          **ATTY1:**  YES, YOUR HONOR.
6          THERE ARE SOME FUNDAMENTAL DISCOVERY THRESHOLD ISSUES
7   IN THIS CASE THAT WE WOULD -- THAT WE WERE UNABLE TO AGREE
8   UPON, THAT THE MOST FUNDAMENTAL ISSUE IS WITH RESPECT TO THE
9   2019.210 OBJECTION THAT DEFENDANTS HAVE ASSERTED TO ALL OF OUR
10  DISCOVERY REQUESTS.
11         DEFENDANTS HAVE MADE CLEAR THAT THEY ARE -- THEY WILL
12  NOT PRODUCE ANY DISCOVERY UNTIL THAT ISSUE IS RESOLVED, AND
13  ONCE THAT ISSUE IS RESOLVED, DEFENDANTS SAID THAT THEY WOULD
14  MEET AND CONFER WITH US ON SOME OF THESE SEARCH TERM ISSUES,
15  AND WE ARE VERY MUCH OPTIMISTIC THAT WE CAN REACH AGREEMENTS ON
16  SEARCH TERMS, INDIVIDUAL SEARCH TERMS, AND SOME OF THE SCOPE
17  ISSUES THAT THE PARTIES HAVE BEEN MEETING AND CONFERRING ABOUT.
18         **THE COURT:**  SORRY TO INTERRUPT.  DO YOU HAVE AN
19  AGREEMENT AS TO THE PROCEDURE FOR RESOLVING THE 2019.210 --
20         **ATTY2:**  YOUR HONOR, IF I COULD --
21         **THE COURT:**  YEAH.
22         **ATTY2:**  WHAT WE HAD PROPOSED WAS -- BECAUSE WE SEE
23  THIS AS A FUNDAMENTAL GATING ISSUE, WAS THAT WE DO THIS ON AN
24  EXPEDITED BASIS WHERE WE FILE PAPERS CHALLENGING THE TRADE
25  SECRET DESIGNATION ON AN EXPEDITED BASIS, HAVE THAT ALL

1  RESOLVED, AND WE THINK, YOUR HONOR, THIS COULD BE A MATTER OF
2  WEEKS, NOT MONTHS, IF THE COURT HAS THE TIME TO CONSIDER IT.
3  AND THEN ON THE OTHER SIDE OF THAT BRIEFING, THEN DEPENDING ON
4  HOW THAT GOES, THEN WE COULD MOVE FORWARD WITH RESPECT TO THE
5  REST OF DISCOVERY OR NOT.  THEY WOULD BE THEN FORCED TO THEN
6  AMEND THEIR TRADE SECRET DESIGNATION IF THERE ARE ISSUES WITH
7  IT.
8        **ATTY1**:  YOUR HONOR, WE FUNDAMENTALLY DISAGREE WITH
9  THAT POSITION BECAUSE THIS IS -- THIS IS NOT A NEW CASE. THIS
10 CASE HAS BEEN -- WAS PENDING --
11       **THE COURT**:  NO, IT'S NOT, NOT EVEN CLOSE.
12       **ATTY1**:  YEAH.  SO IN STATE COURT -- LET ME JUST VERY
13 BRIEFLY DESCRIBE THE PROCEDURAL BACKGROUND HERE.  IT'S VERY
14 INVOLVED TO RESOLVE THIS ISSUE.
15       IN STATE COURT THE PARTIES SPENT SIGNIFICANT MONTHS,
16 SIGNIFICANT AMOUNT OF TIME, MONTHS, LITIGATING THE 2019.210
17 DISCLOSURE.  ON MAY -- IN MAY OF LAST YEAR, 2019, THE STATE
18 COURT ACCEPTED THE TRADE SECRET DISCLOSURE.
19       THIS COURT IS OBLIGATED, AND WE ALL MUST BE VIEWING
20 THAT STATE COURT ORDER AND TREATING IT AS IF THIS COURT ENTERED
21 IT.
22       SO RIGHT NOW THIS COURT HAS ACCEPTED -- WE ARE
23 PRETENDING THIS IS THE CASE -- ACCEPTED THE TRADE SECRET
24 DISCLOSURE THAT WE HAVE SUBMITTED IN THIS CASE.  DISCOVERY IS
25 OPEN.  DEFENDANTS HAVE ATTEMPTED TO STAY DISCOVERY AND MOVE TO

1  STAY DISCOVERY WITH JUDGE FREEMAN.  THAT MOTION WAS DENIED, SO
2  DISCOVERY IS OPEN.
3  　　　　UNLESS AND UNTIL THIS COURT MODIFIES THE ORDER
4  ACCEPTING OUR TRADE SECRET DISCLOSURE UNDER 2019.210, DISCOVERY
5  IS OPEN, AND IT SHOULD PROCEED.  WE HAVE DISCOVERY DEADLINES IN
6  THIS CASE.  WE HAVE TO PREPARE OUR CASE.
7  　　　　THEN THERE'S A RELATED QUESTION HERE, WHICH IS IF
8  DEFENDANTS WISH TO MODIFY OR VACATE THE ORDER ACCEPTING OUR
9  TRADE SECRET DISCLOSURE, WHAT SHOULD THEY DO.  AND THEY SHOULD
10 FOLLOW THE PROCEDURES ESTABLISHED IN THIS DISTRICT FOR
11 MODIFYING OR VACATING INTERLOCUTORY ORDERS, AND THAT PROCEDURE
12 IS LAID OUT IN LOCAL RULE 7-9.  THEY HAVE TO FILE A MOTION FOR
13 LEAVE TO FILE A MOTION FOR A CONSIDERATION, AND IF THAT MOTION
14 FOR LEAVE GETS GRANTED, WE CAN THEN LITIGATE WHETHER
15 RECONSIDERATION IS PROPER.
16 　　　　OF COURSE, OUR POSITION IS IT'S NOT PROPER BECAUSE
17 THEY HAVE NOW WAITED FOR OVER FOUR MONTHS TO RAISE THIS ISSUE
18 SINCE REMOVAL, SO THERE IS NO REASONABLE DILIGENCE, AND THE
19 STATE COURT ORDER IS CORRECT, AND THERE IS NO GOOD REASON TO
20 CONSIDER TO RECONSIDER IT.
21 　　　　NOW DEFENDANTS POINT TO JUDGE FREEMAN'S STATEMENTS AT
22 THE CASE MANAGEMENT CONFERENCE THAT WE HAD ABOUT THREE WEEKS
23 AGO, AND SAYING THAT JUDGE FREEMAN HAS ALREADY REJECTED THESE
24 ARGUMENTS I JUST OUTLINED FOR YOUR HONOR, AND THAT'S NOT TRUE.
25 THERE WAS NO -- JUDGE FREEMAN HAS NOT EVEN CONSIDERED THESE

1   ARGUMENTS -- JUDGE FREEMAN -- OR NOT RAISED BEFORE JUDGE
2   FREEMAN.  IT WAS A CASE MANAGEMENT CONFERENCE, AND WE WERE
3   TALKING ABOUT CASE SCHEDULE.
4            AND JUDGE FREEMAN STATEMENTS -- FREEMAN'S STATEMENTS,
5   I APOLOGIZE -- ARE SIMPLY:
6                   "I DON'T THINK ANYTHING PREVENTS
7            YOU FROM CHALLENGING THE 2019.210 DISCLOSURE
8            HERE.  I WILL BE REFERRING IT TO THE
9            MAGISTRATE JUDGE ASSIGNED TO THE CASE, BUT
10           THAT JUDGE WILL BE ADVISED THAT THE STATE
11           COURT HAS ALREADY APPROVED IT."
12           NOTHING IN THIS STATEMENT PURPORTS TO MODIFY NINTH
13  CIRCUIT LAW THAT SAYS THE STATE COURT ORDER IS THE ORDER OF
14  THIS COURT.  NOTHING IN THE STATEMENT PURPORTS TO EXEMPT
15  DEFENDANTS FROM THEIR DUTY TO COMPLY WITH LOCAL RULE 7-9.  WE
16  AGREE THAT DEFENDANTS CAN -- THAT YOUR HONOR CAN MODIFY THE
17  STATE COURT ORDER, JUST AS YOUR HONOR CAN MODIFY ANY OF THE
18  INTERLOCUTORY ORDERS YOUR HONOR ENTERS, BUT --
19           **THE COURT:**  ALL RIGHT.  SO, YOUR PROCEDURAL
20  SUGGESTION IS IF THEY WANT TO BRING A MOTION FOR
21  RECONSIDERATION, THEY SHOULD?  AND THAT'S --
22           **ATTY1:**  AND THEN -- BUT IN THE MEANTIME, DISCOVERY IS
23  OPEN.
24           **THE COURT:**  DISCOVERY IS OPEN, AND IT DOESN'T -- YOU
25  SHOULDN'T HAVE TO WAIT FOR OTHER STUFF BECAUSE THE ORDER IS THE

1  ORDER UNLESS IT'S RECONSIDERED.
2  **ATTY1:** THAT'S CORRECT.
3  **THE COURT:** ALL RIGHT. SO THAT'S YOUR SUMMARY. AND
4  YOUR THOUGHT IS, NO, NO, YOU SAID YOU WANT TO RECONSIDER THIS,
5  AND YOU'RE GOING TO BRING A MOTION SOON FOR EXPEDITED REVIEW
6  AND EVERYTHING ELSE SHOULD WAIT UNTIL THAT'S RESOLVED.
7  **ATTY2:** YEAH. IF I COULD JUST MAYBE GO BACK IN TIME
8  WITH A LITTLE BIT OF HISTORY, YOUR HONOR.
9  **THE COURT:** YES.
10 **ATTY2:** THEN I'LL ANSWER YOUR QUESTION DIRECTLY.
11 YOU KNOW, THERE'S A REASON WHY THIS CASE HAS LAGGED
12 SO LONG. IT ISN'T BY ACCIDENT, AND THAT'S BECAUSE PALANTIR
13 WASN'T ABLE FOR YEARS TO OVERCOME THE HURDLE IN THE STATE
14 COURT.
15 NOW, IF WE TAKE A STEP BACK AND TALK ABOUT WHAT IS
16 THIS CASE REALLY ABOUT, YOU KNOW, IT'S NOT A SITUATION WHERE
17 THEY'RE ALLEGING AN EMPLOYEE WORKED FOR MANY, MANY YEARS AND
18 THEY DON'T QUITE KNOW WHAT THE EMPLOYEE GOT HIS OR HER HANDS
19 ON, AND IT'S NOT A SITUATION WHERE SOMEBODY HACKED INTO THEIR
20 SYSTEM, SO IT'S A LITTLE BIT HARD.
21 WHAT THEY'RE CLAIMING IS THAT THEY HAD A COUPLE OF
22 MEETINGS WITH MY CLIENT AND THAT THEY PROVIDED HIM INFORMATION
23 ON THOSE PARTICULAR MEETINGS THAT THEY SAY ARE THEIR TRADE
24 SECRETS. WELL, IF YOU TAKE A STEP BACK, I'VE DONE A FEW TRADE
25 SECRETS IN MY TIME, I'M SURE YOU HAVE AS WELL. THAT SHOULD BE

1  PRETTY EASY TO IDENTIFY WHAT EXACTLY DID YOU TELL THEM.  THAT'S
2  ALL YOU NEED TO DO.  BUT, YOUR HONOR, OVER THE COURSE OF YEARS
3  WHAT WE'VE SEEN IS A FLIPPITY-FLOP POSITION ON WHAT EXACTLY
4  THEIR TRADE SECRETS ARE.
5           AND, SO, FOR INSTANCE, YOUR HONOR, THE FIRST TIME
6  THEY TRIED THEY CITED 39 TRADE SECRETS.  JUDGE SLAPPED THAT
7  DOWN.  THEY TRIED AGAIN.  THEN THEY CITED 164 TRADE SECRETS.
8  JUDGE SLAPPED THAT DOWN, AND THEN TRIED AGAIN, AND THEN THEY
9  CITED 23 TRADE SECRETS.
10          AT FIRST THEY TALKED ABOUT COMPILATIONS AND DESIGN
11 CONCEPTS, AND THEN THEY ABANDONED THOSE.  AND THEN THEY TALKED
12 ABOUT BUSINESS LISTS, AND BUSINESS PLANS, AND CUSTOMER LISTS,
13 AND THEN THEY ABANDONED THOSE AS WELL.
14          NOW, WE HAD A DISPUTE AS TO WHETHER OR NOT THEIR MOST
15 RECENT COMPLAINT, THE THIRD AMENDED COMPLAINT, INCLUDED
16 BUSINESS PLANS AND CUSTOMER LISTS.  IN THE MEET AND CONFER
17 COUNSEL SAID, EVEN THOUGH THERE IS A REFERENCE TO IT IN THE
18 COMPLAINT, THEY DIDN'T MEAN IT TO SUGGEST THAT THAT'S A TRADE
19 SECRET THAT THEY'RE MOVING ON.  OKAY?  WE WILL ACCEPT THAT
20 REPRESENTATION.
21          BUT THEN, LO AND BEHOLD, AT THE CMC CONFERENCE
22 COUNSEL'S COLLEAGUE STOOD UP AND SAID, WELL, YOU KNOW, YOUR
23 HONOR, IT'S NOT A SPECIFIC TECHNOLOGY; IT'S REALLY THE
24 APPLICATION OF DATA ANALYSIS TO DIFFERENT BUSINESS SECTORS.
25 NEVER HEARD THAT BEFORE.  I'M NOT SURE THAT'S A TRADE SECRET.

1     BUT YOU KNOW WHAT, YOUR HONOR, WE THOUGHT AT THE TIME
2  MAYBE COUNSEL WAS JUST SPEAKING OFF THE CUFF AND MAY HAVE
3  MISPOKEN.
4     BUT THEN, YOU KNOW, THERE'S A PROCEEDING GOING ON IN
5  DELAWARE AMONG THE PARTIES, AND IN THAT PROCEEDING THEY DOUBLED
6  DOWN ON THAT EARLIER THIS WEEK.  NOW, I WASN'T AT THE HEARING,
7  YOUR HONOR, BUT IT'S BEEN REPORTED TO ME THEY MADE THAT CLAIM
8  AGAIN.  SO AS WE SIT HERE TODAY, WE REALLY DON'T KNOW WHAT
9  THEIR TRADE SECRETS ARE.
10     WHEN COUNSEL SAYS, WELL, THERE'S A PROCEDURE FOR
11  DOING IT, WE FOLLOWED IT.  THEY SERVED DISCOVERY IN THIS
12  ACTION.  WE OBJECTED BASED ON THE 2019.210 AS BEING A GATING
13  ISSUE AND WE SAID TO THEM, WE NEED TO TEE THIS UP AND WE NEED
14  TO LITIGATE IT.
15     NOW, JUDGE FREEMAN -- THE WAY THIS CAME UP IN THE
16  CMC, REMEMBER WE WERE TALKING ABOUT SCHEDULING AND WHAT THE
17  CASE -- THE CONTOURS OF THE CASE ARE AT.  AND I SAID TO THE
18  JUDGE, I SAID, YOUR HONOR, I WILL TELL YOU THIS GOT OVER THIS
19  HURDLE AFTER A COUPLE OF YEARS, BUT EVEN THE STATE COURT JUDGE
20  SAID TO THEM IN THEIR FINAL ORDER, YOU KNOW WHAT, THIS IS
21  REALLY BROAD, ARE YOU SURE YOU DON'T WANT TO MORE NARROWLY
22  DEFINE BECAUSE IF YOU DON'T, I'M GOING TO HOLD YOU TO THIS,
23  RIGHT?  THEY OPTED NOT TO DO IT.
24     AND I SAID, YOUR HONOR, THIS IS A VERY, VERY BROAD
25  DISCLOSURE, YOUR HONOR, AND THAT'S GOING TO CREATE ISSUES.  THE

1   JUDGE SAID, WELL, MR. (INDISCERNIBLE), YOU ARE ALWAYS FREE TO
2   CHALLENGE THE 2010, YOU COULD DO IT IN COURT; I'LL LET THE
3   MAGISTRATE JUDGE KNOW WHAT THE STATE COURT DID, BUT YOU'RE FREE
4   TO CHALLENGE THAT.
5           YOUR HONOR, THAT'S ALL WE'RE ASKING FOR HERE.  AND
6   WE'RE WILLING TO DO IT ON AN EXPEDITED BUSINESS.  DISCOVERY
7   CUTOFF IS NOT FOR A YEAR OUT.  THE TRIAL IS NOT UNTIL 2022.  WE
8   COULD GET THIS RESOLVED IN A MONTH OR SO, DEPENDING ON THE
9   COURT'S SCHEDULE, AND THEN WE COULD MOVE FORWARD KIND OF
10  EVERYBODY IN LOCKSTEP HAVING OVERCOME WHAT WE THINK IS A BASIC
11  GATING ISSUE.
12          AND I DO BELIEVE, YOUR HONOR, ONCE WE GET THAT
13  RESOLVED, THE PARTIES COULD MEET AND CONFER AND RESOLVE THE
14  OTHER ISSUES IN DUE COURSE.
15          **THE COURT:**  ALL RIGHT.  WHEN CAN YOU FILE YOUR MOTION
16  FOR RECONSIDERATION?
17          **ATTY2:**  WE THINK WE COULD DO IT IN TWO WEEKS, YOUR
18  HONOR.
19          **THE COURT:**  I DON'T KNOW IF IT'S A DIRECT QUOTE, BUT
20  I'M GOING TO HOLD YOU TO THIS.  DO YOU HAVE AN INTENTION TO
21  MODIFY THE 2019.210 --
22          **ATTY1:**  NO, YOUR HONOR.
23          **THE COURT:**  -- DISCLOSURES, OR ARE YOU STICKING WITH
24  WHAT YOU GOT?
25          **ATTY1:**  NO, WE'RE STICKING WITH WHAT WE'VE GOT.

```
 1            AND, QUITE FRANKLY, YOU KNOW, WHILE COUNSEL JUST
 2   REPRESENTED THAT WE'VE FLIPPED AND FLOPPED ON WHAT OUR TRADE
 3   SECRETS ARE, IT'S JUST NOT THE CASE.  YOU KNOW, WE CAN GO
 4   THROUGH EACH OF THOSE STATEMENTS THAT WE'VE MADE IN OUR
 5   COMPLAINT, FOR EXAMPLE, THE CMC STATEMENT, AND I'M NOT SURE
 6   THAT WILL BE THE MOST PRODUCTIVE USE OF OUR TIME HERE, BUT MY
 7   POINT IS WE HAVE THESE DISCLOSURES FOR A REASON.  IT'S TO LOCK
 8   US IN ON WHAT THE TRADE SECRETS WERE WE CLAIM WERE
 9   MISAPPROPRIATED BY THE DEFENDANTS.  SO WE'VE DONE THAT.
10            YOU KNOW, TO THE EXTENT THERE'S ANY AMBIGUITY WHAT
11   OUR TRADE SECRETS ARE, THE ANSWER IS LET'S TAKE A LOOK AT OUR
12   SECOND AMENDED TRADE SECRET DISCLOSURE.  WE'RE STICKING WITH
13   THAT DISCLOSURE.
14            AND, YOUR HONOR, THE -- THE PROCEDURE HERE FOR
15   RECONSIDERING THE STATE COURT ORDER IS REALLY TO FILE A MOTION
16   FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF 7-9 AND TO
17   SATISFY ALL OF THOSE REQUIREMENTS.  AND UNLESS AND UNTIL ALL
18   THOSE REQUIREMENTS ARE SATISFIED, WE CANNOT EVEN HAVE A MOTION
19   FOR RECONSIDERATION ITSELF, AND WE CANNOT BRIEF THAT MOTION.
20            BUT, REGARDLESS, DISCOVERY SHOULD BE PROCEEDING NOW.
21       **THE COURT:**  AND WHAT PREJUDICE IS THERE TO ALLOW THE
22   DISCOVERY TO GO FORWARD WHILE THIS MOTION IS PENDING?
23       **ATTY2:**  WELL, YOUR HONOR, I THINK IT'S DIRECT
24   PREJUDICE, AND IT REALLY GOES TO THE BACKGROUND OF WHY 2019 WAS
25   PUT INTO PLAY.  IT WAS DESIGNED TO SOLVE A COUPLE OF DIFFERENT
```

1   ISSUES.  ONE, WANTING TO MAKE SURE THAT FRIVOLOUS COMPLAINTS
2   DON'T MOVE FORWARD, WANTING TO MAKE SURE A TRADE SECRET
3   PLAINTIFF DOESN'T GET ACCESS TO THE TRADE SECRETS OF THE
4   DEFENDANTS WITHOUT HAVING CLEARLY DEFINED THE TRADE SECRET
5   ISSUE, AND TO NOT BURDEN DEFENDANT.
6        WELL, IF YOU LOOK AT THEIR FIRST SERIES OF DISCOVERY,
7   IT'S ALL ABOUT MR. ABRAMOWITZ'S PATENT APPLICATION, AND HIS OWN
8   INVENTION, AND HIS OWN THOUGHTS AND PROCESSES THAT LED TO THE
9   FILING OF THAT PATENT APPLICATION.  THAT'S WHAT THEY'RE ASKING
10  FOR.  IT'S EXACTLY WHAT 2019 WAS MEANT TO SAY, HOLD ON A
11  SECOND, BEFORE YOU GET TO LOOK AT HIS INVENTORSHIP, YOU NEED TO
12  START WITH:  WHAT ARE THE TRADE SECRETS, AND YOU NEED TO DEFINE
13  THEM WITH REASONABLE SPECIFICITY.
14       NOW, I CAN TELL YOU, YOUR HONOR -- I KNOW IT'S NOT IN
15  FRONT OF YOU, BUT THESE ARE 25 PAGES OF TRADE SECRETS.  I'D
16  LIKE TO SEE THEM PUT THE WITNESS ON THE STAND THAT'S GOING TO
17  GO UNDER OATH AND SAY:  WE TOLD THOSE THINGS TO MR. ABRAMOWITZ.
18  THAT PERSON DOESN'T EXIST, I BELIEVE.
19       SO THIS IS A VERY, VERY IMPORTANT ISSUE.  IT IS WHY,
20  YOUR HONOR, WE ARE RAISING IT, AND RAISING IT AGAIN.  AND,
21  JUDGE, IF WE'RE WRONG, WE'RE WRONG.  WE'LL MOVE FORWARD.  WE
22  WOULD LIKE TO GET DONE EXPEDITIOUSLY.  LIKE I SAID, WE COULD
23  FILE OUR PAPERS IN TWO WEEKS.  WE'RE HAPPY TO GO ON WHATEVER
24  EXPEDITED BASIS THE COURT WOULD FIND IT CONVENIENT AND
25  REASONABLE.

1        **THE COURT:** ALL RIGHT.  HERE'S WHAT WE ARE GOING TO
2    DO.  THE MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
3    IS DUE NEXT WEEK, THE 11TH OF MARCH, EVEN THOUGH IT'S
4    TECHNICALLY A MOTION FOR LEAVE TO, I'LL SET THE RESPONSE DATE
5    FOR A WEEK LATER, MARCH 18TH.
6        IF YOU TELL ME YOU DON'T WANT TO RESPOND, YOU CAN
7    TELL ME THAT, BUT, GIVEN THE SIGNIFICANCE OF THE ISSUE, I WILL
8    SET A DATE NOW FOR YOU TO RESPOND.
9        WE'LL HAVE A HEARING, IF NECESSARY, THE 25TH OF MARCH
10   AT 1:00 P.M.  REPLY WILL BE DUE ON THE 23RD OF MARCH.
11       **ATTY2:** THANK YOU, YOUR HONOR.
12       **ATTY1:** I APOLOGIZE, YOUR HONOR.  THE HEARING WAS
13   MARCH 26TH?
14       **THE COURT:** 25 AT 1:00 P.M. RIGHT HERE.  REPLY ON THE
15   23RD.  NOT IN CHRONOLOGICAL ORDER, BUT THAT'S THE BRIEFING.
16       AND I WILL PAUSE THE OTHER DISCOVERY THAT IF THE
17   DISCLOSURE IS UNDER 2019.210 WERE NOT SUFFICIENT SPRINGS FROM
18   THAT UNTIL A RESOLUTION OF THAT MOTION.  IN OTHER WORDS, I'M
19   NOT STAYING EVERYTHING IN THE CASE.  IT MAY BE YOU CAN AGREE TO
20   SOME THINGS.  CERTAINLY THIS IS RECIPROCAL, SO IF THERE'S
21   INFORMATION YOU'RE SEEKING FROM THEM -- LET ME BACK UP.
22       IS THERE ANYTHING THAT YOU BY AGREEMENT WANT TO HAVE
23   DISCOVERY ON DURING THIS TIME PERIOD, OR IS THERE NOTHING TO BE
24   IN AGREEMENT ON?
25       **ATTY2:** NO.  ALTHOUGH I THINK, YOUR HONOR, WE WOULD

1  LIKE TO ANSWER YOUR FIRST QUESTION ABOUT WE MET AND CONFERRED
2  ABOUT THE DISCOVERY REFEREE.
3          **THE COURT:**  YEAH.
4          **ATTY2:**  YOUR HONOR, WE SHOULD NOT BE HAVING ALL OF
5  THESE SQUABBLES IN FRONT OF YOU.  I GET IT.  AND WE THINK IT
6  WOULD BE WORTHWHILE TO APPOINT ONE, AND SO OUR CLIENT IS
7  WILLING TO MOVE FORWARD WITH THAT.  I WILL TELL YOU THAT THE
8  SUGGESTION WAS MADE IN DELAWARE, AND ULTIMATELY THE COURT
9  APPOINTED A DISCOVERY REFEREE.  FROM OUR PERSPECTIVE, THAT'S
10 BEEN IMMEASURABLY HELPFUL.  WE THINK IT WOULD BE HELPFUL HERE.
11         **ATTY1:**  AND, YOUR HONOR, MAY I?
12         **THE COURT:**  YEAH.
13         **ATTY1:**  I WILL RESPOND TO SPECIAL REFEREE, SPECIAL
14 MASTER REQUEST IN JUST A SECOND.
15         BUT WITH RESPECT TO DISCOVERY THAT COULD BE CONDUCTED
16 WHILE THIS MOTION FOR LEAVE IS PENDING, IN OTHER LITIGATIONS
17 AMONG THE PARTIES, DEFENDANTS HAVE COLLECTED, PRODUCED
18 DOCUMENTS THAT ARE -- SORT OF GO TO THE CORE OF SOME OF OUR
19 REQUESTS THAT WE HAVE PROPOUNDED.  THERE IS NO BURDEN OF ANY
20 SORT ON DEFENDANTS TO JUST HAND OVER THOSE DOCUMENTS IN THIS
21 LITIGATION.
22         OF COURSE, IN THOSE LITIGATIONS THERE ARE PROTECTIVE
23 ORDERS, RIGHT, AND THE DOCUMENTS ARE ALL DESIGNATED
24 CONFIDENTIAL.  WE CANNOT USE THEM IN THIS CASE.  BUT THERE
25 WOULD BE NO BURDEN AT ALL ON DEFENDANTS TO SIMPLY HAND OVER AND

```
 1   PRODUCE DOCUMENTS THAT WERE ALREADY COLLECTED.
 2             THE COURT:  YOU HAVE THAT VIEW, BUT I TAKE IT YOU
 3   OBJECT TO THAT.
 4             ATTY2:  WE DO, YOUR HONOR.  WE'RE TALKING ABOUT --
 5             THE COURT:  WE'RE TALKING ABOUT IN A SHORT PERIOD OF
 6   TIME IN THE SCHEME OF THINGS.
 7             ATTY1:  OKAY.
 8             THE COURT:  IN A MINDFUL -- WHEN I SAY "THE SCHEME OF
 9   THINGS," I'M AWARE OF WHAT THE DEADLINES ARE IN THE CASE
10   OVERALL.  IF YOU HAVE A TRIAL NEXT MONTH, I WOULD STAY
11   DISCOVERY FOR THREE WEEKS BECAUSE THAT WOULD LEAVE NO TIME TO
12   DO ANYTHING AFTERWARDS.
13             ATTY1:  UNDERSTOOD.
14             THE COURT:  YOU DO HAVE MORE TIME THAN THAT AFTER
15   THIS IS CONCLUDED.  I THINK IT'S AN IMPORTANT GATING ISSUE.  IT
16   DOESN'T MEAN I'M GOING TO GRANT RECONSIDERATION, BUT I THINK
17   IT'S IMPORTANT TO GET IT RESOLVED SO THERE WON'T BE ANY FURTHER
18   DISCUSSION ABOUT IT, AND WE'LL GET IT RESOLVED PROMPTLY.  SO
19   THAT'S THE BRIEFING SCHEDULE.
20             GIVEN THERE'S NOT SOME AGREEMENT ABOUT OTHER
21   DISCOVERY, FORGET THAT PART.  WE'LL COME BACK AND TALK, AND WE
22   CAN FOLLOW UP ON THE CONVERSATION ABOUT A SPECIAL MASTER OR
23   NOT, CERTAINLY COORDINATING IT FROM AN EFFICIENCY POINT OF VIEW
24   WITH WHAT'S GOING ON IN DELAWARE MIGHT MAKE SENSE, BUT THAT'S
25   WHAT WE NEED TO TALK ABOUT WITH YOUR CLIENTS AND OTHER
```

```
1    EXPENSES --
2            ATTY2:  YEAH.  YOUR HONOR, WE VERY MUCH RESPECT AND
3    APPRECIATE YOUR TIME, OF COURSE, AND WE KNOW HOW BUSY THE COURT
4    IS.  WE DO THINK THAT ONCE SOME OF THESE THRESHOLD GATING
5    ISSUES ARE RESOLVED, THE PARTIES CAN WORK TOGETHER.
6            THE COURT:  AND THAT MIGHT BE.
7            SO THINK ABOUT THAT, TALK WITH YOUR CLIENTS, AND WHEN
8    WE RECONVENE ON THE 25TH, WE'LL WANT TO LEAVE THAT WITH A PLAN
9    FOR WHAT'S GOING TO OCCUR AFTER THAT.
10           ATTY2:  THANK YOU VERY MUCH.
11           (SIMULTANEOUS COLLOQUY.)
12           ATTY2:  APPRECIATE, YOUR TIME.
13           ATTY1:  THANK YOU, YOUR HONOR.
14           MR. SIMON:  THANK YOU, YOUR HONOR.
15           THE COURT:  WE'RE IN RECESS.
16           (PROCEEDINGS ADJOURNED AT 2:44 P.M.)
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

JOAN MARIE COLUMBINI

MARCH 24, 2020