# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., <br> Plaintiff, <br> v. <br> MARC L. ABRAMOWITZ, et al., <br> Defendants. | Case No.  19-cv-06879-BLF <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE UNDER SEAL** <br><br> [Re:  ECF 129] |

Before the Court is Plaintiff's motion to file under seal 1) Exhibit B to the Declaration of Yahor Fursevich in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint, and 2) portions of Palantir's Opposition to Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint ("Opposition") discussing and referencing Exhibit B. *See* Mot., ECF 190. Plaintiff filed its request because Defendants designated Exhibit B as "Confidential" pursuant to the protective order entered by the state court prior to removal of this case to this Court. *Id.* 2. Defendants filed a response clarifying which portions of the documents they want sealed. *See* Resp., ECF 131. For the reasons stated below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr.*

*for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civil L.R. 79-5(b). Under Civil Local Rule 79-6(d), the submitting party must attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed." In addition, a party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* Where the moving party requests sealing of documents because they have been designated confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e). The moving party must file a proof of service showing that the designating party or non-party has been given notice of the motion to seal. *Id.* "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

**II.     DISCUSSION**

Tax identification numbers and wire transfer instructions are properly sealable in this district. *See Outfitters Ltd. v. Oracle Corp.*, No. 16-cv-02954-LB, 2019 WL 8752333, at *2 (N.D. Cal. Sept. 27, 2019). The Court has reviewed Plaintiff's sealing motion and the declarations of the designating party submitted in response. The Court finds that the designating party has articulated compelling reasons to seal certain portions of the cited exhibit. The proposed redactions are

generally narrowly tailored. The Court's rulings on the sealing request is set forth in the table below.

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 130 | Opposition | DENIED as to entire document | Defendants, the designating party, do not seek to seal this information. Decl. of Niels J. Melius ("Melius Decl.") ¶ 4, ECF 131-1. |
| 130-3 | Exhibit B to Opposition | GRANTED as to wire transfer instructions on final page of Exhibit B; DENIED as to the rest of the document | The wire transfer instructions contain sensitive and confidential financial-account numbers. Melius Decl. ¶ 4. However, Defendants, the designating party, do not seek to seal any additional information in this exhibit. *Id.* ¶ 4. |

### III. ORDER

For the reasons set forth herein, the Court GRANTS IN PART and DENIES IN PART Plaintiff's administrative motion to file under seal portions of its Opposition and Exhibit B in support thereof.

Dated: November 13, 2020

_____
BETH LABSON FREEMAN
United States District Judge

3