UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., | Case No.  19-cv-06879-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| MARC L. ABRAMOWITZ, et al., | |
| Defendants. | [Re: ECF 150] |

Before the Court is Defendants' administrative motion to file under seal portions their brief and exhibits submitted in support of their motion for relief from nondispositive pretrial order of magistrate judge. Mot., ECF 150. Defendants request sealing because the materials contain references to Plaintiff's alleged trade secrets. Mot. 1. The parties filed a joint stipulation in support of Defendants'' motion to seal. Stipulation, ECF 150-2. For the reasons stated below, Defendants' motion is GRANTED.

## I.      LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civil L.R. 79-5(b). Under Civil Local Rule 79-6(d), the submitting party must attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed." In addition, a party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* Where the moving party requests sealing of documents because they have been designated confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e). The moving party must file a proof of service showing that the designating party or non-party has been given notice of the motion to seal. *Id.* "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

## II.   DISCUSSION

Documents containing commercially sensitive information have been held sealable in this Circuit. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing exhibit containing trade secrets and adopting definition of trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it"). The Court has reviewed Defendants' sealing motion and the declaration and joint stipulation submitted in support thereof. The Court finds that the parties have articulated compelling reasons to seal certain portions of the cited brief and exhibits. The proposed redactions are generally narrowly tailored. The Court's

United States District Court
Northern District of California

rulings on the sealing request is set forth in the table below.

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 150-5 | Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge | GRANTED as to the portions of the document highlighted at: 2:7 | This highlighted portion of the motion quotes the contents of a previously filed trade secrets disclosure and thus should be confidential. Melius Decl. ¶¶ 6-7. |
| 150-6 | Ex. 2 | GRANTED as to the entire exhibit | This document contains alleged trade secrets and thus should be confidential. Decl. of Niels J. Melius ("Melius Decl.") ¶ 7, ECF 150-1. |
| 150-7 | Ex. 5 | GRANTED as to the entire exhibit | This document contains alleged trade secrets and thus should be confidential. Melius Decl. ¶ 7. |
| 150-8 | Ex. 8 | GRANTED as to the entire exhibit | This document contains alleged trade secrets and thus should be confidential. Melius Decl. ¶ 7. |

## III.    ORDER

For the reasons set forth herein, the Court GRANTS Defendants' administrative motion to file under seal portions of the brief and exhibits submitted in support of the motion for relief from nondispositive pretrial order of magistrate judge.

**IT IS SO ORDERED.**

Dated: March 5, 2021

BETH LABSON FREEMAN
United States District Judge