# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., <br> Plaintiff, <br> v. <br> MARC L. ABRAMOWITZ, et al., <br> Defendants. | Case No. 19-cv-06879-BLF <br><br> **ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Before the Court is Defendants' motion for relief from a non-dispositive pretrial order of Magistrate Judge Nathanael M. Cousins, pursuant to Local Civil Rule 72-2. *See* Mot., ECF 150-5. Defendants challenge Judge Cousins's denial of their motion to compel further document production in response to Defendants' Requests for Production Nos. 12, 95, and 97-103. *See id.* Defendants argue that Judge Cousins's finding that Defendants had not established the relevance and proportionality of their document requests was clearly erroneous and contrary to law. Mot. 1. Plaintiff filed an opposition brief, but under Civil Local Rule 72-2, "[u]nless otherwise ordered by the assigned District Judge, no response need be filed." Civ. L.R. 72-2. The Court did not request this opposition and did not consider it.

A magistrate judge's non-dispositive pretrial order may be modified or set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "[T]he magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Having reviewed the briefing and underlying order, the Court finds no clear error and that Judge Cousins's legal conclusion was not contrary to law on the issue of relevance. Without a showing of relevance, the motion to compel was properly denied. Since upholding Judge

Cousins's finding on relevance is sufficient to deny this motion, the Court need not reach Judge Cousins's decision on proportionality and Defendants arguments that he applied the wrong legal standard.

After reviewing the submissions in front of both Judge Cousins and this Court, it does not appear to this Court that Request No. 12 is accurately represented by Defendants. *See* Ex. 10, Requests for Production 5:11-17, ECF 151-11. The Court also does not read *United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165-GHK (SSX), 2014 WL 12588296 (C.D. Cal. Mar. 21, 2014) as broadly as Defendants. *Celegene Corp.* involved the unsealing of prior versions of a False Claims Act complaint, and the court found that the plaintiff-relator had not made the requisite particularized showing of good cause to maintain the document seal. *Id.* The Court declines to read *Celegene Corp.* as supporting Defendants' argument that numerous categories of documents that are allegedly related to prior trade secrets disclosures are relevant and thus discoverable. The Court certainly does not read *Celegene Corp.* as establishing that Judge Cousins's relevance decision was clearly erroneous and contrary to law. Accordingly, the Court DENIES Defendants' motion for relief.

**IT IS SO ORDERED.**

Dated: March 5, 2021

_____
BETH LABSON FREEMAN
United States District Judge

2