1  BARRY SIMON (*pro hac vice*)
   bsimon@wc.com
2  JONATHAN B. PITT (*pro hac vice*)
   jpitt@wc.com
3  STEPHEN L. WOHLGEMUTH (*pro hac vice*)
   swohlgemuth@wc.com
4  WILLIAMS & CONNOLLY LLP
   725 Twelfth Street, N.W.
5  Washington, D.C. 20005
   Telephone: (202) 434-5000
6  Facsimile: (202) 434-5029

7  JACK P. DICANIO (SBN 138782)
   jack.dicanio@skadden.com
8  NIELS J. MELIUS (SBN 294181)
   niels.melius@skadden.com
9  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue
10 Palo Alto, California 94301
   Telephone: (650) 470-4500
11 Facsimile: (650) 470-4570

12 *Attorneys for Defendants*

13

14                 **UNITED STATES DISTRICT COURT**

15                **NORTHERN DISTRICT OF CALIFORNIA**

16                       **SAN JOSE DIVISION**

17  PALANTIR TECHNOLOGIES INC.,          Case No.: 5:19-cv-06879-BLF

18        *Plaintiff*,                    **DEFENDANT MARC L.
                                          ABRAMOWITZ'S ANSWER AND
19        v.                              DEFENSES TO PLAINTIFF'S FIFTH
                                          AMENDED COMPLAINT**
20  MARC L. ABRAMOWITZ, in his individual
    capacity and as trustee of the MARC
21  ABRAMOWITZ CHARITABLE TRUST NO.       Complaint filed:   September 1, 2016
    2, KT4 PARTNERS LLC, and DOES 1       Trial date:        April 4, 2022
22  through 50, inclusive,

23        *Defendants*.

24

25

26

27

28

1    Defendant Marc L. Abramowitz, through his undersigned counsel, submits his Answer and

2  Defenses to the Fifth Amended Complaint ("Complaint" or "AC5").  This Answer is based on

3  Defendant's investigation to date, and Defendant reserves the right to supplement or amend this

4  Answer throughout the course of litigation as new information is learned.  Additionally, Defendant

5  has only answered allegations relating to the remaining claims in the case.

6    Defendant denies each and every allegation not expressly admitted below.

7    Defendant denies any allegations contained in, or inferences that could be drawn from, the

8  headings found in the Complaint, or any other portion outside the numbered paragraphs.

9    In response to the numbered paragraphs of the Complaint, Defendant responds as follows:

10    1.    Defendant is without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in paragraph 1, and therefore denies the same.

12    2.    Defendant is without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in paragraph 2, and therefore denies the same.

14    3.    Defendant admits that Abramowitz has degrees in management and law, invested in

15  Palantir through KT4 Partners LLP ("KT4") and the Marc Abramowitz Charitable Trust No. 2

16  ("the Trust"), and was one of the earliest investors in Palantir.  Defendant otherwise denies the

17  allegations in paragraph 3.

18    4.    Defendant denies the allegations in paragraph 4.

19    5.    Defendant denies the allegations in paragraph 5.

20    6.    Defendant admits that he spoke with Palantir employees between 2012 and 2014.

21  Defendant otherwise denies the allegations in paragraph 6.

22    7.    Defendant admits that Abramowitz filed certain patent applications; the content of

23  those applications speaks for itself.  Defendant otherwise denies the allegations in paragraph 7.

24    8.    Defendant admits that the patent application relating to cyber technology contains

25  his idea and that he did not provide a copy of that application to Palantir.  To the extent paragraph

26  8 purports to quote or reference specific emails or communications, Defendant refers to the

27  applicable emails or communications for their actual contents.  Defendant otherwise denies the

28  allegations in paragraph 8.

1

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant admits that he filed a notice of removal which transferred the case to the United States District Court for the Northern District of California.

12. Paragraph 12 contains legal conclusions to which no response is required.

13. Defendant admits that this Court has personal jurisdiction over him and that he is the managing member of KT4.  Defendant otherwise denies the allegations in paragraph 13.

14. Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 14.

15. Paragraph 15 contains legal conclusions to which no response is required.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies them.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and on that basis denies them.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies them.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies them.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and on that basis denies them.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies them.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies them.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis denies them.

24. Defendant admits that he is a private investor and that he met Dr. Karp through the Institute for Jewish and Community Research.  Defendant admits that he was an early investor in

2

1   Palantir and became interested Palantir, in part, because of its stated intent to pursue terrorists.

2   Defendant admits that he purchased shares in Palantir through KT4 and the Trust.  Defendant

3   otherwise denies the allegations in paragraph 24.

4         25.     Defendant admits that KT4 is a Delaware limited liability company, that Kadima

5   Inc. has a 49% ownership interest in KT4, and that the remainder is owned by trusts for the benefit

6   of Abramowitz's family members.  Defendant admits that he is KT4's managing member.

7   Defendant also admits that KT4 has investment interests in certain companies.  Defendant admits

8   that KT4 and the Trust are separate legal entities.  Defendant otherwise denies the allegations in

9   paragraph 25.

10         26.     Defendant denies the allegations in paragraph 26.

11         27.     Defendant denies the allegations in paragraph 27.

12         28.     Defendant denies the allegations in paragraph 28.

13         29.     To the extent paragraph 29 purports to quote specific emails or communications,

14   Defendant refers to the applicable emails or communications for their actual contents.  Defendant

15   otherwise denies the allegations in paragraph 29.

16         30.     To the extent paragraph 30 purports to quote specific emails or communications,

17   Defendant refers to the applicable emails or communications for their actual contents.  Defendant

18   otherwise denies the allegations in paragraph 30.

19         31.     Defendant admits that he has visited Palantir's offices and otherwise denies the

20   allegations in paragraph 31.

21         32.     Defendant denies the allegations in paragraph 32.

22         33.     Defendant denies the allegations in paragraph 33.

23         34.     Defendant denies the allegations in paragraph 34.

24         35.     Defendant admits that Abramowitz signed, on behalf of the Trust, a stock transfer

25   agreement, the content of which speaks for itself.  Defendant otherwise denies the allegations in

26   Paragraph 35.

27

28

3

1        36.     Defendant admits that he signed a document upon entering Palantir's headquarters

2  on July 12, 2014, the content of which speaks for itself, and otherwise denies the allegations in

3  paragraph 36.

4        37.     Defendant admits that he, on behalf of KT4, signed a stock transfer agreement, the

5  content of which speaks for itself, and otherwise denies the allegations in paragraph 37.

6        38.     Defendant denies the allegations in paragraph 38.

7        39.     Defendant is without knowledge or information sufficient to form a belief as to the

8  truth of the allegations in paragraph 39, and on that basis denies them.

9        40.     Defendant denies the allegations in paragraph 40.

10        41.     Defendant denies the allegations in paragraph 41.

11        42.     Defendant denies the allegations in paragraph 42.

12        43.     Defendant admits that he filed certain patent applications and otherwise denies the

13  allegations in paragraph 43.

14        44.     Defendant admits that KT4 and the Trust hold investments in certain companies and

15  otherwise denies the allegations in paragraph 44.

16        45.     Defendant denies the allegations in paragraph 45.

17        46.     Defendant denies the allegations in paragraph 46.

18        47.     Defendant is without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in paragraph 47, and on that basis denies them.

20        48.     Defendant admits that he has attended presentations regarding healthcare.

21  Defendant otherwise denies the allegations in paragraph 48.

22        49.     Defendant admits that he met with certain Palantir employees at certain times.

23  Defendant otherwise denies the allegations in paragraph 49.

24        50.     Defendant denies the allegations in paragraph 50.

25        51.     Defendant denies the allegations in paragraph 51.

26        52.     Defendant admits that he met with certain Palantir employees at certain times.

27  Defendant otherwise denies the allegations in paragraph 52.

28

4

53.     Defendant admits that he attempted to facilitate a potential transaction involving Palantir and another entity relating to healthcare.  Defendant otherwise denies the allegations in paragraph 53.

54.     Defendant admits that he attempted to facilitate a potential transaction involving Palantir and another entity relating to healthcare.  Defendant otherwise denies the allegations in paragraph 54.

55.     Defendant admits that he met with certain Palantir employees at certain times.  To the extent paragraph 55 purports to quote specific emails or communications, Defendant refers to the applicable emails or communications for their actual contents.  Defendant otherwise denies the allegations in paragraph 55.

56.     Defendant denies the allegations in paragraph 56.

57.     Defendant admits that he filed a patent application with the USPTO in October 2014.  To the extent paragraph 57 purports to quote specific emails or communications, Defendant refers to the applicable emails or communications for their actual contents.  Defendant otherwise denies the allegations in paragraph 57.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of certain allegations in paragraph 58, and on that basis denies them.

59.     Defendant admits that he emailed certain Palantir executives at certain times.  To the extent paragraph 59 purports to quote specific emails or communications, Defendant refers to the applicable emails or communications for their actual contents.  Defendant otherwise denies the allegations in paragraph 59.  Defendant otherwise denies the allegations in paragraph 59.

60.     Defendant admits that he met with certain Palantir executives at certain times.  To the extent paragraph 60 purports to quote specific emails or communications, Defendant refers to the applicable emails or communications for their actual contents.  Defendant otherwise denies the allegations in paragraph 60.

61.     Defendant admits that he met with certain Palantir executives at certain times.  Defendant also admits that he met with certain business contacts related to potential cyber insurance opportunities.  Defendant otherwise denies the allegations in paragraph 61.

1      62.     Defendant admits that he prepared a patent application related to cyber insurance

2   and explored a potential cyber insurance business.  Defendant otherwise denies the allegations in

3   paragraph 62.

4      63.     Defendant is without knowledge or information sufficient to form a belief as to the

5   truth of certain allegations in paragraph 63, and on that basis denies them.

6      64.     Defendant admits that he met with certain Palantir executives at certain times.

7   Defendant also admits that emailed certain Palantir employees at certain times. To the extent

8   paragraph 64 purports to quote specific emails or communications, Defendant refers to the

9   applicable emails or communications for their actual contents.  Defendant otherwise denies the

10  allegations in paragraph 64.

11     65.     Defendant admits that he prepared a patent application related to natural resources.

12  Defendant otherwise denies the allegations in paragraph 65.

13     66.     Defendant admits that he filed certain patent application, both before the USPTO

14  and internationally.  Defendant refers to the applications for a complete and accurate statement of

15  their contents.  Defendant otherwise denies the allegations in paragraph 66.

16     67.     Defendant denies the allegations in paragraph 67.

17     68.     Defendant refers to Application No. 14/919,506 for a complete and accurate

18  statement of its contents.  Defendant otherwise denies the allegations in paragraph 68.

19     69.     Defendant refers to Application No. 14/919,506 for a complete and accurate

20  statement of its contents.  Defendant otherwise denies the allegations in paragraph 69.

21     70.     Defendant refers to Application No. 14/919,506 for a complete and accurate

22  statement of its contents. Defendant otherwise denies the allegations in paragraph 70.

23     71.     Defendant denies the allegations in paragraph 71.

24     72.     Defendant admits that he did not provide certain Palantir employees with a copy of

25  his cyber insurance patent application. To the extent paragraph 72 purports to quote specific emails

26  or communications, Defendant refers to the applicable emails or communications for their actual

27  contents.  Defendant otherwise denies the allegations in paragraph 72.

28     73.     Defendant denies the allegations in paragraph 73.

6

74.     Defendant denies the allegations in paragraph 74.

75.     Defendant admits that he filed trademark applications that relate to the terms "Shire" and "Grey Swan," and refers to those applications for a complete and accurate statement of their contents.  Defendant otherwise denies the allegations in paragraph 75.

76.     Defendant admits that he incorporated an entity named "Gray Swan LLC" and that he explored a potential cyber insurance business.  Defendant otherwise denies the allegations in paragraph 76.

77.     Defendant denies the allegations in paragraph 77.

78.     Defendant admits that he has filed patent applications before the USPTO that have been published.  Defendant otherwise denies the allegations in paragraph 78.

79.     Defendant denies the allegations in paragraph 79.

80.     Defendant denies the allegations in paragraph 80.

81.     Defendant repeats and incorporates his responses to paragraphs 1-80.

82.     Paragraph 82 references a RICO claim that was dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 82.

83.     Paragraph 83 references a RICO claim that was dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 83.

84.     Paragraph 84 references a RICO claim that was dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 84.

85.     Paragraph 85 references a RICO claim that was dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 85.

86.     Paragraph 86 references a RICO claim that was dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 86.

1     87.     Paragraph 87 references a RICO claim that was dismissed with prejudice and thus

2   no response is required.  To the extent a response is required, Defendant denies the allegations in

3   paragraph 87.

4     88.     Defendant repeats and incorporates his responses to paragraphs 1-87.

5     89.     Paragraph 89 references a breach of contract claim against the Trust that was

6   dismissed with prejudice and thus no response is required.  To the extent a response is required,

7   Defendant denies the allegations in paragraph 89.

8     90.     Defendant denies the allegations in paragraph 90.

9     91.     Paragraph 91 references a breach of contract claim against KT4 that was dismissed

10  with prejudice and thus no response is required.  To the extent a response is required by Defendant,

11  Defendant denies the allegations in paragraph 91.

12    92.     Paragraph 92 references a breach of contract claim that was dismissed with

13  prejudice as to KT4 and the Trust and thus no response is required.  Paragraph 92 also contains

14  legal conclusions as to which no response is required.  To the extent a response is required by

15  Defendant, Defendant denies the allegations in paragraph 92.

16    93.     Paragraph 93 references a breach of contract claim that was dismissed with

17  prejudice as to KT4 and the Trust and thus no response is required.  Paragraph 93 also contains

18  legal conclusions as to which no response is required.  To the extent a response is required by

19  Defendant, Defendant denies the allegations in paragraph 93.

20    94.     Defendant repeats and incorporates his responses to paragraphs 1-93.

21    95.     Paragraph 95 references a trade secret misappropriation claim that was dismissed

22  with prejudice as to KT4 and the Trust and thus no response is required.  Paragraph 95 also

23  contains legal conclusions as to which no response is required.  To the extent a response is required

24  by Defendant, Defendant denies the allegations in paragraph 95.

25    96.     Paragraph 96 references a trade secret misappropriation claim that was dismissed

26  with prejudice as to KT4 and the Trust and thus no response is required.  Paragraph 96 also

27  contains legal conclusions as to which no response is required.  To the extent a response is required

28  by Defendant, Defendant denies the allegations in paragraph 96.

8

97.     Paragraph 97 references a trade secret misappropriation claim that was dismissed with prejudice as to KT4 and the Trust and thus no response is required.  Paragraph 97 also contains legal conclusions as to which no response is required.  To the extent a response is required by Defendant, Defendant denies the allegations in paragraph 97.

98.     Paragraph 98 references a trade secret misappropriation claim that was dismissed with prejudice as to KT4 and the Trust and thus no response is required.  Paragraph 98 also contains legal conclusions as to which no response is required.  To the extent a response is required by Defendant, Defendant denies the allegations in paragraph 98.

99.     Paragraph 99 contains legal conclusions as to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 99.

100.    Paragraph 100 contains legal conclusions as to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 100.

101.    Paragraph 101 contains legal conclusions as to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 101.

102.    Paragraph 102 contains legal conclusions as to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 102.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that he is liable to Palantir on any of the claims, denies that Palantir is entitled to any of the relief sought, and denies that Palantir is entitled to any relief whatsoever.  Defendant prays that the Court enter judgment in his favor, award him cost of his suit and attorneys' fees, under any applicable statute and under any applicable contract, and further award him such other and further relief to which he may be entitled.

## DEFENSES

Defendant asserts the following defenses and affirmative defenses without assuming the burden of proof as to any issue or element that otherwise rests with Palantir.  This statement of defenses and affirmative defenses is based on Defendant's investigation to date, and Defendant reserves the right to supplement or amended these defenses and affirmative defenses during the course of this litigation.

9

**FIRST DEFENSE**

The AC5 fails to state facts sufficient to state a claim on which relief can be granted.

**SECOND DEFENSE**

The claims are barred, in whole or in part, because Palantir has not asserted any protectable trade secrets.

**THIRD DEFENSE**

The claims are barred, in whole or in part, because the information that Plaintiff alleges Defendant misappropriated is readily ascertainable by proper means and/or was independently developed by Defendant.

**FOURTH DEFENSE**

The claims are barred, in whole or in part, because Plaintiff did not take reasonable precautions to preserve the secrecy of its alleged trade secrets.

**FIFTH DEFENSE**

The trade secret misappropriation claim is barred due to Plaintiff's failure to adequately identify and/or provide requisite notice of the trade secrets that Defendant allegedly misappropriated.

**SIXTH DEFENSE**

Defendant alleges that Plaintiff's trade secret misappropriation claim are asserted in "bad faith" within the meaning of California Civil Code §§ 3426 et seq. and 18 U.S.C. §§ 1836 et seq. in that Plaintiff asserted its claims against Defendant despite the fact that Plaintiff was aware of Defendant's patent applications for almost two years and filed suit only after Defendant attempted to exercise his shareholder right to information from Plaintiff.

**SEVENTH DEFENSE**

Plaintiff's claims are bared by the doctrine of laches.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

10

1

**TENTH DEFENSE**

2      Plaintiff's claims are barred, in whole or in part, because they depend on a contract that is

3  unenforceable as a matter of law.

4

**ELEVENTH DEFENSE**

5      Plaintiff's equitable claims and requests for equitable relief are barred in whole or in part by

6  the existence of an adequate remedy at law.

7

**TWELFTH DEFENSE**

8      Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no damages.

9

**THIRTEENTH DEFENSE**

10      Plaintiff's claims are barred, in whole or in part, by its failure to mitigate, minimize, or

11  avoid its alleged damages, if any.

12

**FOURTEENTH DEFENSE**

13      Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

14

**FIFTEENTH DEFENSE**

15      Plaintiff's claims are barred, in whole or in part, by failure of consideration.

16

**SIXTEENTH DEFENSE**

17      Plaintiff's claims are barred, in whole or in part, by its own culpable conduct.

18

**SEVENTEENTH DEFENSE**

19      Plaintiff's claims are barred, in whole or in part, by a superseding and/or intervening cause.

20

**EIGHTEENTH DEFENSE**

21      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

22

**NINETEENTH DEFENSE**

23      Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly

24  enriched by any recovery against Defendant.

25

**TWENTIETH DEFENSE**

26      Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages are

27  speculative and are not recoverable.

28

**DEFENDANT'S ANSWER AND DEFENSES**                                    **CASE NO.: 5:19-cv-06879-BLF**

**1**
### TWENTY-FIRST DEFENSE

**2**       Defendant alleges that Plaintiff's claim for punitive damages is barred because Plaintiff has

**3** failed to state facts sufficient to provide a legal or factual basis to award punitive damages, and

**4** further alleges that excessive punitive damages awards violate the due process clauses of the

**5** United States Constitution and California Constitution.

**6**
### ADDITIONAL DEFENSE

**7**       Defendant asserts that he may have other separate and additional defenses of which

**8** Defendant is presently unaware, and hereby reserves the right to assert such additional defenses as

**9** discovery warrants. Defendant also reserves the right to pursue any and all claims, cross-claims,

**10** and third-party complaints against Plaintiff and other third parties.

**11**
### JURY DEMAND

**12**       Defendant demands trial by jury.

**13**
### PRAYER FOR RELIEF

**14**       Defendant denies that Plaintiff is entitled to any of the request relief in the AC5.

**15**       WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

**16**         1.    That Plaintiff take nothing by the AC5.

**17**         2.    That the AC5 be dismissed with prejudice in its entirety;

**18**         3.    That the Court award Defendant his costs and expenses, including attorneys' fees,

**19** incurred in connection with this action;

**20**         4.    That the Court enter an order declaring the "Non-Disclosure Agreement" and all

**21** others like it imposed by Plaintiff are illegal, null, unlawful, and unenforceable; and

**22**         5.    That the Court award such other and further relief as the Court may deem just and

**23** proper.

**24**
Dated:  June 25, 2021                 By:   */s/ Jack P. DiCanio*

**25**                                        Jack P. DiCanio

**26**                                 Barry S. Simon (*pro hac vice*)

**27**                                 Jonathan B. Pitt (*pro hac vice*)
                                    Stephen L. Wohlgemuth (*pro hac vice*)

**28**                                 WILLIAMS & CONNOLLY LLP
                                    725 Twelfth Street NW

DEFENDANT'S ANSWER AND DEFENSES                 CASE NO.: 5:19-cv-06879-BLF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Washington, DC  20005
Telephone: (202) 434-5000
E-mail: bsimon@wc.com
E-mail: jpitt@wc.com
E-mail: swohlgemuth@wc.com

Jack P. DiCanio (SBN 138782)
Niels J. Melius (SBN 294181)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
E-mail: jack.dicanio@skadden.com
E-mail: niels.melius@skadden.com

*Attorneys for Defendants*

DEFENDANT'S ANSWER AND DEFENSES                                    CASE NO.: 5:19-cv-06879-BLF