1  BARRY SIMON (admitted *pro hac vice*)
   bsimon@wc.com
2  JONATHAN B. PITT (admitted *pro hac vice*)
   jpitt@wc.com
3  STEPHEN L. WOHLGEMUTH (admitted *pro hac vice*)
   swohlgemuth@wc.com
4  WILLIAMS & CONNOLLY LLP
   725 Twelfth Street, N.W.
5  Washington, DC 20005
   Telephone: (202) 434-5000
6  Facsimile: (202) 434-5029

7  JACK P. DICANIO (SBN 138782)
   jack.dicanio@skadden.com
8  NIELS J. MELIUS (SBN 294181)
   niels.melius@skadden.com
9  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue
10 Palo Alto, CA 94301
   Telephone: (650) 470-4500
11 Facsimile: (650) 470-4570

12 *Attorneys for Defendant*

13 *[Counsel for Plaintiff Listed on Signature Page]*

14

15                    **UNITED STATES DISTRICT COURT**

16                    **NORTHERN DISTRICT OF CALIFORNIA**

17                          **SAN JOSE DIVISION**

18 PALANTIR TECHNOLOGIES INC., a            Case No. 5:19-cv-06879-BLF
   Delaware corporation,
19                                          **SUPPLEMENTAL JOINT LETTER BRIEF
                  Plaintiff,                RE: DEFENDANT'S MOTION TO
20                                          COMPEL THE PRODUCTION OF
          vs.                               DOCUMENTS RESPONSIVE TO RFPS 68,
21                                          79, 90, AND 92**
   MARC L. ABRAMOWITZ, in his individual
22 capacity and as trustee of the MARC      Date:      N/A
   ABRAMOWITZ CHARITABLE TRUST              Time:      N/A
23 NO. 2, KT4 PARTNERS LLC, a Delaware      Courtroom  5 (4th Floor)
   limited liability company, and DOES 1 through   Judge:     Honorable Nathanael Cousins
24 50, inclusive,
25                  Defendants.
26

27

28

─────────────────────────────────────────────────────────────────────────

Dear Magistrate Judge Cousins:

The parties submit this joint letter pursuant to the Court's standing orders and Dkt. 208.

## I.    Defendant's Position

In a joint letter brief, Defendant moved for the production of documents relating to Palantir's efforts to seek legal and investigatory fees and costs as damages in this trade-secrets case. Dkt. 204. Defendant sought non-privileged documents relating to these fees and costs but also argued that Palantir had implicitly waived privilege as to any documents relating to the reasons why Palantir instituted three patent proceedings. This Court set argument on Defendant's motion for July 21, 2021. The night before the hearing Palantir informed Defendant that it would no longer seek damages for fees and costs incurred in connection with a German patent case and a related § 1782 case. Those two proceedings are, by far, the largest source of fees and costs that Palantir had been seeking. Because Palantir waited until the night before the argument to make this significant concession, Defendant requested that the Court continue the argument so that he could research and consider how Palantir's changed position impacted the motion. The Court denied Defendant's motion without prejudice and asked the parties to submit their updated positions by August 11. Dkt. 208. Since then, Palantir has confirmed that it had already produced all invoices and legal bills that are the subject of this damages theory.

Having had time to research and consider Palantir's change in position, Defendant's current position is as follows.

*First*, it appears, based on Palantir's representations, that there is no longer any dispute as to non-privileged documents relating to the USPTO proceeding. Specifically, Palantir has agreed to produce contemporaneous, non-privileged documents relating to the reasons that it instituted the USPTO proceeding, if any such documents exist. Palantir has not produced even one such document, despite Defendant's request that they be produced prior to this status report. Defendant therefore no longer seeks any order as to these documents at this time.[1]

*Second*, Defendant's arguments regarding the USPTO proceeding are unchanged. That is, for the reasons set forth in Dkt. 204, Defendant still seeks an order finding that Palantir has impliedly waived privilege and work-product protection as to any communications and documents relating to, or reflecting, Palantir's reasons for filing the USPTO proceeding.

*Third*, Defendant informed Palantir that it would withdraw the portion of its motion relating to privileged materials concerning the German and § 1782 proceedings provided that Palantir makes the following representations to the Court: (1) that, in this action, Palantir is unconditionally waiving its right to seek damages for any fees or costs incurred in the German or § 1782 proceedings and (2) that it will not argue, at any point in this action, including at trial, that it filed either the German or § 1782 proceedings as a result of Defendant's alleged misappropriation. Palantir has made the first representation but refuses to make the second. Defendant therefore seeks an order finding that Palantir has impliedly waived privilege and work-product protection as

---

[1] Contrary to Palantir's assertion, there was never any "negotiated search protocol" relating to these documents. In any event, Palantir has not produced any documents reflecting the reasons for instituting the proceeding, but it has produced a handful of invoices that reflect the amount of fees.

to any communications and documents relating to, or reflecting, Palantir's reasons for filing the German proceeding and the § 1782 proceeding.

All of the arguments made in Dkt. 204 still stand. Palantir has taken an "affirmative act" by alleging in its complaint that it was "forced" to institute the German and § 1782 proceedings as a "result" of Defendant's alleged misappropriation. Dkt. 126 at ¶ 79(e), (d). Palantir has refused to withdraw that allegation, presumably because Palantir believes that it helps show that Palantir made reasonable efforts to preserve the secrecy of its purported trade secrets. Palantir's "affirmative act" of filing suit and making that allegation places privileged communications "at issue": to rebut Palantir's argument, Defendant must have access to contemporaneous communications about Palantir's actual reasons for filing the German case. Given that the "subject matter" here is "patent litigation," Palantir's "justifications" and reasons for filing the proceedings will "necessarily involve attorney-client advice." *See Lidoderm Antitrust Litig.*, 2016 WL 4191612, at *7 (N.D. Cal. Aug. 9, 2016). And these communications are "vital" to Defendant's defense against Palantir's allegations: without discovery into Palantir's actual reasons for filing these proceedings, Defendant cannot adequately dispute Palantir's allegation about its reasons for instituting the proceedings. Numerous courts have found implied waiver in similar circumstances. Dkt. 204 at 3 (collecting authority).

## II.     Palantir's Position

On July 13, 2021, the parties filed a Joint Letter Brief addressing Defendant's demand that Palantir produce privileged and non-privileged documents concerning Palantir's reasons for filing patent proceedings before the USPTO (the "USPTO Proceedings") and in Germany (together with the Section 1782 action, the "German Proceedings"), which, according to Defendant, are relevant to Palantir's damages claim for the fees and costs it expended in those proceedings. (Dkt. 204.) As to privileged documents, Palantir explained that its damages theory does not give rise to implicit waiver of privilege over such documents because, among other reasons, Palantir is not using and will not use them as a "sword and a shield." (*Id.* at 3-5.) As to non-privileged documents, Palantir notified Defendant that (i) it has no objection to producing such materials concerning the USPTO Proceedings according to the negotiated search protocol (*id.* at 4), and (ii) that it will no longer pursue in this action its damages claim based on the German Proceedings to preserve the fairness of the forthcoming German trial, which the German court only recently set for October 2021 (*see* Dkt. 207). In response, Defendant requested to continue the hearing on the Joint Letter Brief. (*Id.*)

After Court's denial of Defendant's motion without prejudice (Dkt. 208), Defendant provided Palantir with his amended position set forth above. Palantir responds to each of Defendant's assertions in turn:

*First*, there is no longer any dispute over non-privileged documents concerning the USPTO proceedings. As Palantir reiterated to Defendant, it has already produced or will produce pursuant to the negotiated search protocol any non-privileged documents regarding its reasons for filing the USPTO Proceedings, as well as the invoices or billing statements reflecting the fees and costs it has expended in the USPTO Proceedings.

*Second*, the parties continue to dispute whether Palantir implicitly waived privilege and work product protection over its privileged materials reflecting the reasons for filing the USPTO Proceedings. As explained in Palantir's portion of the Joint Letter Brief, Palantir has not relied and

will not rely on such materials in pursuing its damages claim and the materials are not otherwise "vital" to rebutting that claim.  (Dkt. 204 at 4-5).

*Third*, it appears that the parties continue to dispute whether Defendant is entitled to discovery of documents concerning Palantir's reasons for filing the German Proceedings.  Defendant asserts that he will not seek such documents only if Palantir represents that it (1) "is unconditionally waiving its right to see damages for any fees or costs incurred in the German or § 1782 proceedings," and (2) "will not argue, at any point in this action, including at trial, that it filed either the German or § 1782 proceedings as a result of Defendant's alleged misappropriation."  As to the first representation, Palantir has already stated, in unequivocal terms, that it "will not pursue damages in this action based on the fees and costs it has expended in [the German and Section 1782 proceedings]."  (Dkt. 207.)  Although it is difficult to understand what more Defendant seeks, Palantir again reiterates here, to avoid any ambiguity, that it will not pursue damages claims in this action based on its expenditures in the German Proceedings.

The second representation Defendant insists on, however, is improper and untethered to his demand for privileged documents at issue in the Joint Letter Brief.  As Palantir explained in that brief, for implied waiver to occur, Defendant must show, at the very least, that Palantir has made some "claim" that cannot be rebutted without "vital" privileged documents.  (Dkt. 204 at 3-5); *see Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003).  But Defendant cannot meet that threshold requirement here, given Palantir's representation that it will not pursue any damages claims based on the fees and costs expended in the German Proceedings.  For this reason alone, there cannot be any implicit privilege waiver.  *See Id.*

What Defendant appears to seek instead is a commitment from Palantir at the discovery stage of this action that it will not present any evidence or argument—at any point in the future and for any purpose—that it filed the German Proceedings in response to Defendant's misappropriation.  But Defendant does not (and cannot) cite any authority for the proposition that Palantir must make such a broad, abstract commitment about future arguments to avoid implicit privilege waiver at this stage. [2]  Indeed, controlling authority is clear that Defendant must point to some present-day "affirmative act"—and not some hypothetical future act—that puts privileged communications at issue.  *See Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995); *see also Safety Dynamics, Inc. v. Gen. Star Indem. Co.*, 2013 WL 11299209, at *4 (D. Ariz. Aug. 8, 2013) (declining to find implied waiver based "solely upon [a] speculation as to [the other party's contentions]" and where the moving party was "unable to point to an affirmative assertion" giving rise to waiver); *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 640 (D. Nev. 2013) (declining to find an implied waiver because it was "not readily apparent at this point in time" that a party would be relying on privileged information).  Only then would the Court be able to evaluate and balance fairness considerations and impose a waiver (if any) "no broader than needed to ensure the fairness proceedings before it."  *Bittaker*, 331 F.3d at 720.

In response, Defendant claims that Palantir has, in fact, taken an "affirmative act" by alleging in its complaint that "Palantir has been forced to spend millions of dollars instituting and prosecuting [the German Proceedings]."  (Dkt. 126 ¶ 79(d).)  But as the complaint itself makes clear, this allegation goes to the damages claim that Palantir has already agreed not to pursue in

---

[2] Palantir, of course, does not know what contentions Defendant might make, or what evidence he might present, at trial or on summary judgment that might require it to show that it has filed the German Proceedings in response to Defendant's misappropriation.

this action.  (*Id.*)  In other words, Palantir has agreed not to argue that it was forced to institute the German Proceedings for the purpose of seeking reimbursement in this action of the costs and fees it has expended on the German Proceedings.  Critically, however, Defendant demands that Palantir agree not to make this argument ***for any other purpose*** at any time in the future.  For the reasons explained above, Palantir cannot and will not do so.

In sum, Palantir's unequivocal representation that it will not pursue damages based on fees and costs expended in the German Proceedings moots Defendant's demand for documents concerning those proceedings.   To the extent the Court concludes otherwise, Palantir incorporates its contentions in the Joint Letter Brief that it has not implicitly waived privilege over documents relating to the German Proceedings.  (Dkt. 204 at 3-5.)

Dated: August 11, 2021        By: _____*/s/ Jack P. DiCanio*_____
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
NIELS J. MELIUS (SBN 294181)
niels.melius@skadden.com
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 4704570

BARRY SIMON (*pro hac vice*)
bsimon@wc.com
JONATHAN B. PITT (*pro hac vice*)
jpitt@wc.com
STEPHEN L. WOHLGEMUTH (*pro hac vice*)
swohlgemuth@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for Defendant*

Dated: August 11, 2021        By: _____*/s/ Yahor Fursevich*_____
HUESTON HENNIGAN LLP

JOHN C. HUESTON (SBN 164921)
jhueston@hueston.com
MOEZ M. KABA (SBN 257456)
mkaba@hueston.com
YAHOR FURSEVICH (SBN 300520)
yfursevich@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
*Attorneys for Plaintiff*

## <u>SIGNATURE ATTESTATION</u>

Pursuant to Civil Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

Dated: August 11, 2021                    _____*/s/ Jack P. DiCanio*_____

                                                          Jack P. Dicanio