BARRY SIMON (admitted *pro hac vice*)
bsimon@wc.com
JONATHAN B. PITT (admitted *pro hac vice*)
jpitt@wc.com
STEPHEN L. WOHLGEMUTH (admitted *pro hac vice*)
swohlgemuth@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
NIELS J. MELIUS (SBN 294181)
niels.melius@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARC L. ABRAMOWITZ, in his individual capacity and as trustee of the MARC ABRAMOWITZ CHARITABLE TRUST NO. 2, KT4 PARTNERS LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:19-cv-06879-BLF<br><br>**SUPPLEMENTAL LETTER BRIEF RE: DKT. 225**<br><br>Date:       August 25, 2021<br>Time:       11:00 a.m.<br>Courtroom  5 (4th Floor)<br>Judge:      Honorable Nathanael Cousins |

Dear Magistrate Judge Cousins:

Defendant Marc Abramowitz writes pursuant to the Court's order at Dkt. 225, which instructs the parties to provide the Court with a list of all fact witness depositions that are (1) agreed, with deponent's name, title, and date of deposition, and (2) disagreed, with a summary statement of the issues in dispute.

As to the first category, the parties have agreed on just one deposition. Alex Fishman, a third party, is scheduled to be deposed by Defendant on September 22, 2021. Fishman's conduct is directly at issue with respect to the allegations in paragraphs 74-77 of the operative complaint, which relate to Abramowitz's exploration of a cyber-insurance business. Dkt. 126. Although Fishman is a former Palantir employee, he is represented by his own counsel and was not a Palantir employee during the relevant time period.

As to the second category: no other depositions have been scheduled yet. Abramowitz first asked Palantir for dates for numerous witnesses on March 12, 2021, including Alex Karp, Shyam Sankar, and Kevin Kawasaki, at a time when fact discovery was scheduled to end on June 4, 2021. Palantir did not provide any dates in response to that inquiry; ultimately, the parties sought an extension of the case deadlines.

Abramowitz next asked Palantir for deposition dates on June 22, 2021, at a time when trial was scheduled for April 2022 and the parties had agreed to a close of fact discovery in September 2021. Abramowitz proposed a list of ten witnesses (including Fishman) and sought dates in July for their depositions; pursuant to Local Rule 30-1, Abramowitz sought to meet and confer on the deposition dates. Abramowitz also sent a list of ten additional deponents that he wished to depose based on the information he had at that time and the limited time available to conduct depositions. In response, Palantir said that it would object to any depositions beyond ten, and the parties met and conferred about those ten depositions. Palantir also raised its "apex" deposition objection for the first time. Rather than produce any witnesses by the agreed deadline for the close of fact discovery, Palantir sought an adjournment of the trial date and yet another extension of the schedule. Abramowitz agreed to that adjournment. Under the current schedule set by the Court, the deadline for party document production is September 17, 2021, and the deadline for all fact discovery is December 17, 2021.

The outstanding disputes can be summarized as follows.

*First*, the parties have a dispute over Palantir's "apex" objection, which applies to Karp, Sankar, and Kawasaki. This dispute has been briefed at Dkt. 224.

*Second*, there are several witnesses who Abramowitz has sought to depose within the 10-deposition limit. In addition to Karp, Sankar, Kawasaki, and Fishman, those witness are set forth below, all of whom are represented by Palantir:

- Lauren DeMeuse: DeMeuse was a "business cultivation engineer" at Palantir and worked on its Healthcare Technology. She is alleged to have led the in-person meeting in which Palantir's healthcare-related trade secrets were supposedly provided to Abramowitz. Dkt. 126 ¶¶ 49-50. She also allegedly "kept Abramowitz updated on Palantir's healthcare work and business plans." *Id.* ¶ 52.

1

- <u>Casey Ketterling</u>:  Ketterling is a former Palantir employee.  He largely worked on healthcare issues.  He was present at the meeting when DeMeuse supposedly gave Abramowitz all of Palantir's healthcare-related trade secrets.

- <u>Gavin Hood</u>:  Hood was CEO Karp's Chief of Staff.  He interacted numerous times with Abramowitz regarding Abramowitz's business development efforts for Palantir.  He also had several direct communications with Abramowitz about Abramowitz's patent applications.

- <u>Ryan Taylor</u>:  Taylor is a "Legal Ninja" at Palantir.  He met with Abramowitz in person to discuss Abramowitz's patent applications.

- <u>Tyler Scriven</u>:  Scriven was COO Sankar's Chief of Staff, although it appears that his portfolio of responsibilities went beyond just supporting Sankar.  Scriven met with Abramowitz in Israel during the May 2014 "business trip" at issue in paragraph 28.  Scriven appears to be the only Palantir witness with personal knowledge of the complaint's allegations about that trip and is the only person who allegedly authorized Abramowitz to bind Palantir legally as to any issue.

- <u>A Palantir corporate representative</u>.

There appears to be no dispute regarding Abramowitz's entitlement to depose these witnesses.  Instead, the only issue will be getting them scheduled.  In both this case and the Delaware case, counsel have had significant difficulty scheduling Palantir witnesses for depositions, as Palantir has consistently tried to backload most of the depositions at the end of the fact discovery period.  It is Abramowitz's hope that intervention by this Court will not be necessary to promptly schedule depositions beginning in early October.

*Third*, Palantir has objected to any depositions beyond the 10-deposition limit.  Palantir has yet to offer an explanation specific to any particular witness but has instead lodged a blanket objection to any depositions beyond ten.[1]  Although Abramowitz has identified several witnesses beyond the initial ten that he believes he will need to depose, he does not seek an order with respect to these witnesses at this time.  Instead, as Abramowitz has told Palantir, he believes the most efficient course will be for the parties to complete their document production and to then determine which witnesses will ultimately be necessary.  That said, Abramowitz provides the following list of witnesses that he has identified to Palantir and their relevance to date.

- <u>John Amos</u>:  Amos is a third party.  His firm—Orix—is the "primary business partner[]" that Palantir refers to in Paragraphs 53-57 of the complaint.  Dkt. 126 ¶ 53.  Amos, Abramowitz, and Palantir all negotiated a potential healthcare deal in 2013 and 2014.  Those negotiations are at issue in the complaint, as Palantir contends that Abramowitz was representing Palantir and that he made false statements during those negotiations.

---

[1] Palantir has claimed that Abramowitz should not be granted leave for any additional depositions until he has completed his first ten.  This is meritless:  "Where the action is complex, parties are not required to exhaust the ten allowable deposition prior to seeking leave to take additional depositions."  *Stiles v. Walmart, Inc.*, 2020 WL 589107, at *3 (E.D. Cal. Feb. 6, 2020).

2

    Amos will have knowledge regarding Abramowitz's role, Abramowitz's representations, and Palantir's representations during those critical negotiations. He will also have knowledge regarding the structure of the deal being contemplated.

- John Cronin: Cronin is affiliated with a company called ipCreate, which is a consulting firm focused on helping inventors develop and patent their ideas. Cronin worked with Abramowitz and his patent counsel, John Squires, to develop other potential patent applications related to Abramowitz's "dynamic data analysis" idea. Ultimately, ipCreate's work never led to any additional patent applications. Palantir has claimed in discovery correspondence that Abramowitz's communications with Cronin disclosed Palantir's trade secrets and that amounts Abramowitz paid to ipCreate are included in Palantir's damages. Palantir has served broad discovery on both Abramowitz and Cronin pursuing these theories and Cronin's testimony will be relevant to addressing them.

- Matthew Meskell: Meskell is a former Palantir lawyer who worked extensively on the Orix transaction. His testimony will be relevant for the same reasons Amos's testimony will be relevant. Meskell also had an in-person meeting with Abramowitz during which Abramowitz appears to have informed Meskell of the patent applications at issue in this case. Meskell also tried to negotiate, on behalf of Palantir, a "Strategic Business Development Agreement" with Abramowitz. That Agreement was never signed and is relevant to Palantir's claim that Abramowitz entered into an "oral contract" with Palantir and to Palantir's allegation that Abramowitz somehow owed an implied fiduciary duty to Palantir.

- Aki Jain: Mr. Jain is a Palantir employee. After Palantir claims to have learned about Abramowitz's supposed "theft" in May 2015, Jain contacted one of his friends, Prasanna Srikhanta, who happened to work with Abramowitz on his efforts to explore a potential cyber-insurance business. It is clear from email correspondence that Srikhanta and Jain spoke about Abramowitz and the cyber-insurance efforts. What Jain learned from Srikhanta about Abramowitz's activities will be relevant to whether Palantir took reasonable steps to protect the secrecy of its trade secrets and to mitigate damages. Similarly, Jain's representations to Srikhanta about what Palantir knew about Abramowitz's activities and how it learned of them would be relevant for the same reasons and are also likely to lead to the discovery of further admissible evidence.

- Prasanna Srikhanta: For the same reasons, Srikhanta's deposition would be appropriate.[2]

- Melody Hildebrandt: Hildebrandt is a former Palantir employee who had a leadership role with respect to Palantir's Cyber Technologies and will be able to testify about how Palantir's supposed "trade secrets" compare to Abramowitz's patent applications. From document discovery, it appears that she was the primary point of contact for many actual or potential Palantir customers; she also appears to have given several public speeches relating to Palantir's technology. To Abramowitz's knowledge, no one else at Palantir appeared to have such an extensive outward-facing role. She is therefore likely to have knowledge regarding disclosure of Palantir's supposed trade secrets.

---

[2] Counsel understands that Srikhanta is not a US citizen and may not be within the Court's subpoena power. If he is, however, Defendant will seek leave to depose him.

Although Abramowitz has identified other witnesses in correspondence with Palantir, those witnesses relate to Palantir's invention and commercialization of Palantir's technologies. Given that Palantir's production of documents is ongoing and that Abramowitz is learning more about the technologies as he reviews those documents, he is still contemplating the final list of witnesses that he will seek leave to depose beyond the ten witnesses identified above in paragraphs one and two.

*Fourth*, Abramowitz notes that Palantir has not identified a single deposition that it intends to take. It is therefore unclear if there will be any disputes relating to the depositions that Palantir intends to notice.

Dated: August 24, 2021						Respectfully submitted,

By: ____*/s/ Jack P. DiCanio*_____
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
NIELS J. MELIUS (SBN 294181)
niels.melius@skadden.com
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 4704570

BARRY SIMON (*pro hac vice*)
bsimon@wc.com
JONATHAN B. PITT (*pro hac vice*)
jpitt@wc.com
STEPHEN L. WOHLGEMUTH (*pro hac vice*)
swohlgemuth@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for Defendant*