BARRY SIMON (admitted *pro hac vice*)
bsimon@wc.com
JONATHAN B. PITT (admitted *pro hac vice*)
jpitt@wc.com
STEPHEN L. WOHLGEMUTH (admitted *pro hac vice*)
swohlgemuth@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARC L. ABRAMOWITZ, in his individual capacity and as trustee of the MARC ABRAMOWITZ CHARITABLE TRUST NO. 2, KT4 PARTNERS LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:19-cv-06879-BLF<br><br>**DEFENDANT'S MOTION FOR RULE 37 SANCTIONS REGARDING THE DEPOSITION OF ALEXANDER KARP**<br><br>Date:       N/A<br>Time:      N/A<br>Courtroom  5 (4th Floor)<br>Judge:     Honorable Nathanael Cousins |

Dear Magistrate Judge Cousins:

Palantir has willfully violated this Court's order requiring a deposition of its CEO, Alexander Karp. Days before Dr. Karp's properly noticed, remote deposition was scheduled to occur, Palantir claimed that Dr. Karp was not available because he was conducting "Palantir business" in Switzerland, a country in which it is apparently illegal to take a deposition. Palantir then refused to reschedule the deposition before the close of fact discovery. In the circumstances, Rule 37 sanctions are warranted and Palantir should be barred from introducing Dr. Karp's testimony.

*Background.* Dr. Karp is one of the most important witnesses in this case. Dr. Karp is alleged to have invited Mr. Abramowitz to invest in Palantir, to have had a "close relationship" with Mr. Abramowitz, and to have had oral communications with Mr. Abramowitz stressing the confidential nature of the information Mr. Abramowitz was allegedly receiving. The Court relied on this last allegation in one of its prior orders on Defendants' motion to dismiss. Dkt. 114 at 29:20-23. Despite his obvious importance, Palantir has always been looking for a way to avoid his deposition. Palantir initially claimed that Dr. Karp was an "apex executive" who did not need to be deposed because he had previously testified in another case between the parties pending in Delaware. Dkt. 224. On August 25, 2021, this Court ordered that Dr. Karp needed to be deposed, although the Court limited his deposition to four hours "to avoid repetition of discovery from the Delaware action." Dkt. 228. During the hearing on August 25, the Court offered the parties assistance in scheduling depositions, which Palantir stated would not be necessary. That proved incorrect.

Immediately after the August 25 hearing, Defendant asked Palantir for dates for Dr. Karp's deposition, which would be conducted remotely, seeking dates from late-September through mid-October. Defendant followed up on that request on September 2, September 3, September 9, and September 13. In these communications, Defendant emphasized that Dr. Karp was an important witness who needed to be deposed early in the fact-discovery period, which was set to close on December 17, 2021. Dkt. 223. Finally, on September 17, Palantir offered a single date for Dr. Karp's deposition—November 23, 2021. Even though that date was by no means "early" in fact discovery, Defendant agreed to it and served a deposition notice.

But on November 18—just three business days before Dr. Karp's deposition—Palantir cancelled the deposition, claiming that "Dr. Karp [would] be attending to Palantir business in Switzerland" and that "under Swiss law, no deposition of individuals located in Switzerland may take place without prior authorization from the Swiss government." Palantir "apologize[d] for any inconvenience" caused by this conduct. Defendant informed Palantir that he could "accommodate Dr. Karp and agree to postpone his deposition if [Palantir] first agree[d] to a date certain" for a rescheduled deposition to occur "before the close of fact discovery." But Defendant also made clear that, if Palantir could not agree to a date before the close of fact discovery, Defendant would plan to proceed with the deposition as noticed—after all, Switzerland is a relatively small country and Dr. Karp could easily travel to a country where his deposition could be legally conducted. On November 22, the day before Dr. Karp's properly noticed deposition, Palantir confirmed that Dr. Karp would not be leaving Switzerland and that the deposition would not proceed.

Defendant continued to follow up with Palantir, trying to reschedule the deposition before the December 17 cutoff. But Palantir claimed that Dr. Karp was not available before December 17, citing "his travel internationally." Defendant informed Palantir that he would be willing to

1

"double track and/or hold weekend depositions" in order to make the schedule work. But the December 17 deadline passed without Palantir offering a single alternative date.[1]

*Argument*. Sanctions under Rule 37 are warranted based on two separate forms of misconduct. *First*, this Court ordered Palantir to produce Dr. Karp for a four-hour deposition. Palantir and Dr. Karp willfully violated that order by refusing to make Dr. Karp available for a deposition before the close of fact discovery. Dkt. 228. Sanctions are therefore warranted under Rule 37(b)(2)(A) as Palantir failed "to obey an order to provide or permit discovery." *Second*, Dr. Karp failed to appear for his November 23 deposition "after being served with proper notice," warranting sanctions under Rule 37(d)(1)(A). Specifically, Dr. Karp decided to travel to Switzerland in order to supposedly conduct "Palantir business" rather than sit for his properly-noticed deposition.

Pursuant to Rules 37(b)(2)(A)(ii) (which lists sanctions available under either rule), the Court may preclude "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Here, Palantir should be barred from introducing Dr. Karp's testimony into evidence, as Palantir's misconduct was willful in that it was not "outside the control of the litigant." *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006); *see also Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) ("Non-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control."). There can be no excuse for Palantir's conduct: this Court ordered Dr. Karp's deposition in August and discovery did not close until December. Yet Palantir and Dr. Karp were unable to find even *four hours* that Dr. Karp was available for a *remote* deposition during that roughly *four-month period*. This conduct is all the more inexplicable given Defendant's offer to double track depositions and/or hold the remote deposition on a weekend.

During the meet-and-confer process, Palantir's sole argument in response has been "no harm, no foul"—that is, Palantir has claimed that there will be no prejudice to Defendant given Palantir's willingness to produce Dr. Karp for a deposition after the close of fact discovery. But such an argument "ignores that a function of the discovery cut-off is to establish a window between the close of discovery and trial during which counsel can focus on all aspects of trial preparation without the pressure of conducting discovery during that preparation period." *Gentec Enter. Inc v. Transistor Devices Inc*, 2012 WL 13005868, at *5 (C.D. Cal. Mar. 29, 2012) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). Moreover, "[a]ll parties have a right to rely on the Court's scheduling and case management order, and to anticipate an orderly process from the initiation of suit, through discovery, the completion of substantive motions, and ultimately trial of the case." *Id.* Sanctions are therefore appropriate.[2]

---

[1] As noted in the stipulation filed with the Court, Defendant was prepared to complete all discovery prior to December 17. To accommodate a mediation before the trial of the Delaware case, the parties stipulated to conduct specifically identified depositions after December 17. Dkt. 247. Dr. Karp was not part of that agreement. Shortly after the parties reached agreement, the Delaware trial was continued because of the recent COVID spike in that state. The mediation was not successful.

[2] Defendant has met and conferred with Palantir regarding this motion and has been seeking a briefing schedule for it since December 17, which is the date fact discovery closed. But Palantir has refused to agree to one, despite multiple requests from Defendant. Given Defendant's obligation to file this motion "as soon as practicable," he is compelled to file this motion. See Local Civil Rule 7-8(c).

Dated: January 5, 2022

Respectfully submitted,

By: */s/ Jack P. DiCanio*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 4704570

BARRY SIMON (*pro hac vice*)
bsimon@wc.com
STEPHEN L. WOHLGEMUTH (*pro hac vice*)
swohlgemuth@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for Defendants*