**HUESTON HENNIGAN LLP**
John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Yahor Fursevich, State Bar No. 300520
yfursevich@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340
Facsimile:  (888) 775-0898

Attorneys for Plaintiff
Palantir Technologies Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARC L. ABRAMOWITZ<br><br>Defendant. | Case No. 5:19-cv-06879-BLF<br><br>**PLAINTIFF PALANTIR TECHNOLOGIES INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR RULE 37 SANCTIONS REGARDING THE DEPOSITION OF ALEXANDER KARP**<br><br>Date:    N/A<br>Time:    N/A<br>Courtroom  5 (4th Floor)<br>Judge:   Honorable Nathanael Cousins |

Defendant's motion to preclude Palantir's CEO Dr. Alex Karp from testifying at trial is designed to obtain a tactical advantage and not remedy any discovery misconduct. Contrary to Defendant's assertions, Palantir did not "willfully violate" any court orders, and Dr. Karp did not "fail to appear" at his deposition. Rather, Defendant's motion is premised on a scheduling conflict that arose from Dr. Karp's work in Switzerland, which caused Defendant to take Dr. Karp's deposition off calendar. Ever since then, Palantir has sought to reschedule Dr. Karp's deposition for January or February 2022—a window during which the parties have agreed to conduct eight other fact depositions. Because the Court already continued all other discovery deadlines to accommodate those depositions, conducting Dr. Karp's deposition during the same period would not in any way prejudice Defendant. No sanctions—let alone the extreme sanction Defendant seeks—are appropriate in these circumstances. Palantir respectfully requests that the Court deny Defendant's motion and grant Palantir's parallel motion to conduct Dr. Karp's deposition before February 18, 2022.[1] (Dkt. 250.)

***Background.*** In the Delaware litigation, Defendant already deposed Dr. Karp on the trade secrets issues central to this case. When Defendant sought to re-depose Dr. Karp in this action, Palantir moved for a protective order which the Court granted in part, limiting Dr. Karp's deposition to four hours. (*See* Dkt. 228.) Defendant now mischaracterizes this ruling as an "order[] [requiring] Palantir to produce Dr. Karp for a four-hour deposition." (Dkt. 248 at 2.) But Defendant never moved to compel Dr. Karp's deposition. Instead, the Court granted ***Palantir's*** motion to ***limit*** the depositions of three fact witnesses, including Dr. Karp's. (Dkt. 228.) The Court did not compel any depositions—in fact, Defendant had not noticed any at the time—and made clear that it was up to Defendant whether to pursue the limited depositions subject to the Court's protective order, given his (dubious) contention that it was necessary to depose more than ten fact witnesses.

Ultimately, Defendant decided to re-depose the individuals subject to the Court's protective order and not to seek an expansion of the deposition limit. On September 27, 2021, Defendant noticed Dr. Karp's deposition for November 23, 2021, to be taken remotely pursuant to the remote deposition protocol. (*See* Dkt. 230.) Shortly before November 23, however, Dr. Karp had to travel to Switzerland—home to one of Palantir's principal places of business that Dr. Karp routinely visits—to meet with a Swiss government official in connection with Palantir's work. Because Swiss law prohibits voluntary depositions on Swiss soil without permission from Swiss authorities, Palantir informed Defendant that Dr. Karp's deposition would have to be rescheduled unless he first obtained the necessary authorization. Palantir also offered to find another date for Dr. Karp's deposition.

Because Defendant could not obtain Swiss authorization to depose Dr. Karp on November 23, he took the deposition off calendar and demanded that Palantir provide alternative dates prior to the December 17 discovery cutoff. At that time, however, the parties were faced with a congested fact deposition schedule, which would have required them to take ten depositions before the cutoff. As a result, Palantir was unable to find an open date for which to reschedule Dr. Karp's deposition and notified Defendant that it would seek the Court's permission to take various depositions outside the discovery cutoff, including Dr. Karp's. Shortly thereafter, Defendant agreed to conduct ***eight*** fact depositions after the discovery cutoff and before February 18, 2022. To ensure that the taking of these depositions would not interfere with the case schedule or prejudice any party, the parties stipulated (with the Court's approval) to continue all other discovery deadlines. (*See* Dkt. 247.)

---

[1] Defendant's motion should also be denied because it fails to comply with the Court's local rules. *See Davis v. Pinterest, Inc.*, 2021 WL 3045878, at *5 (N.D. Cal. July 20, 2021) ("[A] motion for sanctions under Rule 37 must comply with Civil Local Rules 7-8 and 7-2; it cannot be submitted in a joint discovery letter brief.").

Despite Palantir's repeated requests, however, Defendant refused to add Dr. Karp's deposition to the list of eight depositions that would take place after the December 17 cutoff. Palantir even proposed to hold Dr. Karp's deposition on specific dates—February 3 or 15—but Defendant declined and filed this motion to exclude Dr. Karp's testimony. By contrast, Palantir agreed to depose Defendant himself in February, although Defendant is yet to provide dates for his deposition.

***Discussion***. "Evidentiary preclusion is a harsh sanction" that is rarely imposed. *Rooney v. Sierra Pac. Windows*, 2011 WL 2149097, at \*3 (N.D. Cal. June 1, 2011). It is particularly improper, and "excessively severe," where the moving party does "not suffer irreparable prejudice." *Id.* at \*4.

Defendant first claims that a preclusion sanction is warranted because Palantir "willfully violated [the Court's] order." To begin with, Palantir did not violate any order compelling Dr. Karp's deposition because, as described above, the Court had not entered such an order. Regardless, Palantir has not tried to avoid Dr. Karp's deposition. Just the opposite: Palantir has repeatedly sought to reschedule it to a date within the period that other depositions (including Defendant's) are proceeding. Although Palantir was unable to find an open date between Thanksgiving and December 17, it provided alternative dates in February 2022 and offered to confer with Defendant on other dates. It also notified Defendant that it would seek (and did seek) an extension of pretrial deadlines to eliminate any prejudice. Such conduct cannot constitute egregious, willful violation of court orders for which the severe preclusion sanction may be imposed.[2] *See id.; see also Express Rest. v. Service Glob.*, 2020 WL 2084669, at \*3 (C.D. Cal. Jan. 24, 2020) ("Courts 'should exercise caution . . . in using' these extreme remedial measures or making findings about a party's intent").

Defendant also asserts that a preclusion sanction is appropriate because "Dr. Karp failed to appear for his November 23 deposition." This is incorrect. Dr. Karp did not "fail to appear" at his remote deposition; rather, Defendant took the deposition off calendar in light of Swiss laws requiring him to obtain prior authorization and then agreed to reschedule it for a new date (before December 17). This fact is dispositive because "[t]he Ninth Circuit has adopted a strict interpretation of Rule 37(d)," under which no sanctions are permitted unless the deposition actually takes place and the deponent fails to attend. *See Sloan v. Oakland Police Dep't*, 2005 WL 8156878, at \*3 (N.D. Cal. July 26, 2005) (rejecting preclusion sanctions; explaining that "attending a deposition but refusing to testify does not constitute a 'failure to appear'" under Ninth Circuit reading of Rule 37(d)).

But even if all of Defendant's contentions were correct, his motion would still fail because "exclusion sanctions based on alleged discovery violations are generally improper absent undue prejudice to the opposing side." *Garcia v. Bana*, 2012 WL 2119157, at \*8 (N.D. Cal. June 9, 2012). Defendant would suffer no prejudice whatsoever from taking Dr. Karp's deposition in January or February 2022 because the parties ***already agreed*** (with the Court's endorsement) to hold eight other fact depositions during that period and to continue other pretrial deadlines to eliminate any prejudice from those depositions.[3] Palantir respectfully requests that the Court deny Defendant's motion for sanctions and grant Palantir's motion to permit Dr. Karp's deposition by February 18. *See id.*

---

[2] The cases Defendant cites, by contrast, involved repeated, intentional, and inexcusable failures to comply with multiple court orders. *See In re Phenylpropanolamine (PPA)*, 460 F.3d 1217, 1234 (9th Cir. 2006) (affirming sanctions where district court gave "second and third chances" to comply with orders); *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (imposing sanctions for failure to comply with "at least four" discovery orders).

[3] Conversely, in the case Defendant relies on, the court excluded evidence at the motion *in limine* stage, shortly before trial. *Gentec Enter.*, 2012 WL 13005868, at \*5 (C.D. Cal. Mar. 29, 2012).

| | |
|---|---|
| Dated: January 10, 2022 | By: */s/ Yahor Fursevich*<br>HUESTON HENNIGAN LLP<br><br>JOHN C. HUESTON (SBN 164921)<br>jhueston@hueston.com<br>MOEZ M. KABA (SBN 257456)<br>mkaba@hueston.com<br>YAHOR FURSEVICH (SBN 300520)<br>yfursevich@hueston.com<br>523 West 6th Street, Suite 400<br>Los Angeles, CA 90014<br>*Attorneys for Plaintiff* |