# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., <br> Plaintiff, <br> v. <br> MARC L. ABRAMOWITZ, et al., <br> Defendants. | Case No. 19-cv-06879-BLF <br><br> **OMNIBUS ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL MATERIALS RELATED TO *DAUBERT* MOTIONS** <br><br> [Re: ECF Nos. 290, 296, 298, 299, 301, 306] |

Before the Court are six administrative motions to file under seal from both Palantir and Abramowitz regarding materials filed in with the parties' *Daubert* motions. *See* ECF Nos. 290, 296, 298, 299, 301, 306. The Court has considered the motions and supporting declarations. For the following reasons, the motions to seal Palantir's materials are GRANTED IN PART AND DENIED IN PART and the motion to seal Abramowitz's materials is DENIED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Motions to seal in this district come in two types. First is an administrative motion to seal

information that the filing party believes should be sealed. *See* Civ. L.R. 79-5(c). For that motion, the filing party must concurrently file (1) a supporting statement explaining the legal standard and reasons for keeping the information under seal, (2) evidentiary support from declarations where necessary, and (3) a proposed order that is "narrowly tailored to seal only the sealable material" and accompanied by a table listing the information sought to be sealed. *See* Civ. L.R. 79-5(c)(1)– (3). The second type of sealing motion is an administrative motion to consider whether another party's material should be sealed. *See* Civ. L.R. 79-5(f). For that motion, the filing party provisionally files under seal material that the opposing party has designated as confidential. *Id.* Within seven days of the filing of that motion, the opposing party must file the statement and/or declaration described above that justifies sealing all or part of the information. *Id.* R. 79-5(f)(3). Failure by the opposing party to timely file the statement or declaration may result in the unsealing of the provisionally sealed information without further notice. *Id.* If a party's filing contains material covered by both Civ. L.R. 79-5(c) and 79-5(f), a party must file separate motions pursuant to those Rules, with each party bearing its own burden with respect to the portions it seeks to seal. *Id.* R. 79-5(f)(5).

## II.  MOTIONS TO FILE UNDER SEAL PALANTIR'S INFORMATION

Five of the six motions concern whether Palantir's information should be filed under seal. *See* ECF Nos. 290, 296, 298, 301, 306. Two of those motions are filed by Palantir pursuant to Civil Local Rule 79-5(c). *See* ECF Nos. 296, 298. The other three are motions filed by Abramowitz pursuant to Civil Local Rule 79-5(f). *See* ECF Nos. 290, 301, 306. Palantir has filed responsive statements to Abramowitz's motions that significantly narrow the material sought to be sealed. *See* ECF Nos. 294, 305, 308.

The material that Palantir seeks to seal broadly falls into five categories: (1) Palantir's confidential trade secret information; (2) Palantir's confidential work for third-party clients; (3) Palantir's licensing agreements and pricing practices; (4) Palantir's employees' salaries and compensation packages; and (5) Palantir's financial statements, overhead costs, and accounting practices. *See, e.g.*, ECF No. 294 at 2–4 (discussing these types of materials and providing case law justifying sealings). Some of these types of information have been previously sealed in this

case. *See, e.g.*, ECF Nos. 118–120 (sealing Palantir's trade secret information); ECF No. 277 (sealing information about Palantir's third-party clients and pricing practices). As to employee salaries and information about Palantir's financial statements and accounting, ample case law justifies sealing that information. *See, e.g.*, *E.W. Bank v. Shanker*, 2021 WL 3112452, at *17 (N.D. Cal. Jul. 22, 2021) (sealing confidential employee salary and compensation information); *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *2 (N.D. Cal. Sep. 18, 2012) (sealing accounting information). The Court further finds that Palantir has significantly narrowed the portions of documents Abramowitz filed provisionally under seal due to Palantir's confidentiality designations, and that the limited portions Palantir now seeks to keep under seal are narrowly tailored. The Court will thus seal the materials that Palantir seeks to seal.

Accordingly, the administrative motions to seal Palantir's information (ECF Nos. 290, 296, 298, 301, 306) are GRANTED IN PART and DENIED IN PART. The following documents and portions of documents SHALL be sealed:

| ECF No. | Document | Portion(s) to seal |
|---|---|---|
| 290-3 Exhibit 1 | Expert Report of Dr. Eric B. Cole | ¶¶ 46-50, 64, 76, 92 & fn.16, ¶ 106 |
| 290-4 Exhibit 2 | Expert Report of Stephan Ogenstad, Ph.D. | p.i (Table of Contents) Headings V.B. 1.&2.; ¶ 33, Section V.B. (¶¶ 35-43); ¶¶ 47-48, 50-51, 54-56 |
| 290-5 Exhibit 3 | Expert Report of Stephen Parente | p.i (Table of Contents) Headings V.C.&D.; ¶¶ 27-36, Sections V.C.&D. (¶¶ 37-48), ¶¶ 50, 51-52, 53-55, 60, 62 |
| 290-6 Exhibit 4 | Amended Expert Report of Paul C. Pinto | p.i (Table of Contents) Heading 6.2; Section 6.2 (Heading & Subheadings); ¶¶ 34-62 & fns.31, 33, 45, 55, 72, 74; ¶¶ 75; 80-82, 84 & fn.121, ¶¶ 85-86 & fn. 125 |
| 290-9 Exhibit 7 | April 15, 2022 Remote Videotaped Deposition of Stephen T. Parente, Ph.D. | Tr. 250:11-24, Tr.251:3-12 |
| 290-10 Exhibit 8 | April 19, 2022 Remote Videotaped Deposition of Paul C. Pinto | Tr. 86:10-15; Tr.193:15-25 |
| 290-12 Exhibit 10 | Expert Report of Nisha Marie Mody, Ph.D. | p.v (Table of Contents), Section G Headings under "Licensing Analysis"; ¶15 fn. 21; ¶¶ 72-73, 75-78, 80-83 & fn. 116; ¶¶ 85-89; ¶ 119 & fns. 194-196; ¶ 120 & fns.197-200; ¶¶ 126-127 & fn.217; ¶ 139, ¶¶ 147-148 & fn.231; ¶¶ 156- 157, Fig. 1 & fn.272; ¶ 158, Fig. 2, & fns.274, 276, 277; ¶ 176 fn.336; ¶¶ 178-189 & fns.338, 340, 341-353, fns. 355, 358, 367-368, 317; ¶¶ 190-194 |

|   |   |   |
|---|---|---|
|   |   | & fns.375 -76; ¶¶ 195-197; ¶ 199-211 & fns. 390, 394, 400, 403-404, 408, 414-415; ¶¶ 212-18 fns. 422, 424, 426, 428-433, 435-437; ¶¶ 219-229 & fns.440-451, 453-460, 462-463, 465-468; ¶¶ 235-236; ¶¶ 253-259; Attachment A-3 pp. 2, 4, 6 (client names); Attachment C-1; Attachment C-2; Attachment C-3; Attachment C-4; Attachment C-5; Attachment C-6; Attachment C-7; Attachment C-8; Attachment C-9; Attachment C-10; Attachment E-1; Attachment E-2; Attachment E-3; Attachment E-4; Attachment E-5; Attachment F-1; Attachment F-2, Attachment F-3, Attachment F-4, Attachment G-1, Attachment G-2, Attachment G-3, Attachment G-4, Attachment G-5, Attachment G-6, Attachment G-7, Attachment G-8 |
| 290-13 Exhibit 11 | May 3, 2022 Remote Videotaped Deposition of Nisha M. Mody, Ph.D. | Tr.182:24-25, Tr. 183:8-12 |
| 290-14 Exhibit 12 | Plaintiff Palantir Technologies Inc.'s Amended Responses and Objections to Defendant KT4 Partners LLC's First Set of Interrogatories | Amended Response to Interrogatory No. 1, p. 6, l.14-20; Amended Response to Interrogatory No. 3, p.10 l. 21-26 |
| 290-15 Exhibit 14 | December 2, 2021 Remote Videotaped Deposition of Casey Ketterling | Tr. 47:20 – Tr. 48:25; Tr. 143:2-25 |
| 290-16 Exhibit 15 | December 15, 2021 Remote Videotaped Deposition of Melody Hildebrandt | Tr. 97:9-17 |
| 290-17 Exhibit 16 | PALANTIR_CA_00013342 (E-mail communication) | Entire page |
| 290-18 Exhibit 18 | PALANTIR_CA_00077637, PALANTIR_CA_00077647-48 (License Agreement) | All pages |
| 290-19 Daubert Motion | Notice of Motion and Defendant's Motion to Exclude Expert Testimony | p. 14, l.10-16, l.20; p. 15, l. 3-8, 13-14, l.25-28, p. 16 l. 3 |
| 296-1 Exhibit 5 | Excerpts from May 3, 2022 Remote Videotaped Deposition of Nisha M. Mody, Ph.D. | Highlighted material at Tr.200:2-4; Tr. 200:18-20, 23-25; Tr. 202:12-14; Tr.203:11-12 |
| 296-2 Exhibit 6 | Excerpts from February 4, 2022 Remote Videotaped Deposition of Lauren DeMeuse | Highlighted material at Tr.71:19, 22; Tr. 73:23,25; Tr.74:4-18; Tr.75:19 |
| 296-3 Exhibit 7 | Excerpts from December 2, 2021 Remote Videotaped | Highlighted material at Tr.88:8-9, 13, 14, 17, 20, 23; Tr.90:14 |

4

| | | Deposition of Casey Ketterling | |
|---|---|---|---|
| | 396-4 Exhibit 8 | Excerpts from December 15, 2021 Remote Videotaped Deposition of Melody Hildebrandt | Highlighted material at Tr. 240:10; Tr.242:8-9, 14, 24; Tr. 243:2-3, 6, 23 |
| | 296-5 Exhibit 9 | Plaintiff's Initial Disclosure | Highlighted material at p. p. 6, lines 7, 11, 14, 17, 18, 21, 22; p. 7, l.11, 13 |
| | 298-1 Exhibit 1 | Expert Rebuttal Report of Douglas Laney | Highlighted material at ¶¶ 33, 44, 45, 51, 52, 54 (& Table) |
| | 298-2 Exhibit 2 | Expert Rebuttal Report of Michael Siegel, Ph.D. | Highlighted material at ¶¶ 195, 198, 205, 206, 209-211, 212, 215-18, 237-240, 243-246; Appendix C, pp. 96-145, "Key Elements" Column |
| | 298-3 Exhibit 4 | Expert Rebuttal Report of John L. Hansen | Highlighted material at ¶¶ 10, 64-71, 73-78, 98 - 101 (& Tables),¶ 104; Attachments 4, 4.1, 4.2, 4.3, 4.4, 4.5 |
| | 298-4 Exhibit 6 | Excerpts of May 9, 2022 Expert Video Deposition Testimony of Douglas Laney | Highlighted material at Tr. 313:1-3, 8, 10, 13-17, 19; Tr. 311:16-18, 23-25; 331:23-24; 332:6-7,14-15; Tr. 339:4, 13; |
| | 298-5 Exhibit 7 | Excerpts of May 16, 2022 Videoconferenced Deposition of Michael Siegel, Ph.D. | Highlighted material at Tr.188:18-20, 23-25; Tr.189:9, 19-20; Tr. 191:5-9, 14; Tr.192:1-3; Tr.198:16-17, Tr.199:10-11 |
| | 298-6 Exhibit 9 | Excerpts of May 10, 2022 Expert Video Deposition of John Hansen | Highlighted material at Tr. 162:21-23 |
| | 301-3 Exhibit 1 | Defendant's Reply in Support of Motion to Exclude Expert Testimony | p. 13, lines 17-18 |
| | 306-4 Exhibit 1 | May 9, 2022 Expert Video Deposition Testimony of Douglas Laney | Tr. 189:22-24; Tr. 191:12,15; Tr. 266:2-12, 22-25; Tr. 267:3-21; Tr. 268:3-7, 11-14, 22-25; Tr. 269:4-9, 12-13, 16-25; Tr. 270:2-6, 21-25. |
| | 306-7 Exhibit 4 | May 10, 2022 Expert Video Deposition Testimony of John Hansen | Tr. 162:21-25; Tr. 163:2-5; Tr. 168:18-20; Tr. 169:5-18; Tr. 170:2-5, 8-9, 17-21. |

**No later than 14 days following this Order**, Palantir SHALL (1) file public, redacted versions of the above documents in accordance with this Order; and (2) file public, unredacted versions of ECF Nos. 290-7, 290-8, and 290-11, which are not subject to Palantir's sealing requests.

### III. MOTION TO FILE UNDER SEAL ABRAMOWITZ'S INFORMATION

One of the six motions concerns whether Abramowitz's information should be filed under

5

seal pursuant to Civil Local Rule 79-5(f).  *See* ECF No. 299.  Abramowitz has filed a responsive statement to Palantir's motion that clarifies that he does not seek to have any of the designated materials remain under seal.  *See* ECF No. 313.  In light of Abramowitz's statement, the motion to seal Abramowitz's designated materials is DENIED.

**No later than 14 days following this Order**, Palantir SHALL file public, unredacted versions of documents containing Abramowitz's designated information that he does not seek to maintain under seal.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the parties' sealing motions are GRANTED IN PART and DENIED IN PART according to the rulings in Sections II and III. Palantir SHALL file new versions of the documents as outlined in those sections.

Dated:  June 21, 2022

_____
BETH LABSON FREEMAN
United States District Judge