**HUESTON HENNIGAN LLP**
John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Yahor Fursevich, State Bar No. 300520
yfursevich@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

Attorneys for Plaintiff
Palantir Technologies Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARC L. ABRAMOWITZ,<br><br>Defendant. | Case No. 5:19-cv-06879-BLF<br><br>**DECLARATION OF ALEXANDER KARP IN SUPPORT OF PLAINTIFF PALANTIR TECHNOLOGIES INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: July 21, 2022<br>Time: 9:00 a.m.<br>Courtroom: 3 (5th Floor)<br>Judge: Honorable Beth L. Freeman |

# DECLARATION OF ALEXANDER KARP

I, Alexander Karp, declare as follows:

I am the Chief Executive Officer of Plaintiff Palantir Technologies Inc. ("Palantir"). I have personal knowledge of the facts stated in this declaration, and, if called to testify as a witness, would and could competently do so. I respectfully submit this declaration in support of Palantir's Opposition to Defendant's Motion for Summary Judgment.

1. I have reviewed Trade Secret Nos. 1, 2, 4–7, Trade Secret Nos. 9–14, 16–17, Trade Secret No. 18, Trade Secret No. 20, and Trade Secret Nos. 21-22 set forth in Palantir's Second Amended Trade Secret Disclosure, dated October 30, 2018 (together, "Palantir Solutions"). The Palantir Solutions were developed by Palantir employees, maintained as confidential, and disclosed to personnel on a need-to-know basis.

2. Marc Abramowitz was an early investor in and a trusted senior advisor to Palantir. From the time of Mr. Abramowitz's initial investment in Palantir in 2005 until the end of our personal and professional relationship in May 2015, I engaged in frequent discussions with Mr. Abramowitz about Palantir's business, products, and solutions. From approximately 2012 to May 2015, my meetings and discussions with Mr. Abramowitz were particularly frequent and focused on Palantir's work in the cyber, healthcare, and/or oil-and-gas verticals. Although I cannot recall the precise exchanges during each of these numerous meetings, I recall disclosing to Mr. Abramowitz at least substantive, confidential aspects of the Palantir Solutions, as they were being developed, refined, and/or implemented by Palantir. These discussions occurred through the breakdown of Mr. Abramowitz's professional relationship with Palantir in May 2015.

3. I entrusted Mr. Abramowitz with this information for several reasons. First, in our meetings, Mr. Abramowitz expressly and continuously represented that he would keep all information we discussed confidential. Second, numerous of those meetings occurred at Palantir's offices, and I understood that visitors to Palantir's offices, including Mr. Abramowitz, assumed confidentiality obligations. Third, Mr. Abramowitz was Palantir's trusted, senior advisor who was working for the company to develop its business and frequently visited Palantir's offices and engaged

in discussions with myself and other members of senior management. Given Mr. Abramowitz's role at the company, I expected and understood that he would keep Palantir's proprietary information confidential. Fourth, Mr. Abramowitz was a sophisticated and experienced businessman, who had been with the company for approximately 10 years. During our meetings, it was clear that Mr. Abramowitz understood the difference between technical, confidential information about Palantir's solutions, products, and offerings, and general non-confidential information about Palantir that could be disclosed to third parties. As with all Palantir personnel, I expected Mr. Abramowitz to ask for clarification to the extent he had any questions as to what he could or could not disclose to third parties.

4. If Mr. Abramowitz was not subject to any confidentiality obligations, I would never have disclosed any confidential Palantir information to him.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of June, 2022, at Aspen, Colorado.

Alexander Karp