UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., <br> Plaintiff, <br> v. <br> MARC L. ABRAMOWITZ, <br> Defendant. | Case No. 19-cv-06879-BLF <br><br> **OMNIBUS ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL MATERIALS RELATED TO ABRAMOWITZ'S MOTION FOR SUMMARY JUDGMENT** <br><br> [Re: ECF No. 311, 318, 319, 327] |

Before the Court are four administrative motions to file under seal from both Palantir and Abramowitz regarding materials filed in connection with Abramowitz's motion for summary judgment. *See* ECF Nos. 311, 318, 319, 327. The Court has considered the motions and supporting declarations and statements. For the following reasons, the motions to seal Palantir's materials are GRANTED IN PART AND DENIED IN PART and the motion to seal Abramowitz's materials is DENIED.

I.  **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id*. at

1097.

Motions to seal in this district come in two types. First is an administrative motion to seal information that the filing party believes should be sealed. *See* Civ. L.R. 79-5(c). For that motion, the filing party must concurrently file (1) a supporting statement explaining the legal standard and reasons for keeping the information under seal, (2) evidentiary support from declarations where necessary, and (3) a proposed order that is "narrowly tailored to seal only the sealable material" and accompanied by a table listing the information sought to be sealed. *See* Civ. L.R. 79-5(c)(1)–(3). The second type of sealing motion is an administrative motion to consider whether another party's material should be sealed. *See* Civ. L.R. 79-5(f). For that motion, the filing party provisionally files under seal material that the opposing party has designated as confidential. *Id.* Within seven days of the filing of that motion, the opposing party must file the statement and/or declaration described above that justifies sealing all or part of the information. *Id.* R. 79-5(f)(3). Failure by the opposing party to timely file the statement or declaration may result in the unsealing of the provisionally sealed information without further notice. *Id.* If a party's filing contains material covered by both Civ. L.R. 79-5(c) and 79-5(f), a party must file separate motions pursuant to those Rules, with each party bearing its own burden with respect to the portions it seeks to seal. *Id.* R. 79-5(f)(5).

**II.     MOTIONS TO FILE UNDER SEAL PALANTIR'S INFORMATION**

Three of the four motions concern whether Palantir's information should be filed under seal. *See* ECF Nos. 311, 318, 327. Two of those motions are filed by Abramowitz pursuant to Civil Local Rule 79-5(f), *see* ECF Nos. 311, 327, to which Palantir has filed responsive statements that significantly narrow the material sought to be sealed, *see* ECF Nos. 315, 330. One of those motions is filed by Palantir pursuant to Civil Local Rule 79-5(c). *See* ECF No. 318.

The material that Palantir seeks to seal broadly falls into three categories: (1) Palantir's confidential trade secret information; (2) Palantir's confidential work for third-party clients; and (3) information about a third-party's investments and income. *See, e.g.*, ECF Nos. 315 at 2–3, 318 at 2. The Court has previously sealed the first two types of materials in this case. *See* ECF Nos. 118–120 (sealing Palantir's trade secret information); ECF No. 277 (sealing information about

Palantir's third-party clients); ECF No. 314 (sealing both).  As to information about the third-party's investments and income, there are compelling reasons to seal this information because it threatens that third party's privacy and competitive interests.  *See Nichols v. AARP, Inc.*, 2021 WL 1091517, at *1 (N.D. Cal. Feb. 19, 2021); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007).  The Court further finds that Palantir has appropriately narrowed the portions of documents Abramowitz filed provisionally under seal due to Palantir's confidentiality designations, and that the limited portions Palantir now seeks to keep under seal are narrowly tailored.  The Court will thus seal the materials that Palantir seeks to seal.

Accordingly, the administrative motions to seal Palantir's information (ECF Nos. 311, 318, 327) are GRANTED IN PART AND DENIED IN PART.  The following documents and portions of documents SHALL be sealed:

| ECF No. | Document | Portion(s) to seal |
|---|---|---|
| 311-5 Exhibit 2 | Excerpts from February 9, 2022 Videotaped Remote Deposition of Alexander Karp | Tr.11:9, Tr.43:7. |
| 311-6 Exhibit 7 | Excerpts from October 28, 2021 Videotaped Remote Deposition of Kevin Kawasaki | Tr.68:3-4, 7, 10, 13, 23-24 |
| 311-7 Exhibit 10 | Plaintiff Palantir Technologies Inc.'s Responses and Objections to Defendant KT4 Partners LLC's First Set of Interrogatories | p.5, l. 16-21. |
| 311-8 Exhibit 13 | Excerpts from February 4, 2022 Videotaped Remote Deposition of Lauren DeMeuse | Tr.12:5; Tr.27:4-6, 19; Tr.28:9, 12, 25; Tr.29:10-13; Tr.30:11, 18, 24-25; Tr.31:1-3, 5-7; Tr.44:10-11, 16, 24-25; Tr.47:20-21; Tr.48:5; Tr.49:1; Tr.53:11-12, 25; Tr.54:1; Tr.56:20-21 |
| 311-9 Exhibit 14 | Excerpts from December 20, 2021 Videotaped Remote Deposition of Casey Ketterling | Tr.17:22; Tr.19:25; Tr.20:4, 12; Tr.21:5,18; Tr.22:3 |
| 311-12 Exhibit 15 | Excerpts from August 6, 2021 Videotaped Remote Deposition of Lauren DeMeuse | Tr.190:10 |
| 311-14 Exhibit 17 | Excerpts from October 15, 2021 Videotaped Remote Deposition of Shyam Sankar | Tr.23:9-11 |

3

| ECF No. | Document | Portion(s) to seal |
|---|---|---|
| 311-17 Exhibit 31 | Excerpts from February 23, 2022 Videotaped Remote Deposition of Laura Personick | Tr.8:23; Tr.9:5. |
| 311-20 Exhibit 34 | September 22, 2021 Video Deposition Testimony of Alexander Fishman | Tr. 20:3-9; 21:7, 9, 21; 24:11-12, 18, 23 |
| 311-26 Exhibit 45 | Email Communication August 19, 2014 PALANTIR_CA00000926-927 | Portions at PALANTIR_CA_00000926 |
| 317 Exhibit 1 | February 9, 2022 Remote Videotaped Deposition (CA) of Alexander Karp | Highlighted material at Tr.43:7; Tr.57:12-13, 19; Tr.83:23; Tr.84:1-3, 6-7, 20-21; Tr.87:24; Tr. 120:18; Tr. 137:7, 12, 13, 18; Tr.139:14 |
| 317 Exhibit 3 | Email Communication MLA_CA_00003416 | Highlighted material at MLA_CA_00003416 |
| 317 Exhibit 4 | Plaintiff Palantir Technologies Inc.'s Responses and Objections to Defendant's Fourth Set of Interrogatories | Highlighted material at p.4, l.1, 3; p. 9, l.9; p.11, l.6, 9, 15, 16, 19, 21, 22, 24; p.21, l.20-21; p.22 l.6, 15, 24, 28; p.23 l.16, 20, 27; p.24 l.9, 13 |
| 317 Exhibit 8 | Email Communication MLA_CA_00003152 | Highlighted material at MLA_CA_00003152 |
| 317 Exhibit 13 | February 4, 2022 Remote Videotaped Deposition (CA) of Lauren DeMeuse | Highlighted material at Tr.27:4-6, 19; Tr.29:10-13; Tr.30:11; Tr. 31:1-7, 11; Tr.35:3; Tr,36:15-16, 22; Tr.37:19-21; Tr.38:1, 6; Tr.111:18, 25; Tr.112:4-5, 11, 13, 21; 115:6-7, 10-11, 14, 16, 18, 21 |
| 317 Exhibit 14 | December 2, 2021 Remote Videotaped Deposition of Casey Ketterling | Highlighted material at 17:22; Tr.21:5, 18; Tr.22:3 |
| 317 Exhibit 23 | Email Communication MLA_CA_00003009 | Highlighted material at MLA_CA_00003009 |
| 317 Exhibit 24 | August 14, 2020 Remote Videotaped Deposition (DE) of Shyam Sankar | Highlighted material at Tr. 131:8. |
| 317 Exhibit 34 | October 28, 2021 Remote Videotaped Deposition (CA) of Kevin Kawasaki | Highlighted material at Tr. 112:7-15 |
| 317 Exhibit 63 | Palantir's Brief in Opposition to Defendant's Motion for Summary Judgment | Pages 3, 5, 7-9, 13, 23 |
| 327-3 Exhibit 3 | Excerpts from February 9, 2022 Videotaped Remote Deposition of Alexander Karp | Tr. at 11:9; Tr. at 57:12-13; Tr. at 57:19; Tr. at 87:24 |

| ECF No. | Document | Portion(s) to seal |
|---|---|---|
| 327-5 Exhibit 5 | Plaintiff Palantir Technologies Inc.'s Sixth Amended Responses and Objections to Defendant Marc Abramowitz's First Set of Interrogatories | Page 8 at Lines 12, 22, 26, and 27; Page 9 at Lines 3 and 7 |

**No later than 14 days following this Order**, Palantir SHALL file public, redacted versions of the above documents in accordance with this Order.  Palantir SHALL file public, unredacted versions of documents for which it did not seek sealing of any material.  No chambers copies of these documents are required.

## III. MOTION TO FILE UNDER SEAL ABRAMOWITZ'S INFORMATION

One of the four motions concerns whether Abramowitz's information should be filed under seal pursuant to Civil Local Rule 79-5(f).  *See* ECF No. 319.  Abramowitz has filed a responsive statement to Palantir's motion that states that he does not seek to have any of the designated materials remain under seal.  *See* ECF No. 326.  In light of Abramowitz's statement, the motion to seal Abramowitz's designated materials is DENIED.

**No later than 14 days following this Order**, Palantir SHALL file public, unredacted versions of documents containing Abramowitz's designated information that he does not seek to maintain under seal.  No chambers copies of these documents are required.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the parties' sealing motions are GRANTED IN PART AND DENIED IN PART according to the rulings in Sections II and III.  Palantir SHALL file new versions of those documents as outlined in those sections.  Chambers copies of these documents are not required.

Dated: July 15, 2022

_____
BETH LABSON FREEMAN
United States District Judge