JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

BARRY SIMON (*pro hac vice*)
bsimon@wc.com
JOHN M. MCNICHOLS (*pro hac vice*)
jmcnichols@wc.com
JONATHAN B. PITT (*pro hac vice*)
jpitt@wc.com
STEPHEN L. WOHLGEMUTH (*pro hac vice*)
swohlgemuth@wc.com
ANNA K. TSIOSTSIAS (*pro hac vice*)
atsiostsias@wc.com
JIHAD J. KOMIS (*pro hac vice*)
jkomis@wc.com
KATHRYN E. GARZA (*pro hac vice*)
kgarza@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>MARC L. ABRAMOWITZ,<br><br>    Defendant. | Case No.: 5:19-CV-06879-BLF<br><br>**DEFENDANT ABRAMOWITZ'S OPPOSITION TO PLAINTIFF PALANTIR'S ADMINISTRATIVE MOTION TO STRIKE**<br><br>Date:   N/A<br>Time:   N/A<br>Courtroom 3 (5th Floor)<br>Judge:   Honorable Beth Labson Freeman |

In his Reply in Support of his Motion for Summary Judgment, Mr. Abramowitz argued that Palantir's assertion that its CEO, Dr. Alex Karp, had disclosed trade secrets to Abramowitz should be disregarded as an after-the-fact invention because, over the entire course of discovery, Palantir never identified Dr. Karp as one of its disclosing employees.  (Indeed, it did not even identify him as an employee who even *knew* the trade secrets until May 3, 2022, *see* Dkt. 312-7 (Palantir's 6th Am. Resp. First Set of Interrogs. (May 3, 2022) at Response to No. 1)).  To support disregarding Dr. Karp's newfound memory, Abramowitz cited, among other things, Federal Rule of Civil Procedure 37(c)(1), which provides that, as a matter of fair play in discovery, a party's failure to disclose information can forfeit that party's right to use it later as evidence.  *See Hoffman v. Constr. Prot. Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).  Palantir now takes issue with Abramowitz's mention of its discovery failure, arguing (i) that, under Local Rules 7-8 and 37-4, a Rule 37 issue must be separately raised, and thus that Abramowitz's above-noted argument should be stricken; or, alternatively, (ii) that it should have the opportunity to explain why there was no discovery failure (and hence no Rule 37 violation), which explanation it has already filed in the form of a Response to Defendant's Reply in Support of Motion for Summary Judgment.  *See* Dkt. 329-1.  For the reasons stated below, Mr. Abramowitz's request for exclusion is properly before the Court, and in the alternative, should the Court grant Palantir leave, Mr. Abramowitz should be given the chance to respond.

Under Rule 37(c)(1), the Court's authority to impose an exclusion for attempted use of undisclosed information is "self-executing" and "automatic."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37 advisory committee's note (1993)); *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021).  The Rule's self-executing nature is meant to provide a "strong inducement for disclosure of material" that must be disclosed pursuant to Federal Rule of Civil Procedure 26.  *Id.*; *see* Fed. R. Civ. P. 37 advisory committee's note (1993).

While it is true that some courts, citing the Local Rules, have denied requests for Rule 37 sanctions for not being set forth separately, those decisions have typically involved formal requests for "sanctions" in the form of attorney's fees and costs, not mere arguments to disregard evidence.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**          **CASE NO.: 5:19-CV-06879-BLF**

1    *See, e.g.*, *Fee v. California,* No. C 08-1549 RMW (RS), 2009 WL 10736262, at *1 n.1 (N.D. Cal.

2    Mar. 3, 2009); *Wolk v. Green*, No. C06-5025 BZ, 2007 WL 3203050, at *3 (N.D. Cal. Oct. 29, 2007);

3    *In re eBay Seller Antitrust Litig*., No. C 07-1882 JF (RS), 2009 WL 10694970, at *3 (N.D. Cal. July

4    13, 2009).  In sharp contrast, where a party invokes Rule 37 merely as a basis to disregard undisclosed

5    evidence, courts have taken up the request even *without* a separate motion.  *See, e.g., Huddleston v.

6    City & Cnty. of San Francisco*, No. 16-CV-01998-JCS, 2017 WL 6059273, at *9 (N.D. Cal. Dec. 7,

7    2017) (sustaining Rule 37 objections despite failure to file a separate motion); *Hernandez v. Polanco

8    Enter., Inc.*, 19 F.Supp.3d 918, 933–34 & n.10 (N.D. Cal. 2013).  Indeed, this very issue was directly

9    addressed in *Carlson Produce, LLC v. Clapper*, where the court allowed the moving party to raise a

10   Rule 37 argument in a summary judgment reply, holding that it would be "unjust" to allow the non-

11   movant to rely on evidence it did not previously disclose in a last-ditch effort to create a dispute of

12   material fact.  No. 18-CV-07195-VKD, 2021 WL 292031, at *6 (N.D. Cal. Jan. 28, 2021).  That is

13   exactly what Abramowitz is arguing here.

14        Indeed, it is especially appropriate for the Court not to require a separate motion here, given

15   that the timing of the forthcoming summary judgment hearing would have made compliance with

16   the Local Rules impossible.  Under Local Rule 7-2(a), motions must be noticed and served not less

17   than thirty-five days before the hearing date.  *See* Civ. L. R. 7-2(a).  But Palantir's Opposition

18   containing the improper assertions about Dr. Karp was filed on June 30, 2022, just twenty-two days

19   before the July 21 hearing on Abramowitz's Motion.  With his Reply Brief due on July 7th,

20   Abramowitz had the choice of raising his Rule 37 argument in his Reply Brief or not raising it at all.

21   Under those circumstances, the choice was clear.  But should the Court nevertheless find that

22   Abramowitz's Rule 37 argument should have been separately raised, the Court can and should avoid

23   prejudicing Mr. Abramowitz by allowing him to make that separate motion now, denying his present

24   request without prejudice only.  *See Davis v. Pinterest, Inc.*, No. 19-cv-07650-HSG (TSH), 2021 WL

25   3045878, at *5 (N.D. Cal. July 20, 2021).

26        As alternative relief in the event that the Court does not strike Abramowitz's Rule 37

27   argument (as it should not), Palantir seeks leave to file a responsive brief explaining why its reliance

28   on Dr. Karp's declaration is proper under Rule 37.  Palantir's responsive briefing is essentially a sur-

reply, which courts generally view with disfavor, and are "not generally inclined" to permit absent an articulation of good cause why such leave should be granted. *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016). Notably, Palantir's Administrative Motion does not even mention the requisite showing that it is required to make to be granted leave, particularly since the motion could be addressed instead during this week's summary judgment argument.

Nonetheless, should the Court allow Palantir to file its "response," Mr. Abramowitz requests that the Court allow him to respond, as Palantir's attempts to excuse its discovery gamesmanship are meritless. *See* Attachment 1 (Defendant Abramowitz's Reply to Plaintiff's Response to Defendant's Reply in Support of Motion for Summary Judgment).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE          CASE NO.: 5:19-CV-06879-BLF

Dated: July 18, 2022

Respectfully submitted,

/s/ Jack P. DiCanio
Jack P. DiCanio

JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

BARRY SIMON (*pro hac vice*)
bsimon@wc.com
JOHN M. MCNICHOLS (*pro hac vice*)
jmcnichols@wc.com
JONATHAN B. PITT (*pro hac vice*)
jpitt@wc.com
STEPHEN L. WOHLGEMUTH (*pro hac vice*)
swohlgemuth@wc.com
ANNA K. TSIOSTSIAS (*pro hac vice*)
atsiostsias@wc.com
JIHAD J. KOMIS (*pro hac vice*)
jkomis@wc.com
KATHRYN E. GARZA (*pro hac vice*)
kgarza@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for Defendant*

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE                    CASE No.: 5:19-CV-06879-BLF