1  JACK P. DICANIO (SBN 138782)
   jack.dicanio@skadden.com
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue
3  Palo Alto, California 94301
   Telephone: (650) 470-4500
4  Facsimile: (650) 470-4570

5  BARRY SIMON (*pro hac vice*)
   bsimon@wc.com
6  JOHN M. MCNICHOLS (*pro hac vice*)
   jmcnichols@wc.com
7  JONATHAN B. PITT (*pro hac vice*)
   jpitt@wc.com
8  STEPHEN L. WOHLGEMUTH (*pro hac vice*)
   swohlgemuth@wc.com
9  ANNA K. TSIOTSIAS (*pro hac vice*)
   atsiostsias@wc.com
10 JIHAD J. KOMIS (*pro hac vice*)
   jkomis@wc.com
11 KATHRYN E. GARZA (*pro hac vice*)
   kgarza@wc.com
12 WILLIAMS & CONNOLLY LLP
   680 Maine Avenue, S.W.
13 Washington, D.C. 20024
   Telephone: (202) 434-5000
14 Facsimile: (202) 434-5029

15 *Attorneys for Defendant*

16

17                **UNITED STATES DISTRICT COURT**

18              **NORTHERN DISTRICT OF CALIFORNIA**

19                    **SAN JOSE DIVISION**

20 PALANTIR TECHNOLOGIES INC.,          Case No.: 5:19-CV-06879-BLF

21          Plaintiff,                  **DEFENDANT'S MOTION IN LIMINE
                                        NO. 3 TO EXCLUDE REFERENCES
22      v.                             TO GERMAN LITIGATION
                                        BETWEEN PALANTIR AND MR.
23 MARC L. ABRAMOWITZ                   ABRAMOWITZ**

24          Defendant.                  Date: N/A
                                        Time: N/A
25                                      Courtroom 3 (5th Floor)
                                        Judge: Hon. Beth Labson Freeman
26

27

28

## MOTION TO EXCLUDE REFERENCES TO GERMAN LITIGATION BETWEEN PALANTIR AND MR. ABRAMOWITZ

PLEASE TAKE NOTICE that on September 29, 2022, or on such other date as the Court may order, in Courtroom 3 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Beth Labson Freeman, Defendant Marc Abramowitz will and hereby does respectfully move the Court pursuant to Rules 401, 402, 403, and 802 of the Federal Rules of Evidence for an order precluding Plaintiff Palantir from referencing in any way the German litigation between Palantir and Mr. Abramowitz.  This Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: September 29, 2022

*/s/ Jack P. DiCanio*
Jack P. DiCanio

*Attorney for Defendant*

1

**TABLE OF CONTENTS**

2  MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

3  BACKGROUND ....................................................................................................................... 1

4  ARGUMENT .............................................................................................................................. 3

5  I.    The German Litigation is Irrelevant and Unfairly Prejudicial ........................................ 3

6  II.   The German Litigation Is Inadmissible Hearsay ............................................................. 5

7  CONCLUSION ........................................................................................................................... 5

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION IN LIMINE NO. 3                                                          5:19-CV-06879-BLF

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2       To gain traction while this case was paused for the two years that Palantir could not describe

3  its trade secrets with the requisite particularity, Palantir initiated a parallel case in Germany seeking

4  essentially the same relief based on Mr. Abramowitz's German patents.  Two years into that case,

5  Palantir augmented its pleadings to initiate a baseless criminal investigation in Germany of Mr.

6  Abramowitz and two of his undersigned counsel, seeking multi-year sentences of imprisonment.

7       Mr. Abramowitz expects Palantir to attempt to create the misimpression that a German court

8  has already found that (1) Mr. Abramowitz misappropriated certain of the intellectual property at

9  issue and (2) engaged in litigation fraud.  Those assertions are false:  the German litigation is very

10  much ongoing, with a hearing scheduled for next summer, and Palantir's allegations of criminal

11  conduct have no foundation.  In fact, in the context of a § 1782 petition filed by Palantir ostensibly in

12  aid of that German litigation, a federal magistrate judge in the District of Colorado concluded that the

13  allegations of criminal conduct and attempted fraud on the German court were baseless.  But more

14  important for present purposes, Palantir's arguments about happenings in Germany are irrelevant to

15  this dispute, unfairly prejudicial to Mr. Abramowitz, and would only confuse the jury.  For good

16  reason, therefore, a Delaware trial court overseeing yet another litigation between these same parties

17  recently granted a motion in limine that precluded Palantir from referencing the German litigation at

18  trial, the very relief that Abramowitz seeks here.  This Court should do likewise.

19

**BACKGROUND**

20       Palantir  filed  this  lawsuit  in  September  2016,  alleging  that  Mr.  Abramowitz  had

21  misappropriated its trade secrets when, more than a year before, he filed U.S. patent applications

22  allegedly premised on Palantir's proprietary technology.  In 2018, after struggling to identify its trade

23  secrets for nearly two years, Palantir filed a parallel lawsuit in Germany, claiming—on theories

24  essentially identical to those it advanced in this Court—that it was the true owner of certain inventions

25  disclosed in two patent applications that Mr. Abramowitz had filed in Europe at the same time he

26  filed the U.S. ones.  The inventions described in Mr. Abramowitz's U.S. and European patent

27  applications are essentially identical.

28

DEFENDANT'S MOTION IN LIMINE NO. 3                                                    5:19-CV-06879-BLF

1    In both this lawsuit and the German one, Palantir maintains that its executive Shyam Sankar

2    imparted to Mr. Abramowitz the company's purported crown-jewel trade secrets for cybersecurity

3    and cyber insurance technology during a meeting in June 2014.  Mr. Abramowitz has consistently

4    testified since 2017 that he does not remember any such meeting.  When addressing that same issue

5    in Mr. Abramowitz's German briefs—based on, among other things, the implausibility of such a

6    communication given Palantir's own records of the meeting, and Mr. Abramowitz's inability to recall

7    any event as described by Palantir—Mr. Abramowitz's German counsel pleaded a straightforward

8    denial that Mr. Sankar had imparted trade secrets to Mr. Abramowitz as Palantir alleged.

9    The German litigation proceeded in parallel with this one for roughly three years, during

10   which time Mr. Abramowitz's German briefs—which were drafted by German lawyers and submitted

11   in German—went entirely unremarked.  At a hearing in October 2021, however, it became clear

12   that—at the urging of Palantir's German counsel—the German court had read Abramowitz's denials

13   of Palantir's allegations to imply that Mr. Abramowitz had a clear memory of the meeting with Mr.

14   Sankar from seven years earlier, rather than no memory at all.  When Palantir's German counsel

15   observed that Abramowitz did not recall the June 2014 meeting between himself and Mr. Sankar, the

16   German court claimed that a lack of recollection was inconsistent with the briefs German counsel had

17   filed.  The German court then asked German counsel when he had learned about Mr. Abramowitz's

18   lack of memory.  German counsel responded that it had only been in the past few days.  That response

19   was patently false and severely prejudicial to Mr. Abramowitz, as it created the impression that Mr.

20   Abramowitz had lied to his German lawyer about his recollection of underlying events.  The reality

21   is the opposite:  Mr. Abramowitz's U.S. lawyers had actually told German counsel in writing

22   (multiple times) that Mr. Abramowitz had no memory of the meeting with Sankar.  But the German

23   court did not know that, and, based on the misimpression of a conflict between Mr. Abramowitz's

24   German briefs and prior testimony, Palantir and the German court submitted criminal complaints to

25   the Munich Public Prosecutor's Office against Mr. Abramowitz and his counsel.

26   In order for the German court to proceed with a correct understanding of Mr. Abramowitz's

27   assertions, Mr. Abramowitz allowed a German "default judgment" to be entered against him, which

28   permitted him to file a new brief and clarify the issue of his recollection of the June 2014 meeting

2

1    and his basis for denying Palantir's allegations.  The concept of a "default judgment" under German

2    law is significantly different from its U.S. counterpart—in Germany, a default judgment is not final

3    or enforceable and can be objected to.  Mr. Abramowitz's (now former) German lawyer has since

4    cleared up the misimpression he created, and Mr. Abramowitz has objected to the "default judgment."

5    Now that the record before the German court has been corrected, Mr. Abramowitz fully expects that

6    he will prevail in the German civil case.  The German criminal investigation has since closed, a

7    decision that Palantir has appealed.

8                                              **ARGUMENT**

9         Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it

10   would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed.

11   R. Evid. 401.  Evidence that does not pass that standard is inadmissible.  Fed. R. Evid. 402.  Even

12   relevant evidence should be excluded if its probative value is substantially outweighed by the danger

13   of confusing the issues, wasting time, or unfair prejudice.  Fed. R. Evid. 403.  Hearsay is generally

14   not admissible.  Fed. R. Evid. 802.  Because the German litigation is not relevant, unfairly prejudicial,

15   and hearsay, Palantir should be precluded from referencing it.

16   **I.        The German Litigation is Irrelevant and Unfairly Prejudicial**

17        Courts routinely exclude evidence of other lawsuits in situations like this where the trial at

18   hand would devolve into "mini-trials" about other lawsuits.  *See, e.g.*, *Diesel Machinery, Inc. v. B.R.*

19   *Lee Indus., Inc.*, 418 F.3d 820, 834 (8th Cir. 2005) (affirming exclusion of evidence of prior lawsuit

20   to avoid a "trial within a trial").  As one court has put it:

21              [I]f evidence of these numerous prior lawsuits was admitted, Defendants would

22              be compelled to present rebuttal evidence concerning the nature and outcome

23              of those lawsuits.  The case would devolve into a series of mini-trials

24              concerning the relevancy and outcome of these other cases, resulting in an

25              unnecessarily lengthy trial for the parties, the Court, and the jury.

26   *Wilson v. Maricopa County*, 2007 WL 686726, at *13 (D. Ariz. Mar. 2, 2007).  In this vein, the danger

27   of distraction is exacerbated when the parallel proceedings are criminal in nature, and for that reason

28   evidence of such proceedings is almost always excluded from civil trials.  *See, e.g.*, *City of*

1   *Farmington Hills Emps. Ret. Sys. v. Wells Fargo Bank*, 2014 WL 12610207, at \*2 (D. Minn. Apr. 3,

2   2014) ("The parties are precluded from referencing the Securities Exchange Commission

3   investigation and the assertions of a conspiracy or criminal convictions . . . as such testimony does

4   not survive the Court's Rule 403 analysis."); *Schmidt v. Klinman*, 2005 WL 6939158, at \*6 (N.D. Ill.

5   Dec. 2, 2005) ("The probative value of an ongoing criminal investigation is substantially outweighed

6   by danger of unfair prejudice, confusion of the issues and jury confusion."); *Spencer v. McDonald*,

7   705 F. App'x 386, 390 (6th Cir. 2017) (excluding evidence of a criminal investigation because "[e]ven

8   if the investigation were relevant" to the issue in the civil case, it was unduly prejudicial); *Park W.*

9   *Galleries, Inc. v. Glob. Fine Art Registry*, 2010 WL 848689, at \*2 (E.D. Mich. Mar. 8, 2010) ("The

10  prejudice of evidence regarding ongoing . . . governmental investigations substantially outweighs

11  whatever probative value that evidence might yield."); *Crouse v. Allegheny Cnty.*, 2016 WL 6086066,

12  at \*4 (W.D. Pa. Jan. 25, 2016) ("Though the accident, investigation and ultimate criminal charges

13  have a level of relevance, their probative value is far outweighed by the prejudice of such evidence.").

14  The reasons are obvious: the danger of the jury believing that there was some merit to the unproven

15  allegations is high, and the length of time that it would take to explain why the unproven allegations

16  are false would be wasteful and distract from the real issues.

17        Two courts in the United States have already addressed the impact of the German proceedings

18  on domestic litigation.  The U.S. District Court for the District of Colorado rejected outright the claims

19  of litigation fraud in a thorough 37-page opinion: "I conclude there is no basis from which to conclude

20  that the W&C lawyers conspired with Mr. Abramowitz to commit fraud on the German court."  Dkt.

21  No. 328-2 (Order) at 31.  The record before that court, unlike the record before the German court,

22  included former German counsel's *mea culpa*, as well as privileged communications reviewed in

23  camera.  In the Delaware litigation, the court granted Mr. Abramowitz's motion in limine precluding

24  all references to the German litigation at trial.  Dkt. No. 328-3 (Order) at 3.  The Delaware court

25  recognized that "references to what may or may not happen in the German litigation is speculative.

26  The Court does not want to digress in a[] separate and independent criminal case in another

27  jurisdiction that may or may not even have the same burdens of proof, etc."  *Id.*

28

DEFENDANT'S MOTION IN LIMINE NO. 3            5:19-CV-06879-BLF

1    The risk of jury confusion and undue prejudice is particularly acute here, where any mention

2  of the "default judgment" in Germany could lead the jury to wrongly believe that Palantir's German

3  claims have been found to be meritorious.  In fact, litigation of those claims is ongoing and no final

4  judgment has been entered.  As discussed above, the "default judgment" was entered on an

5  uncontested record for what are essentially procedural reasons so that the case could be reopened.

6  Mr. Abramowitz would be prejudiced if he was forced to waste precious trial time educating jurors

7  about the convoluted German proceedings, the meaning of a "default judgment" under German law,

8  and explaining why it has no bearing on the merits of that case (much less this one).

9    Similarly, the German criminal referral was based on a mistaken impression that has since

10  been cleared up and found to be meritless by a federal court.  As the U.S. District Court for the District

11  of Colorado recognized, the factual background of the German criminal proceedings "is convoluted,

12  to say the least," but ultimately baseless.  Dkt. No. 328-2 (Order) at 2, 31–32.  Instead of letting this

13  trial digress into a sideshow about a separate case in a foreign jurisdiction, this Court should follow

14  the Delaware court and preclude Palantir from referring to the German litigation.

15  **II.      The German Litigation Is Inadmissible Hearsay**

16    References to the German litigation would also be inadmissible hearsay.  Allegations in a

17  complaint from another lawsuit "are clearly hearsay and of no probative value." *Century '21' Shows*

18  *v. Owens*, 400 F.2d 603, 609–10 (8th Cir. 1968).  The same is true for court orders, judgments, or

19  findings of fact.  *See Anderson v. Genuine Parts Co., Inc.*, 128 F.3d 1267, 1272 (8th Cir. 1997) ("[A]

20  jury verdict does not constitute evidence."); *Int'l Land Acquisitions, Inc. v. Fausto*, 39 F. App'x 751,

21  756 (3d Cir. 2002) (ruling that a court opinion was inadmissible because it was "an out of court

22  statement offered for the truth of the matter asserted").  Thus, any references to the German

23  allegations, default judgment, or criminal referral would be inadmissible hearsay.

**CONCLUSION**

25    For the foregoing reasons, Mr. Abramowitz respectfully requests an order precluding Palantir

26  from referring to the German litigation in any way.

27

28

5

1   Dated: September 29, 2022          Respectfully submitted,

2                                      */s/ Jack P. DiCanio*
                                       Jack P. DiCanio
3

4                                      JACK P. DICANIO (SBN 138782)
                                       jack.dicanio@skadden.com
5                                      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                       525 University Avenue
6                                      Palo Alto, California 94301
                                       Telephone: (650) 470-4500
7                                      Facsimile: (650) 470-4570

8
                                       BARRY SIMON (*pro hac vice*)
9                                      bsimon@wc.com
                                       JOHN M. MCNICHOLS (*pro hac vice*)
10                                     jmcnichols@wc.com
                                       JONATHAN B. PITT (*pro hac vice*)
11                                     jpitt@wc.com
                                       STEPHEN L. WOHLGEMUTH (*pro hac vice*)
12                                     swohlgemuth@wc.com
                                       ANNA K. TSIOTSIAS (*pro hac vice*)
13                                     atsiotsias@wc.com
                                       JIHAD J. KOMIS (*pro hac vice*)
14                                     jkomis@wc.com
                                       KATHRYN E. GARZA (*pro hac vice*)
15                                     kgarza@wc.com
                                       WILLIAMS & CONNOLLY LLP
16                                     680 Maine Avenue, S.W.
                                       Washington, D.C. 20024
17                                     Telephone: (202) 434-5000
                                       Facsimile: (202) 434-5029
18

19                                     *Attorneys for Defendant*

20

21

22

23

24

25

26

27

28

6