1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 PALANTIR TECHNOLOGIES INC.,

8              Plaintiff,

9     v.

10 MARC L. ABRAMOWITZ,

11             Defendant.

Case No.  19-cv-06879-BLF

**ORDER ON MOTIONS IN LIMINE**

[Re:  ECF No. 356-63, 365, 366]

12

13      In preparation for trial the Court held the Final Pretrial Conference in this case on October

14 13, 2022, during which the Court issued oral rulings on the parties' motions *in limine*.  *See*

15 Motions, ECF Nos. 356-63, 365, 366.  The Court's rulings on the parties' motions *in limine* are set

16 forth as follows.

17 **I.    PLAINTIFF'S MOTIONS IN LIMINE**

18     **A.    Plaintiff's Motion in Limine No. 1 to Exclude Evidence Regarding the i2
          Litigation**

19

20      Palantir seeks to exclude evidence regarding *i2, Inc. et al v. Palantir Technologies, Inc.*,

21 No. 1:10-cv-0085-LO-JFA (E.D. Va.) (the "i2 Litigation"), in which i2 Inc. sued Palantir for,

22 among other things, trade secret misappropriation and breach of contract.  *See* Pl.'s MIL No. 1, at

23 1, ECF No. 361.  Palantir argues that evidence or argument pertaining to the i2 Litigation should

24 be excluded from trial under Federal Rule of Evidence 403 because it is irrelevant and will cause

25 Palantir unfair prejudice.  *Id.* at 1-3.  Palantir contends that the litigation is irrelevant because it

26 has no connection to Abramowitz or Palantir's allegations against Abramowitz.  *Id.* at 2.  Palantir

27 contends that the litigation would unduly prejudice Palantir because the jury may seek to punish

28 Palantir by meriting unsubstantiated allegations against the company and would force Palantir to

United States District Court
Northern District of California

United States District Court
Northern District of California

1    waste trial time rebutting the allegations in the i2 Litigation.  *Id.* at 3.

2           Abramowitz responds that evidence regarding the i2 Litigation is admissible under Rule

3    403. Def.'s Opp'n MIL 1, ECF No. 379.  Abramowitz argues that the i2 Litigation is relevant

4    because it implicates the credibility of Palantir's Chief Operating Officer Shyam Sankar—a

5    "critical witness in this case" who allegedly divulged to Abramowitz Palantir's purported trade

6    secrets concerning "Cyber Technology" during an in-person meeting in June 2014.  *Id.* at 1-4.

7    Abramowitz contends that settlement of the i2 Litigation is probative of bias in Sankar's testimony

8    because Palantir settled the matter on behalf of itself, Sankar, and Sankar's father.  *Id.* at 1-3.

9    Abramowitz further argues that the evidence the of the litigation is probative of Sankar's

10   dishonesty because, at some point after the litigation, Sankar solicited Abramowitz for help getting

11   his father a job without telling Abramowitz about the allegations against his father.  *Id.* at 3.

12   Abramowitz concedes that presenting evidence of the i2 Litigation at trial will prejudice Palantir

13   but that such prejudice is not undue.  *Id.* at 4.  Abramowitz contends that the jury will not draw

14   unfair inferences and Palantir will not have to spend time rebutting the allegations from the

15   i2 Litigation because Sankar has already admitted the facts Abramowitz seeks to present.  *Id.* at 4.

16          The Court has considered the evidence under Federal Rule of Evidence 403.  The Court

17   agrees with Abramowitz that aspects of the i2 Litigation, including Palantir's settlement of the

18   matter on his behalf, are probative of Mr. Sankar's credibility and bias.  The Court finds that, as to

19   Mr. Sankar, evidence about the litigation is unlikely to lead to minitrials, as he has admitted the

20   relevant conduct in deposition.  *See* Def.'s Opp'n MIL 1, Ex. B, ECF No. 378-4.  The Court also

21   finds that any unfair prejudice that could arise from discussion of the i2 Litigation can be

22   mitigated with a limiting instruction.  Weighing these considerations, the Court finds that the

23   relevance of certain aspects of the i2 Litigation to Mr. Sankar's credibility and bias is not

24   substantially outweighed by the danger unfair prejudice, confusing the issues, misleading the jury,

25   undue delay, wasting time, or needlessly presenting cumulative evidence.  *See* Fed. R. Evid. 403.

26   Palantir's motion is therefore DENIED, but the Court will allow a limiting instruction that

27   information concerning the i2 Litigation may be used solely to assess Mr. Sankar's bias or

28   credibility as a witness.

**B.    Plaintiff's Motion in Limine No. 2 to Exclude Evidence Regarding Non-Operative Trade Secret Disclosures**

Palantir seeks to exclude evidence regarding non-operative trade secret disclosures under Federal Rule of Evidence 403.  *See* Pl.'s MIL No. 2, ECF No. 362.  Palantir argues that this evidence is not relevant.  *Id.* at 3-5.  Palantir also argues that its presentation will cause unfair prejudice because it will lead the jury to draw prejudicial inferences about Palantir's reasons for submitting multiple trade secret disclosures and distract the jury from the relevant disclosures.  *Id.* at 4-5.  Abramowitz responds that the non-operative trade secret disclosures are relevant because they are probative of the integrity of Palantir's claims.  Def.'s Opp'n MIL No. 2, at 1, ECF No. 381.  Abramowitz concedes that this evidence is prejudicial to Palantir but contends that any such prejudice is not unfair.  *Id.* at 5.

The Court has considered the evidence under Federal Rule of Evidence 403.  The Court finds that the superseded trade secret disclosures have little to no relevance.  They are documents created for litigation to serve as a gateway to initiating discovery.  *See* Cal. Code Civ. P. § 2019.210; *see also Advanced Modular Sputtering, Inc. v. Superior Ct.*, 132 Cal. App. 4th 826, 833-34 (2005) (describing purposes of trade secret disclosures).  Furthermore, they are not relevant to the credibility of any representation by Palantir that it owned the alleged trade secrets at the time of the alleged misappropriation, as the disclosures were created after any accused conduct.  *See BladeRoom Grp. Ltd. v. Facebook, Inc.*, No. 5:15-CV-01370-EJD, 2018 WL 1569703, at *1 (N.D. Cal. Mar. 30, 2018).  The Court further finds that presentation of the superseded trade secret disclosures will waste time, as they will require extensive explanation as to why and how they were created and why they were later modified, and even with this explanation may confuse the jury.  Weighing these considerations, the Court finds that any probative value of the non-operative trade secret disclosures is substantially outweighed by a danger of confusing the issues, misleading the jury, undue delay, and wasting time.  Palantir's motion is therefore GRANTED.

**C.    Plaintiff's Motion in Limine No. 3 to Exclude Evidence of Palantir's Motive for Filing Lawsuit and Delaware Litigation**

Palantir seeks to preclude Abramowitz from offering evidence regarding *KT4 Partners*

1    *LLC v. Palantir Technologies Inc.*, No. N17C-12-212 EMD CCLD (Del. Sup. Ct.) (the "Delaware

2    Litigation"), a settled case in which Abramowitz sued Palantir.  *See* Pl.'s MIL No. 3, ECF No.

3    363.  Palantir argues that the evidence should be excluded under Federal Rules of Evidence 402

4    and 403.  *See id.* at 1, 3, 5.  Palantir argues that any such evidence is irrelevant, will force Palantir

5    to spend time defending itself against the allegations in the Delaware Litigation, lead to jury

6    confusion, and cause Palantir unfair prejudice.  *Id.* at 3-5.

7            Abramowitz responds that he seeks to present evidence related to the Delaware Litigation

8    to show Palantir's motive for bringing this litigation, to refute Palantir's claim that it acted

9    diligently to protect its intellectual property as required to prevail on a CUTSA claim, and to show

10   witness bias.  *See* Def.'s Opp'n MIL No. 3, at 1, ECF No. 384.  Abramowitz argues that this

11   evidence is relevant because it shows that Palantir declined to protect its purported trade secrets

12   until after Abramowitz initiated the Delaware Litigation.  *Id.* at 3.  According to Abramowitz, this

13   shows that Palantir never believed that the alleged trade secrets Abramowitz allegedly

14   misappropriated were in fact trade secrets.  *Id.*  Abramowitz also argues that the evidence is

15   relevant to show that Palantir's witnesses are biased against him for trying to hold Palantir to

16   account for its alleged misconduct.  *Id.* at 4.  Finally, Abramowitz argues that this evidence will

17   not result in mini-trials or delay because the existence of the Delaware Litigation complaint and

18   the agreement upon which it is based are undisputed.  *Id.* at 5.

19           The Court has considered the evidence under Federal Rules of Evidence 402 and 403.

20   Motive to sue is irrelevant to any issue in this case.  The Court therefore finds that evidence about

21   the Delaware Litigation is inadmissible under Rules 402 and 403 for the purpose of showing

22   Palantir's motive for bringing this litigation.

23           However, the Court finds that evidence concerning the Delaware Litigation is relevant to

24   Abramowitz's contention that Palantir delayed in protecting its trade secrets and to potential

25   witness bias.  The Court further finds that testimony on this matter limited to these relevant topics

26   will not cause delay or unfair prejudice.  Weighing these considerations, the Court finds that the

27   probative value of evidence concerning the Delaware Litigation, as it relates to Palantir's diligence

28   in protecting its trade secrets and potential witness bias, is not substantially outweighed by the

United States District Court
Northern District of California

4

danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Palantir's motion is therefore DENIED, but the Court will limit the presentation of evidence regarding the Delaware Litigation to evidence concerning Palantir's diligence in protecting its trade secrets and potential witness bias. The Court will not permit the parties to present evidence of the Delaware Litigation to show Palantir's motive for bringing this action. The Court will address the admissibility of exhibits related to the Delaware Litigation as they are presented at trial; however, the excessively long list of documents listed in the motion would not appear to serve the interests of efficient use of the jury's time.

### D. Plaintiff's Motion in Limine No. 4 to Exclude Hearsay Statements from Defendant's Patent Counsel

Palantir seeks to exclude email conversations between Abramowitz's patent counsel. *See* Pl.'s MIL No. 4, ECF No. 365. Palantir argues that these communications are hearsay and therefore inadmissible. *Id.* at 5. Def.'s Opp'n MIL No. 4, ECF No. 387. Abramowitz argues that the communications are not hearsay because they are not being offered for the truth for the matter asserted; are being offered to show effect on the listener; and are being offered as prior consistent statements. *Id.* at 2-3. Abramowitz further argues that even if the Court finds that the communications are hearsay, they are admissible under the then-existing-state-of-mind exception. *Id.* at 3.

The Court DEFERS its ruling on Palantir's motion. The Court will assess the admissibility of the email conversations between Abramowitz's patent counsel as they are offered at trial, considering the context in which they are offered. However, to date Abramowitz has not suggested a viable non-hearsay purpose for admitting the emails. The Court will maintain an open mind to admissibility at trial.

### E. Plaintiff's Motion in Limine No. 5 to Exclude Testimony from Undisclosed Witnesses

Palantir seeks to preclude the testimony of David Lawrence under Federal Rule of Civil Procedure 37(c)(1). *See* Pl.'s MIL No. 5, ECF No. 366. Palantir contends that Abramowitz failed to adequately disclose Mr. Lawrence under Federal Rule of Civil Procedure 26(a). *Id.* at 2.

5

1    Palantir asserts that this failure was not substantially justified because Abramowitz has known

2    about Mr. Lawrence purported relevance since the outset of the case.  *Id.* at 4.  Palantir further

3    asserts that it would be harmed if Mr. Lawrence were permitted testify because Abramowitz's

4    failure to disclose him deprived Palantir of the opportunity to seek his deposition and take other

5    relevant discovery.  *Id.* at 4.

6         Abramowitz responds to each of Palantir's arguments.  *See* Def.'s Opp'n MIL No. 5, ECF

7    No. 389.  Abramowitz argues that Mr. Lawrence was adequately disclosed in discovery, as

8    Palantir itself disclosed him in its discovery responses as a person who may have received access

9    to Palantir's trade secrets; Palantir asked about Mr. Lawrence during depositions of Abramowitz

10   and his patent attorneys; and Mr. Lawrences name was listed in produced documents.  *Id.* at 2-3.

11   Abramowitz also argues that any late disclosure was harmless because Palantir knew about Mr.

12   Lawrence.  *Id.* at 4.

13        The Court finds that Abramowitz did not adequately disclose Mr. Lawrence to satisfy its

14   Rule 26 obligations and that Palantir would be harmed if Mr. Lawrence were permitted to testify

15   without recourse to other remedial measures.  In the event of a party's failure to adequately

16   disclose a witness, the Court may to impose appropriate sanctions.  Fed. R. Civ. P. 37(c)(1).  Here,

17   the Court finds that the proper remedy is to give Palantir an opportunity depose Mr. Lawrence to

18   cure the harm of his late disclosure.  Palantir's motion to exclude Mr. Lawrence's testimony is

19   therefore DENIED, but Abramowitz must make Mr. Lawrence available for deposition before

20   trial.

21

22   **II.   DEFENDANT'S MOTIONS IN LIMINE**

23        **A.   Defendant's Motion in Limine No. 1 to Exclude Evidence and Argument About
             Reasonable Royalty from the Jury**

24        Abramowitz seeks to exclude evidence and argument about reasonable royalty from the

25   jury.  *See* Def.'s MIL No. 1, ECF No. 356.   Abramowitz argues that such evidence is irrelevant

26   and therefore inadmissible to the jury because the plain language of CUTSA reserves for the court

27   the award of a reasonable royalty.  *Id.*  Palantir responds that because the action is in federal court,

28   the Seventh Amendment controls whether reasonable royalty is decided by the jury.  *See* Pl.'s

United States District Court
Northern District of California

1  Opp'n MIL No. 1, ECF No. 383.  Palantir contends that the Seventh Amendment guarantees trade

2  secret litigants in federal court the opportunity to present reasonable royalty to a jury.  *Id.* at 2.

3       The Court agrees with Palantir that the Seventh Amendment guarantees trade secret

4  litigants in federal court the right to present reasonable royalty to a jury.  Under a plain-text

5  reading of CUTSA, the award of a "reasonable royalty" is determined by the court, not the jury.

6  *See* Cal. Civ. Code § 3426.3(b).  But in federal court, state prohibitions on jury trials are irrelevant

7  because federal law and the Seventh Amendment control.  *See Simler v. Conner*, 372 U.S. 221,

8  222 (1963) ("[T]he right to a jury trial in the federal courts is to be determined as a matter of

9  federal law in diversity as well as other actions.").  To determine whether the Seventh Amendment

10  preserves the right to a jury trial on a given action, a court first compares the action to those 18th-

11  century actions brought in the courts of England prior to the merger of the courts of law and equity

12  and then examines the remedy sought to determine whether it is legal or equitable in nature.

13  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41-42 (1989).

14       As to the first step, the Court finds that a CUTSA trade secret action is most analogous to

15  an action that would have been brought at common law.  The Court is persuaded by the historical

16  review in *De Lage Landen Operational Services, LLC v. Third Pillar Systems, LLC*, which

17  identified the earliest recorded trade secret action in the United States or England as occurring in

18  1817.  No. CIV.A. 09-2439, 2011 WL 1627899, at *3 (E.D. Pa. Apr. 28, 2011) (identifying

19  *Newberry v. James*, 35 Eng. Rep. 1011 (Ch. 1817)).  The Court therefore looks to analogous

20  actions to determine whether they would have been brought before a court of law or equity in

21  1791.

22       The Court finds persuasive the Federal Circuit's conclusion that "[f]or Seventh

23  Amendment purposes, claims for patent, copyright, or trademark infringement are appropriate

24  analogues of the trade secret claim here."  *Texas Advanced Optoelectronic Sols., Inc. v. Renesas*

25  *Elecs. Am., Inc.*, 895 F.3d 1304, 1325 (Fed. Cir. 2018).  Patent infringement actions were tried at

26  law in the 18th century.  *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 377 (1996) as

27  were copyright actions for damages, *see Feltner v. Columbia Pictures Television, Inc.*, 523 U.S.

28  340, 351 (1998).  Accordingly, the Court finds that the first step of the Seventh Amendment

United States District Court
Northern District of California

1    analysis suggests a trade secret claim should be presented to a jury.  The Court notes, however,

2    that the issue here is whether a party has a right to a decision by a jury on a particular remedy for

3    trade secret misappropriation.  As remedy is the focus of the second step of the analysis, the Court

4    turns to that step noting that it carries additional weight.

5            At the second step of the Seventh Amendment analysis, a court examines the remedy

6    sought to determine whether it is legal or equitable in nature.  *Granfinanciera*, 492 U.S. at 41-42.

7    This stage of this analysis is more important than the first.  *Id.*  The Court agrees with the Federal

8    Circuit, which has explained that reasonable royalty is "not restitutional in nature," but "simply

9    money damages awarded in an action at law."  *Injection Rsch. Specialists, Inc. v. Polaris Indus.,*

10   *L.P.*, No. 97-1516, 1998 WL 536585, at *15 (Fed. Cir. 1998).  The Supreme Court has

11   "recognized the 'general rule' that monetary relief is legal." *Feltner*, 523 U.S. 340 at 352.  The

12   Court therefore finds that the second step of the analysis further weighs in favor of finding that a

13   party has a right to have a jury decide reasonable royalty.  Accordingly, the Court finds that the

14   Seventh Amendment guarantees federal litigants the right to a jury determination of reasonable

15   royalties under the CUTSA.  The Court's conclusion is consistent with the Court's holding in *De*

16   *Lage*, 2011 WL 1627899, a CUTSA case arising in the Eastern District of Pennsylvania that

17   confronted same issue.  Abramowitz's motion is therefore DENIED.

18           The Court notes that at oral argument on this matter Abramowitz raised an argument not

19   raised in its briefing.  Under CUTSA the award of reasonable royalty is available only if neither

20   damages nor unjust enrichment are provable.  *Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619,

21   623 (9th Cir. 1999).  According to Abramowitz, evidence supporting reasonable royalty therefore

22   may never become relevant if damages or unjust enrichment are provable.

23           As the Court explained at the oral argument, it is sympathetic to Abramowitz's concern

24   that evidence related to reasonable royalty may never become relevant.  The Court is also

25   concerned that the presentation of such evidence may be confusing to the jury or may result in the

26   jury mistakenly awarding a reasonable royalty when damages or unjust enrichment are provable.

27   The Court is therefore inclined to allow the presentation of evidence concerning reasonable

28   royalty at trial only if the jury finds that neither damages nor unjust enrichment are provable.  The

United States District Court
Northern District of California

8

Court is further inclined to require that the parties announce the time they are reserving for this issue before the trial.  The parties should be prepared to discuss this proposal and their proposed time allotments at the scheduling conference set for November 18, 2022.

**B.**    **Defendant's Motion in Limine No. 2 to Exclude Evidence and Argument About Damages from Breach of Contract**

In its briefing, Abramowitz moved to preclude Palantir "from introducing at trial any evidence or argument related to damages for its contract claim."  Def.'s MIL No. 2, at 1, ECF No. 357.  Abramowitz argued that Palantir failed to comply with its obligations under Federal Rule of Civil Procedure 26(a)(1)(iii) to produce computations of each category of damages claimed and make available the evidentiary material on which the computations are based.  *Id.*  In response Palantir identified the damages theory it disclosed in its initial disclosures and throughout the litigation and noted that it disclosed bills in support of that theory.  Pl.'s Opp'n MIL No. 2, at 3-4, ECF No. 385.

During oral argument Abramowitz did not dispute that Palantir had adequately disclosed a damages theory for its breach of contract claim.  Abramowitz instead modified its request by asking that the Court exclude other theories that Palantir identified in its initial disclosures but, according to Abramowitz, did not adequately disclose in its interrogatory responses or expert discovery.  *Id.*

The Court finds that Palantir adequately disclosed the contract damages theory it identified in its briefing.  This is sufficient to deny Abramowitz's overbroad motion requesting that Palantir be precluded from offering "any evidence or argument related to damages for its contract claim."  The Court declines to consider Abramowitz's alternative request—raised for the first time at oral argument—that Palantir be excluded from presenting evidence or argument on other contract damages theories, as this issue was not briefed and Palantir did not have an adequate opportunity to respond.  *See, e.g., Makaeff v. Trump Univ., LLC,* 2014 WL 2743244, at *4 n.2 (S.D. Cal. June 17, 2014) ("the Court need not consider issues raised for the first time during oral argument").  Accordingly, Abramowitz's motion is DENIED.

9

### C.   Defendant's Motion in Limine No. 3 to Exclude References to German Litigation Between Palantir and Mr. Abramowitz

Abramowitz requests that the Court preclude Palantir from referencing the German litigation between Palantir and Abramowitz ("German Litigation") "in any way."  Def.'s MIL No. 3, ECF No. 358.  Abramowitz contends that any reference to the German Litigation would be irrelevant and unfairly prejudicial and therefore should be excluded under Federal Rules of Evidence 402 and 403. *Id.* at 3-5.  Abramowitz also contends that any references to the German litigation are inadmissible hearsay.  *Id.* at 5.  Palantir argues that Abramowitz's motion is overbroad and that the Court should consider objections to specific evidence on an item-by-item basis.  Pl.'s Opp'n MIL No. 3, at 1, ECF No. 386.  Palantir also identifies certain aspects of the German Litigation that it argues are admissible. *Id.*  For example, Palantir notes that the German Litigation concerns the same subject matter and parties as the present litigation, and therefore Abramowitz's statements in the German Litigation may contain relevant party admissions.  *Id.* at 3.  Palantir also argues that the existence of a German criminal investigation arising from Abramowitz's submissions in the German Litigation is relevant to Abramowitz's credibility, as it may cause him to tailor his testimony to avoid prosecution.  *Id.* at 4-5.

The Court finds that Abramowitz's motion is overbroad.  For example, to the extent Abramowitz has made statements in the German Litigation, those statements would likely be admissible if offered by Palantir as opposing party's statements. Fed. R. Evid. 801(d)(2). Accordingly, Abramowitz's motion is DENIED.  The Court will consider the admissibility of evidence related to the German Litigation as it is offered at trial.

The Court notes, however, that it will exclude any mention of the German criminal proceedings.  The criminal proceedings remain ongoing, and the jury likely will have little understanding of the German criminal system.  Reference to the existence of the German criminal proceedings may unfairly prejudice Abramowitz by causing the jury to improperly infer that Abramowitz has committed the wrongdoing alleged in the present litigation.  *See United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) ("unfair prejudice means 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules)).  While the Court agrees with Palantir that certain aspects of the German criminal case may be probative of Abramowitz's

Northern District of California

1    credibility, the Court finds that this probative value is substantially outweighed by the danger of

2    unfair prejudice.  *See* Fed. R. Evid. 403.

3        **D.    Defendant's Motion in Limine No. 4 to Exclude Evidence and Argument About**
         **Mr. Abramowitz's Wealth from the Jury**

4

5        Abramowitz seeks to preclude Palantir from offering evidence regarding his wealth under

6    Federal Rules of Evidence 401, 402, and 403.  Def.'s MIL No. 4, ECF No. 359.  Abramowitz first

7    contends that any such evidence is irrelevant to the issues in the case and its admission would

8    unfairly prejudice him.  *Id.* at 1-2.  Abramowitz then concedes that wealth may be relevant to

9    assessing punitive damages but argues that such evidence should be presented to the Court in a

10   subsequent proceeding only if the jury finds that he acted willfully and maliciously.  *Id.* at 2.

11       Palantir argues that evidence of Abramowitz's wealth should not be excluded for three

12   reasons: (1) it is probative of Abramowitz's ability to commercialize the alleged trade secrets and

13   therefore pay a reasonable royalty to license the alleged trade secrets; (2) it is relevant to punitive

14   damages, which must be presented to a jury under the Seventh Amendment; and (3) Abramowitz's

15   ownership interest in Palantir is probative of whether Palantir adequately protected its trade secrets

16   when it shared them with Abramowitz.  Pl.'s Opp'n MIL No. 4, at 1, ECF No. 388.

17       The Court finds that evidence of Abramowitz's wealth is admissible because it is relevant

18   to and highly probative of the reasonable royalty analysis, circumstances under which Palantir

19   entrusted Abramowitz with its confidential information, and exemplary damages. Admission of

20   this evidence does not create a danger of unfair prejudice, confusing the issues, misleading the

21   jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  *See* Fed. R. Evid.

22   403.

23       In regard to punitive damages, under CUTSA, "[i]f willful and malicious misappropriation

24   exists, the court may award exemplary damages in an amount not exceeding twice any award

25   made under [certain other provisions]."  Cal. Civ. Code § 3426.3.  Although the statute reserves

26   for "the court" the option of awarding exemplary damages, courts have repeatedly held that the

27   Seventh Amendment guarantees litigants in federal court the right to a jury determination of

28   exemplary damages.  *See Trandes Corp., v. Guy F. Atkinson Co.*, 996 F.2d 655, 666 (4th Cir. 1992)

United States District Court
Northern District of California

11

1    (affirming district court's submission of punitive damages to jury, even though state's trade secrets

2    statute reserved punitive damages award for the court); *see also Cap. Sols., LLC v. Konica Minolta*

3    *Bus. Sols. U.S.A., Inc.*, 695 F. Supp. 2d 1149, 1154 (D. Kan. 2010) ("[A]n award of punitive damages,

4    including the amount of the award, has traditionally been a task for the jury; thus, under the required

5    Seventh Amendment historical analysis, the right to a jury attaches not only to the issue of a plaintiff's

6    entitlement to punitive damages, but also to the amount of such damages.")  The Court therefore finds

7    that evidence of Abramowitz's wealth is admissible and should be presented to the jury.  And as for

8    the issue of whether proof of punitive damages should be separately presented to the jury after liability

9    is established, the parties expressly agreed that "bifurcation or separate trials of specific issues is

10   neither feasible nor desired."  Joint Pre-Trial Statement 18, ECF No. 364.  Accordingly, Mr.

11   Abramowitz's motion is DENIED.

12       **E.    Defendant's Motion in Limine No. 5 to Exclude Palantir's Second Amended**
                 **Trade Secret Disclosure**

13            Abramowitz moves to exclude the admission of Palantir's Second Amended Trade Secret

14   Disclosure (the "Disclosure") under Rules 403, 703, and 802 of the Federal Rules of Evidence.

15   Def.'s MIL No. 5, ECF No. 360.  Abramowitz argues that the Disclosure is inadmissible hearsay,

16   is unfairly prejudicial, and creates a risk of jury confusion about what information Abramowitz

17   had at the time of the alleged trade secret misappropriation.  *Id.* at 2-3.  Palantir does not oppose

18   Abramowitz's motion, so long as the Court excludes the admission of earlier iterations of the trade

19   secret disclosures as Palantir requested in its Motion in Limine No. 2.  *See* Pl.'s Opp'n MIL No. 5,

20   ECF No. 390.

21            The Court's analysis regarding the non-operative trade secret disclosures, discussed above

22   in reference to Plaintiff's Motion in Limine No. 2, applies with equal force to the Disclosure.  And

23   having excluded the superseded disclosure, Palantir does not object.  The Disclosure is therefore

24   inadmissible.  Abramowitz's motion GRANTED.

25   //

26   //

27   //

28

United States District Court
Northern District of California

**III.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

- Plaintiff's Motion in Limine No. 1 is DENIED.

- Plaintiff's Motion in Limine No. 2 is GRANTED.

- Plaintiff's Motion in Limine No. 3 is DENIED.

- Plaintiff's Motion in Limine No. 4 is DEFERRED.

- Plaintiff's Motion in Limine No. 5 is DENIED.

- Defendant's Motion in Limine No. 1 is DENIED.

- Defendant's Motion in Limine No. 2 is DENIED.

- Defendant's Motion in Limine No. 3 is DENIED.

- Defendant's Motion in Limine No. 4 is DENIED.

- Defendant's Motion in Limine No. 5 is GRANTED.

Dated:  November 7, 2022

BETH LABSON FREEMAN
United States District Judge